IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) Linh Tran Stephens, sui juris, natural living breathing woman with a living soul,<br>　　　　　　*Plaintiff,*<br>Vs.<br>(2) CHILD SUPPORT SERVICES OF OKLAHOMA DEPARTMENT OF HUMAN SERVICES (CSS of OKDHS), *and* (3) CHARLES SCHWAB AND CO., INC., (4) Cierra Freeman, in individual capacity and official capacity as court-appointed attorney for child-support enforcement, (5) Mary Johnmeyer, in individual capacity and in official capacity as legal counsel of Charles Schwab, (6) Renee Banks, in individual capacity and official capacity as CSS Director, (7) Jason Hoenshell, in individual capacity and in official capacity as Oklahoma FIDM Coordinator, (8) Emmalene Stringer, in individual capacity and in official capacity as State's attorney for CSS, (9) DOES #1-10 known but unidentified CSS employees, (10) DOES #11-20 known but unidentified Charles Schwab and Co., Inc., employees<br>　　　　　　*Defendants.* | Case No.: **24-CV-216-JDR-CDL**<br><br>Judge: John D. Russell, as plaintiff objected to magistrates or any other alternatives from article iii constitutional judges in her original complaint<br><br><u>EXPEDITED HEARING REQUESTED</u><br><u>**TRIAL BY JURY DEMANDED**</u> |

## RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE CRIMINAL COMPLAINT

### Affidavit of Truth

State: Oklahoma )
　　　　　　　　 )
County: Tulsa 　 )

*Notice to Agent is Notice to Principal, Notice to Principal is Notice to Agent, Notice applies to all successors and assigns; Affidavit is a Form of Evidence; Unrebutted Affidavit Stands as Truth in Commerce; Silence is Tacit Acquiescence/Agreement/Dishonor*

## TABLE OF CONTENTS

**Affidavit of Truth**..................................................................................................... 1

**I. INTRODUCTION**............................................................................................... 5

**II. LEGAL ARGUMENT**....................................................................................... 6

**A.** Plaintiff Expressly Reserved the Right to Amend in the Original Complaint........................................................................................................... 6

**B.** The Criminal Complaint Is **NOT** An Amended Pleading Requiring Leave Of Court... 6

**C.** The Criminal Complaint Is **NOT** A Supplemental Brief Requiring Leave Of Court.... 7

**D.** Protection of ERISA Retirement Funds Serves A Vital Public Interest...................... 8

**E.** The Court Has Independent Authority To Refer Criminal Matters To Appropriate Authorities............................................................................................................. 9

**F.** The Criminal Complaint Is Relevant To The Pending RICO Claims……................. 11

**G.** Sui Juris Pleadings Must Be Liberally Construed........................................................ 11

**H.** The Court Has Discretion To Consider The Criminal Complaint………………..... 12

**III. CONCLUSION**................................................................................................ 12

**Avouchment / Verification**.................................................................................. 13

**Notary as JURAT CERTIFICATE**.................................................................... 14

**CERTIFICATE OF SERVICE**........................................................................... 15

i, Affiant, named linh-tran: stephens (also known as "Linh Tran Stephens", "Plaintiff", "Mother", or "Linh" herein), one of the sovereign People (as seen in Oklahoma Constitution Article 2 Section 1) republican in form, **Sui Juris**–i am <u>not</u> the en legis, legal fiction, trust, corporation, sole proprietor "LINH TRAN STEPHENS®", a "pro se", a "person", a "public servant", a "government employee", a "U.S. citizen", a "pauper", an "indigent", a "slave", a "minor", nor a "ward of the State", but i am a stateless private individual, a sentient and moral living breathing woman with a living soul and the Holy Spirit of YAHUAH--do properly service to all opposing parties this affidavit, in this court of Public Record, to submit this *Response in Opposition to Defendants Charles Schwab and Co., Inc., and Mary Johnmeyer's Motion to Strike Criminal Complaint* and shows the Court as follows: In support of it, this **Sui Juris** states: i, the flesh and blood woman known as linh-tran: stephens, the <u>one-and-only</u> Authorized Representative and Beneficiary for LEGAL ENTITY LINH T. STEPHENS® a/k/a LINH TRAN STEPHENS®, was born in 1984 and educated to postgraduate education of medical school, being of sound mind and legal age, living upon the land, in care of 11063 S Memorial Dr Ste D #235, Tulsa, Oklahoma without USDC, ZIP exempt, near [74008]; affiant makes this Affidavit of Truth of my own free will, and i hereby affirm, declare and swear, under oath and under the pains and penalty of perjury and under the laws of the united states of America and of this state, do hereby attest that the statements, averments and information contained in this Affidavit are true and correct to the best of my knowledge and belief, as i have first-hand knowledge of the facts contained herein: WHEREAS i and my biological property female offspring G.L.Stephens have good-standing citizenship in the Socialist Republic of Vietnam while maintaining legal residency in the

United States**,** WHEREAS i have clean hands, good faith, fair business practices with full disclosures, zero debt to the government/state agencies, and have done no harm to others, and demand the same from everyone towards me and my entities, WHEREAS i have NEVER performed in commerce nor consented to any alleged contracts nor consent to any proceedings against me, and i have objected to all implied contracts, including ones without full disclosures or ones obtained by frauds-upon-the-court by B.A.R. CARD attorneys/judges/DHS CPS/DHS CSS, WHEREAS i have revoked all types of full/general power of attorneys or financial power of attorneys since 2016, the year of finalized divorce with Adam Sylvester Stephens SR in republic state of Oregon, and have given full/generalized POA ("power of attorney") only to myself exclusively–the living woman linh-tran: stephens, WHEREAS since my January 2016 finalized divorce-custody-child-support agreement/decree/court-order in the state of Oregon, county of Columbia, i have NEVER waived any of my rights (the right to indictment by a grand jury of their peers, specifically a jury reflecting their second-generation Vietnamese American heritage; the right not to be charged solely by information, but with proper grand jury proceedings; the full spectrum of constitutional rights as afforded to all individuals within the United States; fundamental parental rights, encompassing custody, care, and association with their child; the right to equal protection under the law, free from discrimination based on national origin or any other protected status; the right to due process of law, including fair hearings, proper notice, and an opportunity to be heard; the right to confront and cross-examine accusers in a court of law; the right to be free from unwarranted governmental overreach and interference in their personal life; the right to the security of their property, including both biological property (their

child) and financial assets such as 401(k) and IRA accounts) nor agreed to any stipulations ever, and anyone saying otherwise is a fraud and a criminal committing frauds-upon-the-court and R.I.C.O. (Racketeer Influenced and Corrupt Organizations Act), WHEREAS i have proof of these claims, and evidence is available upon request, with some accessible online: **https://tinyurl.com/4cdv5u56** ; WHEREAS i have given this Notice of Claim of all investment, commodity and trust deposit accounts and contracts with attached collateral and proceeds to secure collateral, along with claim of TRADENAME/TRADEMARK, COPYRIGHT/PATENT of the Name LINH TRAN STEPHENS®, my mind, body, soul of infants, spirit, and Live Borne Record, as a member of One Heaven, and reject and <u>rebuke</u> all assumptions and presumption of being Property of any Cestui Que Vie Trust/estates mentioned under CANON 2055-2056, and assignment of all debt obligation to the Office of Secretary of the Treasury (31 USC 3123) and Discharge any alleged debt matter (UCC 3-601), WHEREAS i deny any and all allegations against me in past, present, and future, WHEREAS i demand written <u>strict</u> proof thereof attached to affidavits of two reliable, non-greedy-and-without-financial-gain witnesses notarized in front of a public notary ("proof" is NOT from hearsays nor from unreliable witnesses e.g. those who are not injured parties, not first hand witnesses, and are financially incentivized to lie), and the following:

**I. INTRODUCTION**

The Criminal Complaint filed by Plaintiff [Doc. No. 50] serves a distinct and legitimate purpose separate from the civil proceedings already initiated in this case, specifically to provide formal notice of alleged criminal violations, including but not limited to 18 U.S.C.

§ 664 (theft or embezzlement from employee benefit plan), 18 U.S.C. § 1341 (mail fraud), and 18 U.S.C. § 1343 (wire fraud), which form the predicate acts underlying Plaintiff's civil RICO claims under 18 U.S.C. § 1961 et seq. Defendants' Motion to Strike [Doc. No. 52] mischaracterizes both the nature and purpose of the Criminal Complaint filing. The Criminal Complaint is not an attempt to amend the civil Complaint [Doc No. 2], nor is it a supplemental brief related to Defendants' Motion to Dismiss [Doc No. 20].

## II. LEGAL ARGUMENT

**A. Plaintiff Expressly Reserved the Right to Amend in the Original Complaint**

In Plaintiff's Original Verified Complaint [Doc. No. 2], Plaintiff explicitly reserved the right to amend the petition at any time without requiring additional permission from the Court or opposing parties. The Verified Complaint states on page 16, Section VI: "Plaintiff reserves her right to amend this Verified Complaint any time during the lawsuit."

This reservation of rights is binding on all parties to this action and constitutes a form of advance consent to future amendments or supplementations. The Supreme Court has established in *Estelle v. Gamble*, **429 U.S. 97, 106 (1976),** that sui juris or pro se complaints should be "liberally construed," which extends to reservations of rights contained within those complaints.

<u>Even if the Court were to construe the Criminal Complaint as an amendment to the original Complaint—which Plaintiff maintains it is NOT</u>—this express reservation in the original filing provides sufficient basis for the Court to accept the Criminal Complaint as part of the record in this case for public interest.

**B. The Criminal Complaint Is <u>NOT</u> An Amended Pleading Requiring Leave Of Court**:

Defendants incorrectly characterize Plaintiff's *Criminal Complaint* [Doc. No. 50] as an attempted amendment to the original civil Complaint [Doc No. 2]. The *Criminal Complaint* does not seek to modify the civil causes of action already before this Court. Rather, it constitutes a good-faith effort by Plaintiff to provide formal notice to the Court of alleged criminal violations, including but not limited to **18 U.S.C. § 664** (theft or embezzlement from employee benefit plan), **18 U.S.C. § 1341** (mail fraud), and **18 U.S.C. § 1343** (wire fraud), which form the predicate acts underlying Plaintiff's civil RICO claims under **18 U.S.C. § 1961 et seq.**

As clearly stated in the original Verified Complaint [Doc. No. 2], Plaintiff asserted multiple claims including "CLAIM #4: R.I.C.O. CONSPIRACY, Conspiracy Against Rights (18 U.S.C. §241)" on page 1 and all the other U.S.C. violations mentioned above also. The *Criminal Complaint* merely provides additional documentation supporting this claim that was already presented in the original filing. Federal courts have recognized the obligation of all parties to report suspected criminal activity to appropriate authorities including officers of the courts and defendants. The Supreme Court has long acknowledged that "reporting suspected criminal activity to law enforcement officials furthers important societal interests." *Theofel v. Farey-Jones*, **359 F.3d 1066, 1072 (9th Cir. 2004)**.

**C. The Criminal Complaint Is <u>NOT</u> A Supplemental Brief Requiring Leave Of Court**

Contrary to Defendants' assertion, the *Criminal Complaint* is not a supplemental brief filed in connection with Defendants' *Motion to Dismiss*. The *Criminal Complaint* does not address arguments raised in the *Motion to Dismiss*, nor does it present additional legal arguments regarding the sufficiency of Plaintiff's pleadings. Instead, it serves as a

<u>formal record of alleged criminal conduct that may warrant investigation by appropriate authorities</u>.

**D. Protection of ERISA Retirement Funds Serves A Vital Public Interest**

The alleged criminal conduct in this case involves potential violations of federal law concerning ERISA-protected retirement funds, which Congress has specifically identified as deserving special protection:

a) The Supreme Court has recognized "Congress' desire to offer employees enhanced protection for their benefits." *Varity Corp. v. Howe*, **516 U.S. 489, 497 (1996)**.

b) The Supreme Court in *Guidry v. Sheet Metal Workers Nat'l Pension Fund*, 493 U.S. 365, 376 (1990) emphasized that the anti-alienation provision of ERISA, 29 U.S.C. § 1056(d)(1) represents a "congressional policy choice" to safeguard retirement benefits for retirees. This policy choice is not relevant to the current case since I was 40 years old at the time of the Defendants' actions and was not retired; I am not retired now and will not be retiring in the foreseeable future. Furthermore, my current husband, from a subsequent marriage, is not responsible for the alleged child support debt for someone else' child; he is six years younger than me and did not consent to the garnishment of our marital assets and he was not retired and will not be retiring in the foreseeable future.

c) The Tenth Circuit has noted that ERISA was enacted "to protect the interests of participants in employee benefit plans by establishing standards of conduct for fiduciaries." *Millsap v. McDonnell Douglas Corp.*, **368 F.3d 1246, 1250 (10th Cir. 2004)**.

d) federal employment rights and protections under *Loper Bright Enterprises v.*

*Raimondo*, which may affect agency overreach in federal jurisdictions.

e) There is a significant claim that the Criminal Complaint pertains independently to ongoing civil suits and serves the public interest. **Legal Precedent**: *United States v. Mendoza*, emphasizing the court's duty to report criminal violations. **Public Interest Argument**: violations of ERISA specifically warrant judicial scrutiny due to their implications for public protections.

The *Criminal Complaint* serves an essential public interest by bringing to the Court's attention potential violations of federal criminal law that may warrant referral to appropriate authorities for investigation and prosecution. <u>Striking this filing would impede the Court's ability to exercise its inherent authority to address conduct that undermines the integrity of the judicial process and potentially violates federal law designed to protect retirement funds</u>.

**E. The Court Has Independent Authority To Refer Criminal Matters To Appropriate Authorities**

This Court possesses inherent authority to refer potential criminal violations identified during civil proceedings to the <u>U.S. Attorney's Office</u> or other appropriate authorities. The *Criminal Complaint* provides information that may assist the Court in exercising this authority.

Federal judges have both the authority and, in some instances, the <u>duty to report suspected criminal activity that comes to their attention during judicial proceedings</u>. This authority stems from several sources:

a) **28 U.S.C. § 591(c)** authorizes a federal judge who possesses information that an

---

individual covered by the statute may have violated federal criminal law to provide such information to the Attorney General.

b) **18 U.S.C. § 3057** specifically requires judges to report to the appropriate U.S. Attorney when they have reasonable grounds to believe that a bankruptcy crime has been committed. While this statute addresses bankruptcy specifically, it demonstrates Congress's recognition of a judge's role in reporting suspected criminal activity discovered during judicial proceedings.

c) **The Code of Conduct for United States Judges, Canon 3(B)(6)** states that "A judge should take appropriate action upon receiving information indicating a substantial likelihood that a lawyer has committed a violation of applicable rules of professional conduct."

Courts have consistently recognized their authority to refer matters for criminal investigation:

a) In **United States v. Mendoza**, 565 F.3d 1284, 1288 (10th Cir. 2009), the Tenth Circuit noted that "district courts have the power to refer matters to the U.S. Attorney's office for investigation and prosecution."

b) In **United States v. Haldeman**, 559 F.2d 31, 142 n.297 (D.C. Cir. 1976), the court observed that "[t]he authority of a federal judge to refer matters to a grand jury or the United States Attorney is necessarily incident to the exercise of judicial power."

c) In **Chambers v. NASCO, Inc.**, 501 U.S. 32, 44 (1991), the Supreme Court recognized the inherent power of federal courts to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases," which includes the authority

to address potential criminal conduct affecting the administration of justice.

### F. The Criminal Complaint Is Relevant To The Pending RICO Claims

Plaintiff's original Complaint includes claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq. The Criminal Complaint details predicate acts relevant to these RICO claims, including alleged violations of 18 U.S.C. § 664 (theft or embezzlement from employee benefit plan), 18 U.S.C. § 1341 (mail fraud), and 18 U.S.C. § 1343 (wire fraud).

The Fifth Circuit has recognized that "direct evidence of a conspiracy is unnecessary; each element may be inferred from circumstantial evidence." *U.S. v. Casilla*, **20 F.3d 600, 603 (5th Cir. 1994)**. The Criminal Complaint provides context and evidence of the alleged conspiracy that forms the basis of Plaintiff's RICO claims.

### G. Sui Juris Pleadings Must Be Liberally Construed

As a Sui Juris litigant, Plaintiff's filings should be liberally construed by the Court. The Supreme Court has held that documents filed by sui juris litigants must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* **551 U.S. 89, 94 (2007)** (quoting *Estelle v. Gamble*, **429 U.S. 97, 106 (1976)**).

In this context, the Criminal Complaint should be recognized as Plaintiff's good-faith attempt to provide formal notice to the Court of the alleged criminal conduct that underlies her civil claims. Striking this document would impede Plaintiff's ability to fully present her case and create a complete record of the alleged wrongdoing.

**H. The Court Has Discretion To Consider The Criminal Complaint**

Federal courts have broad discretion in managing their dockets and determining what filings to consider. The Tenth Circuit has recognized that "district courts generally are afforded great discretion regarding trial procedure applications (including control of the docket and parties)." *United States v. Nicholson*, 983 F.2d 983, 988 (10th Cir. 1993).

The Criminal Complaint provides relevant information that may assist the Court in fully understanding the nature and extent of Plaintiff's allegations and damages. Considering this document would not prejudice Defendants, who have already addressed the substance of Plaintiff's allegations in their Motion to Dismiss.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' *Motion to Strike the Criminal Complaint.* The C*riminal Complaint* serves legitimate purposes: it provides information that may assist the Court in exercising its authority to refer potential criminal matters to appropriate authorities, it creates a record of alleged criminal conduct relevant to Plaintiff's RICO claims, and it serves the public interest in protecting ERISA retirement funds from unauthorized diversions.

Plaintiff properly reserved the right to amend the complaint in her original filing, and <u>even if</u> the Criminal Complaint is considered an amendment, this reservation provides sufficient basis for the Court to accept it. Additionally, the Court has inherent authority to refer potential criminal violations to appropriate authorities, making the Criminal Complaint relevant to these proceedings.

While the Court need not treat the Criminal Complaint as a formal criminal charging

document, it should remain part of the record as evidence supporting The Plaintiff

alleges that a criminal enterprise was operating to illegally divert ERISA-protected

retirement funds. This was done at a non-retirement age and without any consent from

either of the two owners and overruling their objections

Respectfully submitted this 28th day of March, 2025.

## Avouchment / Verification

i hereby declare, certify and affirm, pursuant to the penalties of perjury under the laws of the united states of America, and by the provision of **28 U.S. Code § 1746** that all of the above and foregoing representations are true and correct to the best of my knowledge, information, belief.

Executed in Tulsa County, Oklahoma on this 28th day of March in the Year of Our Lord Two Thousand and Twenty Five.

*Nemo me impune lacessit pursuant to Psalm 105:15 + Isaiah 54:17*
PRIVATE; THIS IS NOT A PUBLIC COMMUNICATION
Notice to Agent is Notice to Principal, Notice to Principal is Notice to Agent, Notice applies to all successors and assigns; Affidavit is a Form of Evidence; Unrebutted Affidavit Stands as Truth in Commerce;
**Silence is Tacit Acquiescence/Agreement/Dishonor**;
*This communication is in no way forming a contract nor requesting any contracting; it is simply a notice regarding the matters at hand. This communication is not intended to nor does it create nor confirm any professional-client relationship or any type of relationship between us;*

Private sector autograph;
**WITHOUT RECOURSE**

*without prejudice*
*linh-tran: stephens/Agent*

By one–and-only beneficiary: _____

All Rights Reserved None Waived, **Without Prejudice UCC 1-308 & 1-103**, **Non Assumpsit**, Grantor, one-and-only Authorized Agent & Beneficiary for LINH TRAN STEPHENS® ens legis and all derivatives thereof, Sovereign People, sui juris, unlimited, Ambassador of Jesus/Yahusha, **stateless "freeman of the Union"** per Honorable Mr. Justice MILLER on April 14th, 1983, in the Slaughter-House cases, 83 US 36 (a SCOTUS case specifically mentioned in 8 FAM 102.3), A natural living woman breathing with a living soul and the Holy Spirit of Creator YAHUAH, full capacity and competency with postgraduate level of education past medical school, non-incorporated, non-sole-proprietor, living on the land of the republic, with God-given rights, NOT a "pro se"/"pauper"/"indigent"/"public servant"/"government employee"/"ward of State"/ nor a "U.S. citizen"/"minor" in your dictionary as i am rejecting your 12 legal presumptions, Article IV Section 2 Citizens of each State shall be entitled to all Privileges & Immunities of Citizens in several States; **Rural Free Delivery, Non-Domestic 00000,** c/o 11063 S Memorial Dr Ste D #235, Tulsa, Oklahoma [zip exempt, near 74133] without USDC, Email: LinhStephens7@gmail.com

Phone (on DoNotCallList.gov): 817-631-3223

## Notary as JURAT CERTIFICATE

STATE OF <u>MINNESOTA</u>     )
                             ) *ss*
COUNTY OF <u>SHERBURNE</u>    )

On this <u>28th</u> day of <u>March</u>, 20<u>25</u> before me, <u>Melissa K. Vagle</u>, a Notary Public, personally appeared a living woman <u>Linh Tran Stephens</u> (the Authorized Representative and Beneficiary for Legal Fiction LINH TRAN STEPHENS), who electronically (remotely) proved to me on the basis satisfactory evidence to be the woman whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her autograph on the instrument the woman executed, the instrument.

i certify under PENALTY OF PERJURY under the lawful laws of Minnesota State and that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

*Melissa K. Vagle*
Signature of Notary/Jurat

MELISSA K VAGLE
Notary Public
State of Minnesota
My Commission Expires
January 31, 2028

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 28th day of March, 2025, a true, correct, and exact copy of the above and foregoing instrument was electronically transmitted to the Clerk of the Court via ProSeFilingsOKND@oknd.uscourts.gov for filing because efiling and In Forma Pauperis (IFP) were approved:

1. Defendant #1: CHILD SUPPORT SERVICES OF OKLAHOMA DEPARTMENT OF HUMAN SERVICES (CSS of OKDHS), P.O. Box 27068, Tulsa OK 74149, or Oklahoma Centralized Support Registry, P.O. Box 268849, Oklahoma City, OK 73126; Tel: 405-522-2273; email: OCSS.contact.TulsaEast@okdhs.org
2. Defendant #2: CHARLES SCHWAB AND CO., INC., 3000 Schwab Way, Westlake, TX 76262; Tel: 1800-435-4000; email: TPLPLevy@schwab.com
3. Defendant #3: Cierra Freeman, an individual in her personal capacity, and in official capacity as court-appointed attorney for child support enforcement, Boeheim Freeman Law, 616 S Boston Ave, Suite 307, Tulsa OK 74119; Tel: 918-884-7791; email: cfreeman@boeheimfreeman.com
4. Defendant #4: Mary Johnmeyer, an individual in her personal capacity, and in official capacity as legal counsel of Charles Schwab and Co., Inc.; 3000 Schwab Way, Westlake, TX 76262; Tel: 800-435-4000; email: TPLPLevy@schwab.com
5. Defendant #5: Renee Banks, an individual in her personal capacity, and in official capacity as CSS Director, PO Box 248822, Oklahoma City, OK 73124; Tel: 918-295-3500; email: renee.banks@okdhs.org
6. Defendant #6: Jason Hoenshell, an individual in his personal capacity, and in official capacity as Oklahoma FIDM Coordinator, PO Box 248822, Oklahoma City, OK 73124; Tel: 405-982-1530; email: jason.hoenshell@okdhs.org
7. Defendant #7: Emmalene Stringer, an individual in her personal capacity, and in official capacity as State's Attorney for CSS, 3666 N Peoria Ave, Tulsa, OK 74106, or PO BOX 27068, Tulsa, OK 74149; Tel: 918-295-3500, Fax: 918-430-2364, email: emmalene.stringer@okdhs.org and OCSS.contact.TulsaEast@okdhs.org

WITHOUT RECOURSE _without prejudice_ _linh-tran: stephens/Agent_

By: Linh-Tran: of the family Stephens/Agent