# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) Linh Tran Stephens, sui juris, natural living breathing woman with a living soul,

*Plaintiff,*

Vs.

(1) CHILD SUPPORT SERVICES OF OKLAHOMA DEPARTMENT OF HUMAN SERVICES (CSS of OKDHS), *and* (2) CHARLES SCHWAB AND CO., INC., (3) Cierra Freeman, in individual capacity and official capacity as court-appointed attorney for child-support enforcement, (4) Mary Johnmeyer, in individual capacity and in official capacity as legal counsel of Charles Schwab, (5) Renee Banks, in individual capacity and official capacity as CSS Director, (6) Jason Hoenshell, in individual capacity and in official capacity as Oklahoma FIDM Coordinator, (7) Emmalene Stringer, in individual capacity and in official capacity as State's attorney for CSS, (8) DOES #1-10 known but unidentified CSS employees, (9) DOES #11-20 known but unidentified Charles Schwab and Co., Inc., employees

*Defendants.*

Case No.: **24-CV-216-JDR-CDL**

Judge: John D. Russell, as plaintiff objected to any magistrates and any other alternatives deviating from article iii constitutional judges in plaintiff's original complaint

previous ORIGINAL CLAIMS 05/2024:

–CLAIM #1: VERIFIED COMPLAINT FOR DAMAGES, REQUEST FOR INJUNCTION RELIEF, AND CLAIM FOR EXEMPTION TO STOP ALL GARNISHMENT, LEVYING, AND LIQUIDATION;

–CLAIM #2: <u>FDCPA</u> (Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.)

–CLAIM #3: MAIL AND WIRE FRAUD; BANK FRAUD; IMPOSTERORS IMPERSONATING IRS AGENT, PRETEND TO BE JUDGES, 18 U.S.C. § 912)

–CLAIM #4: **R.I.C.O.** CONSPIRACY, Conspiracy Against Rights (18 U.S.C. §241)

–CLAIM #5: Violation of Civil Rights (42 U.S.C. §1983) and Deprivation of Rights Under Color of Law (18 U.S.C. §242) - <u>Fourteenth</u> Amendment denial of procedural due process rights

–CLAIM #6: Violation of Civil Rights (42 U.S.C. §1983) and Deprivation of Rights Under Color of Law (18 U.S.C. §242) - <u>Fourth</u> Amendment - <u>Unwarranted Seizure</u> of bank accounts' money, of bank info, and of Plaintiff (<u>False imprisonment, Unlawful Arrest</u> 25 CFR § 11.404)

–CLAIM #7: Fraudulently obtained bank accounts information not disclosed to anyone; Confidentiality of financial records (<u>12 U.S.C § 3403</u>)

–CLAIM #8: Deprivation Of Rights Under Color Of Law (18 USC §242 and §1201 and §641) and 22 USC §7102(1) - <u>Abuse or threatened abuse of law or legal process</u> (Unlawfully Converting the Courts and CPS and CSS into an instrument of crime), and <u>Malicious Prosecution, Harassments.</u>

–CLAIM #9: IIED claim (intentional infliction of emotional distress) 18 U.S.C. § 2340

–CLAIM #10: <u>Misappropriation of State Funds</u> 18 U.S.C. §§ 643, 644, 648, 649, 650, 651, 652, and 653

–CLAIM #11: Extortion, Abusive Debt-Collection Practices

–CLAIM #12: Defamation (alleging Plaintiff is an abuser and irresponsible not supporting her first born daughter) 28 U.S.C. § 4101(1)

**<u>TABLE OF CONTENTS</u>**:

**VERIFIED MOTION FOR EMERGENCY INJUNCTIVE RELIEF AND REMOVAL FROM STATE COURT PROCEEDINGS, PERMANENT RESTRAINING ORDER, SUPPLEMENTAL CLAIMS, TERMINATION OF STATE'S CHILD SUPPORT ORDERS, UNDUE HARDSHIP EXEMPTION, AND STOP ALL GARNISHMENTS, LEVYING, LIQUIDATION**......................................................................**4**

**Affidavit of Truth**...................................................................................................................**4**

**I. INTRODUCTION:**..............................................................................................................**4**

22. PRELIMINARY STATEMENTS..........................................................................................13

**II. JURISDICTION AND VENUE:**........................................................................................**15**

**III. STATEMENT OF FACTS:**.............................................................................................**27**

    iii. in my conditional acceptance letters, i have demanded OKDHS, all Oklahoma agencies/court actors, Bank lawyers, and National Passport Center the following proof of claims and have NOT received any proof of claims:..............................................................................................49

**IV. MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER:**........................**59**

**V. MOTION FOR EMERGENCY INJUNCTION RELIEF FOR REMOVAL FROM STATE COURT PROCEEDINGS:**......................................................................................................**60**

**VI. MOTION FOR PRELIMINARY INJUNCTION FOR TERMINATION OF OKLAHOMA'S CHILD SUPPORT ORDER AND ITS MEMORANDUM OF LAW IN SUPPORT OF:**.................**61**

74. CONSTITUTIONAL CHALLENGE TO CHILD SUPPORT COURT JURISDICTION – Unconstitutional Structure of Administrative Tribunals; Authority Without Constitutional Foundation; Void Orders from Unconstitutional Tribunals; Application to Plaintiff's Case:...................................64

    I. THE PLAINTIFF WILL SUFFER IRREPARABLE INJURY ABSENT INJUNCTIVE RELIEF.....67

    A. Defendants' enforcement and threat of enforcement of the Support Order have already inflicted cruel and irreparable harm and damages upon the Plaintiff, and the ongoing threat of recurrent irreparable harm persists............................................................................................68

    II. THE BALANCE OF EQUITIES AND PUBLIC INTEREST FAVOR GRANTING A PRELIMINARY INJUNCTION.................................................................................................69

    III. PLAINTIFF HAS A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS OF HIS CLAIMS............................................................................................................................69

**VII. CLAIM FOR UNDUE HARDSHIP EXEMPTION AND REQUEST TO STOP ALL GARNISHMENTS, LEVYING, LIQUIDATION:**.....................................................................**70**

**VIII. UPDATED FEDERAL CLAIMS FOR RELIEF & CAUSES OF ACTIONS:**....................**73**

    CLAIM 1: Violation of Civil Rights (42 U.S.C. §1983) and Deprivation of Rights Under Color of Law (18 U.S.C. §242) and Conspiracy to Deprive of Rights (18 U.S.C. §241) - Eighth Amendment Violations - Cruel and unusual punishment:.............................................................73

    CLAIM 2: Violation of Civil Rights (42 U.S.C. §1983) and Deprivation of Rights Under Color of Law (18 U.S.C. §242) and Conspiracy to Deprive of Rights (18 U.S.C. §241) - Fourth Amendment - Unwarranted Seizure of Plaintiff, Her Passport, Her Bank Accounts, Her Retirements; False Imprisonment, Unlawful Arrest (25 CFR § 11.404), which is also a violation of Substantive Rights:...............................................................................................................74

    CLAIM 3: Deprivation Of Rights Under Color Of Law (18 USC §242 and §1201 and §641) and 22 USC §7102(1) – Abuse or threatened abuse of law or legal process (Unlawfully Converting the Courts and CPS and CSS into an instrument of crime) and Malicious Prosecution:....................75

    CLAIM 4: Violation of Civil Rights (42 U.S.C. §1983) and Deprivation of Rights Under Color of Law (18 U.S.C. §242) and Conspiracy to Deprive of Rights (18 U.S.C. §241) - Fifth Amendment Violations – Substantive Rights e.g. Due process of law, Property Rights (biological property and financial property), Rights against Self-Incrimination, Protection against Double Jeopardy, Grand Jury Indictment:..................................................................................................................78

    CLAIM 5: Fourteenth Amendment – Equal Protection Violations (Similar Provisions in State

Constitutions)................................................................................................................80

CLAIM 6: Fourteenth Amendment – Substantive Due Process Violations, Obstruction of Justice, Individualized Release Hearing, Prompt Release Hearing, Failure to recognize valid Oregon divorce decree, custody, and child support agreement that is still standing................................80

CLAIM 7: Violation of Civil Rights (42 U.S.C. §1983) and Deprivation of Rights Under Color of Law (18 U.S.C. §242) - Fourteenth Amendment - Judicial Deception in The Presentation of Evidence to Interference with Familial Association and Due Process violations (similar Provisions in State Constitutions)................................................................................................................81

CLAIM 8: Fourteenth Amendment – Access to courts as a fundamental constitutional right.......85

CLAIM 9: Violation of Civil Rights (42 U.S.C. §1983) and Deprivation of Rights Under Color of Law (18 U.S.C. §242) - Sixth Amendment – Right to Effective Assistance of Counsel:...............87

CLAIM 10: Kidnapping (18 U.S.C. §1201) of living woman Linh-Tran: Stephens and of young living woman G.L.Stephens................................................................................................90

CLAIM 11: Extortion, Abusive Debt-Collection Practices, FDCPA Violations – Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq..................................................................................92

CLAIM 12: RICO Violations (18 U.S.C. §§ 1961-1968) - Racketeer Influenced and Corrupt Organizations Act specifically 18 U.S.C. § 1962 (c) and (d)..........................................................95

CLAIM 13: Misappropriation of State Funds 18 U.S.C. §§ 643, 644, 648, 649, 650, 651, 652, and 653................................................................................................................................95

CLAIM 14: Constitutional Right to Access Court Records - First Amendment............................97

CLAIM 15: Americans with Disabilities Act (ADA) Violations (42 U.S.C. § 12101 et seq.)...........98

CLAIM 16: Fair Debt Collection Practices Act (15 U.S.C. § 1692) Violations...............................99

CLAIM 17: Federal Retirement Protection (ERISA) Violations and Violation of 29 U.S.C. § 1056(d) (anti-alienation provisions)..................................................................................... 99

CLAIM 18: Civil Rights Violations (42 U.S.C. § 1983)................................................................99

CLAIM 19: Conspiracy Against Rights (18 U.S.C. § 241)...........................................................99

CLAIM 20: Deprivation of Rights Under Color of Law (18 U.S.C. § 242)....................................99

CLAIM 21: Unconstitutional Bail Practices................................................................................99

CLAIM 22: False Imprisonment (federal tort)...........................................................................100

CLAIM 23: Federal Rules of Civil Procedure Rule 5.2 violations...............................................100

CLAIM 24: 18 U.S.C. § 1519 (Destruction, alteration, or falsification of records):.....................100

CLAIM 25: Intentional Infliction of Emotional Distress (IIED) 18 U.S.C. § 2340 (federal tort).... 100

CLAIM 26: Defamation 28 U.S.C. § 4101(1) – falsely alleging Plaintiff as a child abuser and irresponsible as "Absent Father"..............................................................................................100

CLAIM 27: Full Faith and Credit Clause violations (found in Article IV, Section 1 of the United States Constitution) – 28 U.S.C. § 1738, and Uniform Enforcement of Foreign Judgments Act (UEFJA) – and Judicial Estoppel violations....................................................................... 101

CLAIM 28: Violation of Consumer Credit Protection Act (15 U.S.C. § 1673)............................ 102

CLAIM 29: Administrative Procedure Act Violations.................................................................102

**IX. DAMAGES:**....................................................................................................................**102**

**X. REQUEST FOR EXPEDITED INJUNCTION RELIEF:**.................................................... **103**

**XI. PRAYER FOR RELIEF:**..................................................................................................**106**

Avouchment / Verification....................................................................................................... 109

Private sector autograph;
WITHOUT RECOURSE
By beneficiary: linh-tran: stephens/Agent........................................................................110

**Notary as JURAT CERTIFICATE**........................................................................................ **110**

**VERIFIED MOTION FOR EMERGENCY INJUNCTIVE RELIEF AND REMOVAL FROM STATE COURT PROCEEDINGS, PERMANENT RESTRAINING ORDER, SUPPLEMENTAL CLAIMS, TERMINATION OF STATE'S CHILD SUPPORT ORDERS, UNDUE HARDSHIP EXEMPTION, AND STOP ALL GARNISHMENTS, LEVYING, LIQUIDATION**

**42 U.S. Code § 1983 - Civil action for deprivation of rights**: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia. (R.S. §1979; Pub. L. 96–170, §1, Dec. 29, 1979, 93 Stat. 1284 ; Pub. L. 104–317, title III, §309(c), Oct. 19, 1996, 110 Stat. 3853).

### Affidavit of Truth

State: Oklahoma)     *Notice to Agent is Notice to Principal, Notice to Principal is Notice*
                )     *to Agent, Notice applies to all successors and assigns; Affidavit is*
County: Tulsa   )     *a Form of Evidence; Unrebutted Affidavit Stands as Truth in*
                      *Commerce; Silence is Tacit Acquiescence/Agreement/Dishonor*

### I. INTRODUCTION:

1. i, Affiant, named linh-tran: stephens (also known as "Linh Tran Stephens", "Plaintiff", "Appellant", "Mother", or "Linh" herein), one of the sovereign People (as seen in Oklahoma Constitution Article 2 Section 1) republican in form, **Sui Juris**–i am not the en legis, legal fiction, trust, corporation, sole proprietor "LINH TRAN STEPHENS®", a "pro se", "person", "pauper", "indigent", "slave", "public servant", "government employee", "ward of State", nor a "U.S. citizen", "minor" in your dictionary, but i am a stateless private individual, a sentient and moral living breathing woman with a living soul and the Holy Spirit of YAHUAH--do properly service to all opposing parties this affidavit, in this court of civilian Public Record, to make the following: *VERIFIED MOTION FOR*

*EMERGENCY INJUNCTIVE RELIEF AND REMOVAL FROM STATE COURT PROCEEDINGS, PERMANENT RESTRAINING ORDER, SUPPLEMENTAL CLAIMS, TERMINATION OF STATE'S CHILD SUPPORT ORDERS, UNDUE HARDSHIP EXEMPTION, STOP ALL GARNISHMENTS, LEVYING, LIQUIDATION*. In support of it, this **Sui Juris** states:

2. i, the living natural flesh and blood woman known as linh-tran: stephens, the one-and-only Grantor, Authorized Representative, and Beneficiary for LEGAL ENTITY LINH T. STEPHENS® a/k/a LINH TRAN STEPHENS® and all its derivatives thereof including Cestui Que Trust a.k.a. "Fide Commissary Trust" with all rights reserved none waived without prejudice UCC 1-308 & 1-103 Non-Assumpsit, was born in 1984 and educated to postgraduate education of medical school, being of sound mind and legal age, living upon the land, in care of 11063 S Memorial Dr Ste D #235, Tulsa, Oklahoma without USDC, ZIP exempt but near [74008]. Affiant makes this Affidavit of Truth of my own free will, and i hereby affirm, declare and swear, under oath and under the pains and penalty of perjury and under the laws of the united states of America and of this state, do hereby attest that the statements, averments and information contained in this Affidavit are true and correct to the best of my knowledge and belief, as i have first-hand knowledge of the facts contained herein: WHEREAS i and my biological property which is a female offspring named G.L.Stephens have good-standing citizenship in the Socialist Republic of Vietnam while maintaining legal residency in the republic of united states of America but with compelling Viet Nam country's interest; WHEREAS i have clean hands, good faith, fair business practices with full disclosures, zero debt to the government/state agencies, have done no harm to others, and demand the same from everyone towards me and my entities, WHEREAS i have NEVER performed in commerce nor consented to any alleged contracts nor consent to any proceedings against me, and i have objected to all implied contracts, including ones without full disclosures or ones obtained by frauds-upon-the-court by B.A.R. CARD

attorneys/judges/DHS CPS/DHS CSS, WHEREAS i have revoked all types of full/general power of attorneys or financial power of attorneys since 2016, the year of finalized divorce with Adam Sylvester Stephens SR in republic state of Oregon, and have given full/generalized POA ("power of attorney") only to myself exclusively–the living woman linh-tran: stephens, WHEREAS since my January 2016 finalized divorce-custody-child-support agreement/decree/court-order in the state of Oregon, county of Columbia, i have NEVER waived any of my rights (the right to indictment by a grand jury of their peers, specifically a jury reflecting their second-generation Vietnamese American heritage; the right not to be charged solely by information, but with proper grand jury proceedings; the full spectrum of constitutional rights as afforded to all individuals within the United States; fundamental parental rights, encompassing custody, care, and association with their child; the right to equal protection under the law, free from discrimination based on national origin or any other protected status; the right to due process of law, including fair hearings, proper notice, and an opportunity to be heard; the right to confront and cross-examine accusers in a court of law; the right to be free from unwarranted governmental overreach and interference in their personal life; the right to the security of their property, including both biological property (their child) and financial assets such as 401(k) and IRA accounts) nor agreed to any stipulations ever, and anyone saying otherwise is a fraud and a criminal committing frauds-upon-the-court and R.I.C.O. (Racketeer Influenced and Corrupt Organizations Act), WHEREAS i have proof of these claims, and evidence is available upon request, with some accessible online: **https://tinyurl.com/4cdv5u56** ; WHEREAS i have given this Notice of Claim of all investment, commodity and trust deposit accounts and contracts with attached collateral and proceeds to secure collateral, along with claim of TRADENAME/ **TRADEMARK**, COPYRIGHT/ PATENT of the Name LINH TRAN STEPHENS®, my mind, body, soul of infants, spirit, and Live Borne Record, as a member of One Heaven, and reject and <u>rebuke</u> all assumptions and presumption of

being Property of any Cestui Que Vie Trust/estates mentioned under CANON 2055-2056, and assignment of all debt obligation to the Office of Secretary of the Treasury (31 USC 3123); Discharge this alleged debt matter (UCC 3-601); WHEREAS by power of naturalization given by **8 USC §1101(a)(23)**, i hereby confer the nationality of the Family of Stephens Nation upon all of the previously mentioned persons after birth, by any means whatsoever; i have NOT and are NOT located, NOT domiciled, NOT residents of, nor ever have been residents of any of the following places or businesses: UNITED STATES (located in Washington District of Columbia), STATE OF OKLAHOMA, STATE OF TEXAS, STATE OF OREGON, or any other incorporated entity or business at all anywhere, and pursuant to **8 USC §1408**, all of the above persons are "nationals but NOT citizens of the United States since birth" and pursuant to United Nations' **Universal Declaration of Human Rights Article 15, section 2**, written by Teddy Rosevelt's wife, "no one can be arbitrarily deprived of their nationality or denied the right to change it"--if deprived of such right, it would be considered as "international human rights violation" and "involuntary servitude", which are crimes punishable by law; WHEREAS i deny any and all allegations against me in past, present, and future, WHEREAS i demand written <u>strict</u> proof thereof attached to affidavits of two reliable, non-greedy-and-without-financial-gain witnesses notarized in front of a public notary ("proof" is NOT from hearsays nor from unreliable witnesses e.g. those who are not injured parties, not first hand witnesses, and are financially incentivized to lie) and the following:

3. i seek a permanent restraining order, emergency injunction relief for removal from state court proceedings, termination of state child support orders, and an undue hardship exemption to stop all garnishments, levying, and liquidation.

4. The Plaintiffs in this case are impoverished individuals burdened with court costs, fees, fines, and debts without any inquiry into their ability to pay. They have had arrest warrants issued against them for no reason other than their inability to settle these court

debts. Despite the Plaintiff repeatedly expressing their financial hardships, the Defendants—referred to collectively as "Defendants" from this point forward—systematically threaten Plaintiffs and other impoverished debtors, demanding payments that are beyond their means. They also use threats of additional arrests and imprisonment if payments are not made. With the complicity of Judge Defendants who initiate fraudulent court orders, issue unlawful arrest warrants, and Sheriff Defendants who execute these warrants, Plaintiffs have been arrested and detained merely for failing to pay alleged debts, which are wrongly categorized as "contempt of court for non-payment" improperly grouped under family court cases.

5.  Plaintiff Linh Tran Stephens asserts her inability to pay and, even if she were to miraculously acquire the means, she categorically refuses to settle these unvalidated, unconstitutional, and fraudulently claimed debts labeled as child support for a child she has been adequately supporting at home since birth, until her parental rights were unjustly infringed upon by the State without any criminal charges or convictions for child abuse or child abandonment. Paying such debts would implicate her in the misuse of taxpayer funds to unjustly incarcerate innocent individuals, violating her conscience and her Christian values, as well as her profound respect for the Constitution of the united states of America. The ongoing objective of the STATE OF OKLAHOMA and the enterprises of the Defendants is to extract maximum financial resources from impoverished debtors, perpetuating their suffering.

6.  Through these extortionate practices, Defendants have profited significantly, amassing tens of millions in payments from Oklahoma's most vulnerable populations. This money has contributed millions to the Sheriffs' Association and tens of millions to the Oklahoma court system to cover judicial salaries and other essential costs of district courts and clerks' offices.

7.  To generate these payments, Defendants have subjected Plaintiffs and others similarly situated to arrest, prolonged detention, and illegal threats. As a result of Defendants'

conduct, *Plaintiffs have faced separation from family and friends, loss of employment, closure of their private direct primary care clinics such as in Plaintiff's case, suspension of licenses, including a medical license in Plaintiff's case (imposed unjustly and without any complaint or malpractice lawsuit from any citizen or patient), and deprivation of basic necessities such as food, clothing, and shelter e.g. the freezing of all bank accounts without Plaintiff's consent regarding private banking information, unlawfully levying federally protected retirement accounts (401(k)) without the consent of the account owners, which were earned outside of Plaintiff's marriage and finalized divorce, along with the imposition of liens on the landlord's property that the Courts presumed to be owed by Plaintiff, creating adversarial relationships and significant hardship.*

8. Under this scheme, failure to pay alleged court debts within a specified time frame results in the automatic issuance of arrest warrants by the court clerk[1] based solely on nonpayment. Judges routinely sign these debt-collection arrest warrants. When a judge signs a warrant for an individual within the jurisdictions of Defendant Sheriffs, the case is transferred to Aberdeen, Inc. for collection. Pursuant to Oklahoma law influenced by the Sheriffs' Association, a 30-percent penalty surcharge is imposed on the amount owed when court clerks transfer the case for collection. Aberdeen, Inc. and the Sheriffs' Association share in the revenue collected, retaining a portion equivalent to the penalty surcharge. The entire process of seeking arrest warrants, issuing them, transferring cases, and adding surcharges occurs <u>without</u> any consideration of the individual's ability to pay.

9. Throughout this process, individuals' court debts escalate due to additional fees. Beyond the 30-percent penalty imposed when cases are transferred, there are fees for each arrest warrant issued, for executing arrest warrants, and for daily incarcerations. Consequently, a significant portion of the debts owed by these debtors comprises

---

[1] In Tulsa counties, a "cost administrator" sitting within the court clerk's office handles the day-to-day responsibilities of overseeing debt collections; Plaintiffs' Complaint refers to "court clerks" when describing this conduct except where the actions of named defendants are involved.

surcharges Defendants impose, reflecting their unconstitutional treatment. The debts of individuals, who are unable to pay, increase with each missed payment through no fault of their own. Defendants then threaten and jail these debtors for their inability to settle the surcharges, forming a vicious cycle of increasing debt and inhumane treatment.

10. Currently, there are tens of thousands of cases in Oklahoma involving outstanding debt collection arrest warrants, a direct outcome of the state's increasing dependence on individuals charged to fund the court system and other municipal and state services. Every case, regardless of severity, incurs multiple fees beyond the basic fine intended to punish legal violations. These fees—including "court cost," "Law Library" fees, and additional charges to support various programs—accumulate to hundreds or even thousands of dollars per case. If a District Attorney charges multiple offenses, the resulting debts multiply accordingly.

11. Indigent debtors who cannot pay these imposed fees inevitably face arrest warrants issued by court clerks, cost administrators, and judges. Those who manage to scrape together the funds to cover an initial payment find only short-term relief, as Defendants demand ongoing payments that regularly exceed what individuals can afford. Defendants persist in their pattern of threatening communications, now coupled with threats of new arrest warrants if payments do not continue.

12. Numerous participants within Oklahoma's quasicriminal legal system fraudulently filed under family court cases to facilitate Defendants' extortionate scheme. Defendant Judges, Cost Administrators, and Court Clerks in the Tulsa County District Courts, along with their counterparts in other counties, play critical roles in perpetuating this cycle of debt. They impose excessive court fees <u>without</u> inquiring into debtors' financial situations and subsequently issue arrest warrants based solely on nonpayment before transferring collections to Defendants, who leverage active warrants to compel payments. After case transfer, these other Defendants knowingly enable Defendants' practices, which demand arbitrary lump-sum payments to lift arrest warrants and issue

new warrants without proper inquiry or pre-deprivation processes.

13. Sheriff Defendants enforce Defendants' extortionate tactics by routinely arresting individuals based solely on debt-collection warrants stemming from nonpayment. Once jailed, debtors are coerced into paying fixed amounts for release; in Tulsa County, the payment goes directly to the debt rather than securing a future court appearance. Individuals unable to pay face extended jail time without any assessment of their financial situation, while those who can pay are released. In Tulsa County, judges order individuals to remain incarcerated to "sit out" their debts if they cannot make payments at their court appearance. Neither sheriffs nor judges perform the inquiries or procedural safeguards mandated by Supreme Court precedent before incarcerating individuals for nonpayment. *Even when issues of ability to pay and demands for a Rule 8 Hearing arise, Defendants refuse to conduct such hearings pretrial, post-trial, or at any time, as illustrated in Plaintiff's case.*

14. At the heart of this extortionate system is a justice framework reliant on revenue from the impoverished. The salaries and retirement benefits of all judges in Oklahoma are substantially funded by these debt collections. Additionally, other revenues from court debts support the operational budgets of district courts across Oklahoma. For example, in 2017, the Tulsa District Court utilized over $7 million from fines, fees, forfeitures, and costs to cover essential expenses like courthouse maintenance and juror fees. This financial entanglement incentivizes judges, court personnel, and sheriffs—those responsible for enforcing fines, setting payment plans, issuing warrants, and detaining individuals—to violate constitutional rights rather than deliver justice.

15. Decades ago, the Supreme Court condemned practices like these as unconstitutional. The basic principle in American law is that an individual cannot be jailed simply because they lack the means to pay court debts. Before depriving someone of their fundamental right to freedom, the government must conduct specific inquiries and establish rigorous procedural protections.

16. Congress similarly provided mechanisms to combat unlawful extortion schemes through the **Racketeer Influenced and Corrupt Organizations Act ("RICO") (18 U.S.C. §§ 1961-1968**). The practices challenged in this lawsuit are intolerable in a just society.

17. Plaintiff represents countless individuals suffering irreparable harm due to Defendants' unlawful and predatory collection methods. On behalf of themselves and all others similarly situated, Plaintiffs seek relief through this action, brought under RICO, the United States Constitution pursuant to 42 U.S.C. § 1983, and Oklahoma law, including declaratory relief and an injunction against the violation of their fundamental rights throughout the debt-collection process, compensation for their injuries, and punitive damages to hold Defendants accountable and deter future misconduct.

18. This is also a Verified Motion for permanent restraining order Order ("**PRO**") against all State's actors and State's BAR CARD ATTORNEYS to prevent repeat false imprisonment and unconstitutional debtor imprisonment and malicious prosecutions for financial gains and political agendas;

19. This is also a Verified Motion for Emergency Injunction Relief for Removal from State Court Proceedings for all cases in State's court concerning two citizens of the Socialist Republic of Vietnam (Linh Tran Stephens and her biological property female offspring G.L.Stephens who maintains legal residency in the United States), including but not limited to "STATE OF OKLAHOMA vs. Linh Tran Stephens" for ongoing State's fraudulently-alleged contempt of court charged under the guise of family court, case No. FD-2015-2228 to false imprisonment of a harmless woman/Plaintiff to carry out State's pattern of malicious prosecutions and discriminative cruel and unusual punishments against citizens of other countries, minority, professed Christians, law-abiding individuals etc.

20. This is also a Verified Motion for Emergency Injunction Relief to Terminate Oklahoma's Child Support Orders;

21. This is also a Verified Claim for Undue Hardship Exemption to Stop all Garnishment,

Levying, and Liquidation;

22. **PRELIMINARY STATEMENTS**

i.   <u>Unconstitutional Debtor Imprisonment</u>: Plaintiff asserts that she has been subjected to unconstitutional debtor imprisonment and continually threaten to be debtor imprisoned over and over again by state actors, violating the Eighth and Fourteenth Amendments. Specifically, she was incarcerated for failure to pay alleged child support debts without a judicial determination of her ability to pay nor the validity of the debt nor the jurisdiction over a citizen of another country nor the jurisdiction of a corporation STATE OF OKLAHOMA over a flesh and blood woman with a soul/spirit, in direct contravention of *Bearden v. Georgia*, 461 U.S. 660 (1983) and *Tate v. Short*, 401 U.S. 395 (1971). The State of Oklahoma and its agents have engaged in a pattern and practice of imprisoning indigent individuals solely for nonpayment of debts, effectively operating a modern-day debtor's prison, which is prohibited by the U.S. Constitution.

1.   Defendants operate a two-tiered pretrial justice system in Tulsa County. Secured financial conditions of release are mandated for misdemeanor and felony offenses pursuant to a predetermined bail schedule that specifies a monetary amount based solely on the charge, so that individuals arrested for misdemeanors or felonies who can afford the specified amount are released immediately upon payment. Conversely, those who cannot afford the amount may remain incarcerated for up to six months, before being granted a hearing to argue for their inability to pay or for their release. The speed and certainty of release are entirely contingent upon access to financial resources.

2.   This discriminatory system results in varied detention periods based on an individual's financial capacity. Those unable to afford bail are detained longer, while those with financial means secure swift release. Individuals like Ms. Linh Tran Stephens, who cannot afford bail and lacks means to secure it through

third parties, remain incarcerated throughout their case duration. P

3. Plaintiff Linh Tran Stephens, on behalf of herself and all similarly situated individuals, seeks declaratory and injunctive relief. This includes a permanent restraining order against the Sheriff Departments of Oklahoma from detaining arrestees unable to pay bail without an individualized hearing with proper procedural safeguards such as Inability to Pay Hearing (Rule 8 Hearing) automatically without any motions nor request from the accused or the convicted. Additionally, declaratory relief is sought against all of the other Defendants.

ii. <u>Violations of Civil Rights</u>: Plaintiff asserts numerous violations of her civil rights, actionable under 42 U.S.C. § 1983, including but not limited to violations of:

    a. <u>Fourth Amendment</u>: Unlawful seizure of her person, passport, bank accounts, and retirement funds without due process or probable cause.

    b. <u>Fifth Amendment</u>: Denial of due process, including ex parte proceedings, lack of notice, and deprivation of property rights (biological offspring and financial).

    c. <u>Sixth Amendment</u>: Denial of effective assistance of counsel.

    d. <u>Fourteenth Amendment</u>: Denial of equal protection and substantive due process, including the failure to recognize valid out-of-state court orders and the termination of parental rights without sufficient evidence or proper procedures.

2. These violations have resulted in significant harm to Plaintiff, including false imprisonment, emotional distress, financial losses, and the deprivation of her fundamental rights.

iii. Requests for Relief: Based on the aforementioned claims, Plaintiff seeks the following relief:

1. <u>Permanent Restraining Order</u>: To prevent further violations of her constitutional rights and to stop the ongoing harassment and persecution by the Defendants.

2. <u>Emergency Injunction Relief for Removal from State Court Proceedings</u>: To remove all related cases from state court to federal court due to systematic due process violations and bias. Emergency Injunction Relief is motioned pursuant to Federal Rule of Civil Procedure 65 and 28 U.S.C. § 1651 (All Writs Act), seeking to enjoin ongoing state court proceedings in Tulsa County District Court Cases No. JD-2021-270, FD-2015-2228 and to remove said proceedings to this Court. Plaintiff seeks emergency injunctive relief to halt unconstitutional state court proceedings that have systematically violated her constitutional rights, denied due process, and improperly terminated her parental rights though not terminated on paper but terminated in reality as Plaintiff was allowed less than 30 hours of visitations with child with debts to pay State's extortion fees $150/hour, etc.

3. <u>Termination of State Child Support Orders</u>: To terminate the unlawful and unconstitutional child support orders issued by the State of Oklahoma.

4. <u>Undue Hardship Exemption</u>: To stop all garnishments, levying, and liquidation of her assets due to the extreme financial hardship caused by the Defendants' actions.

## **II. JURISDICTION AND VENUE**:

23. As a Vietnamese citizen with a birth certificate of Viet Nam in my hand and per my *AFFIDAVIT OF NATURALIZATION & PLEDGE OF ALLEGIANCE* (not to the U.S.A. Inc.) notarized on May 24th, 2024, and filed for records in lower court on 06-03-2024 Document Available (#1058714423, which stated for my households and i that "*we pledge allegiance to the Flag and the Republic of the unincorporated United States for America, for which it stands, one nation, under Yahuah[2], indivisible, with liberty and justice for all. Our allegiance is NOT infinite and NOT unconditional; our allegiance is confined to be within the definitions of "nation" and "peace" and, if the Federal*

---

[2] Yahuah is a Hebrew word that is derived from the word Yah, which means "God", and the verb yasha, which means "to save" or "salvation". It can be interpreted as "God is my salvation", its Hebrew theonym is יהוה (transliterated as YHWH or YHVH).

*corporation decides at any point to step outside of those definitions then our allegiance would end at that point. By definition, if the Federal corporation ever steps outside the definition of "nation" or "peace" then, by its own Codes, it ceases to exist. Our allegiance ends at the moment that the nation ceases to exist simply because our support CANNOT exist for a nation that does NOT physically exist. Our true and unfettered allegiance lies in the ideas and spirit behind the idea of being a true American: freedom, common law, masculine and feminine duality, supreme force, technical performance, national pride, etc. Our love and devotion to the heart and soul of our collection of independent unincorporated states is unquestionable and barely conditional. Our allegiance ultimately lies in the unincorporated state in which we domicile, but that love does truly extend to all the other unincorporated states found within our union that intend and factually produce tranquility inside and outside of their nation and carry themselves as a unified body that operates with morals and decorum. Just like the oath of office of the senate: "We do solemnly swear (or affirm) that we will support and defend the Constitution of the United States against all enemies, foreign and domestic." But that specific Constitution is only and exclusively the original one that belongs to the unincorporated United States. The incorporated "United States" is foreign to us but the unincorporated "United States" is domestic to us"*), i invoke diversity jurisdiction under 28 U.S.C. § 1332, which grants federal court's original jurisdiction over civil actions between 'citizens of a State and citizens or subjects of a foreign state' to protect against obvious biases and discrimination of STATE OF OKLAHOMA against me. This diversity of citizenship (diversity of citizenship as Plaintiff and her daughter both have Vietnamese citizenship while all Defendants have citizenship of the United States), combined with the amount in controversy exceeding $75,000 (including retirement fund 401(k) of $64,445.92 seizure, business losses including medical practice direct primary care clinic, and medical license, damages from constitutional violations, property liens, past legal fees prior to 2020 loss of job unemployment, legal printing costs and filing

fees, and ongoing damages, therefore financial stakes clearly exceed $75,000), establishes proper grounds for federal court jurisdiction independent of the state court system that has demonstrated systematic bias. Most importantly, diversity jurisdiction serves a specific purpose - it provides a neutral federal forum when there were documented state court bias (*see attached Affidavits and some sample of unconstitutional orders Exhibits: ADMINISTRATIVE NOTICE AND AFFIDAVIT CHALLENGING JURISDICTION for STATE OF OKLAHOMA v. Linh Tran Stephens for contempt of alleged child support*, court order denied filing of Writ without prior payments, court order denied jury trial without prior payments, etc.). The Supreme Court in *Piper Aircraft Co. v. Reyno* specifically recognized the importance of protecting foreign citizens from potential local prejudice. All available state remedies have been fully exhausted and IRS have been served Revocation of Election Rights or Termination of Notice includes, but not limited to, the following Court and Administrative Proceedings:

1. STATE OF OKLAHOMA, IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, FAMILY AND DOMESTIC DIVORCE WITH MINOR CHILDREN, FD DOCKET C and FD DOCKET F, LINH TRAN STEPHENS v. ADAM SYLVESTER STEPHENS, Case #: FD-2015-2228;
2. STATE OF OKLAHOMA, IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, JUVENILE COURT, IN RE MINOR G.L.STEPHENS, whose safe mother is LINH TRAN STEPHENS and unfit/unsafe father is ADAM SYLVESTER STEPHENS, Case #: JD-2021-270
3. STATE OF OKLAHOMA, OKLAHOMA HUMAN SERVICES DEPARTMENT, CHILD SUPPORT SERVICES, against fit mother LINH TRAN STEPHENS, OK IV-D FGN: 000948641001
4. STATE OF OKLAHOMA, OKLAHOMA HUMAN SERVICES DEPARTMENT, CHILD PROTECTIVE SERVICES, CPS Case#: 20652909, CPS referral # 2078246 & 2200561 against ADAM SYLVESTER STEPHENS for child abuses among many other CPS referrals by nonparties since 2017 against ADAM, while false # 2195835 against LINH TRAN STEPHENS
5. STATE OF OKLAHOMA, OFFICE OF ADMINISTRATIVE HEARING (OAH), STATE OF OKLAHOMA v. LINH TRAN STEPHENS, OAH No.: 23-00313-73
6. STATE OF OKLAHOMA, APPELLATE COURT, IN THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA TULSA, DR. LINH STEPHENS v. STATE BOARD OF OSTEOPATHIC EXAMINERS, Case#: DF-121740;

7. STATE OF OKLAHOMA, APPELLATE COURT, IN THE SUPREME COURT OF THE STATE OF OKLAHOMA, LINH TRAN STEPHENS v. ADAM SYLVESTER STEPHENS, Case #: DF-120612;

8. STATE OF OKLAHOMA, APPELLATE COURT, IN THE SUPREME COURT OF THE STATE OF OKLAHOMA, LINH TRAN STEPHENS v. ADAM SYLVESTER STEPHENS, Case #: CI-120847;

9. STATE OF OKLAHOMA, APPELLATE COURT, IN THE SUPREME COURT OF THE STATE OF OKLAHOMA, LINH TRAN STEPHENS v. ADAM SYLVESTER STEPHENS, Case #: DF-120848;

10. STATE OF OKLAHOMA, APPELLATE COURT, IN THE SUPREME COURT OF THE STATE OF OKLAHOMA, LINH TRAN STEPHENS v. ADAM SYLVESTER STEPHENS, Case #: DF-120849;

11. STATE OF OKLAHOMA, APPELLATE COURT, IN THE SUPREME COURT OF THE STATE OF OKLAHOMA, LINH TRAN STEPHENS v. ADAM SYLVESTER STEPHENS, Case #: DF-121149;

12. STATE OF OKLAHOMA, APPELLATE COURT, IN THE SUPREME COURT OF THE STATE OF OKLAHOMA, LINH TRAN STEPHENS v. DEBORRAH LUDI LEITCH, Case #: PR-121200;

13. STATE OF OKLAHOMA, APPELLATE COURT, IN THE SUPREME COURT OF THE STATE OF OKLAHOMA, LINH TRAN STEPHENS v. ADAM SYLVESTER STEPHENS, Case #: DF-121254;

14. STATE OF OKLAHOMA, APPELLATE COURT, IN THE SUPREME COURT OF THE STATE OF OKLAHOMA, LINH TRAN STEPHENS v. JUDGE DEBORRAH LUDI LEITCH, Case #: MA-121255;

15. STATE OF OKLAHOMA, APPELLATE COURT, IN THE SUPREME COURT OF THE STATE OF OKLAHOMA, LINH TRAN STEPHENS v. ADAM SYLVESTER STEPHENS, Case #: DF-122022;

16. STATE OF OKLAHOMA, APPELLATE COURT, IN THE SUPREME COURT OF THE STATE OF OKLAHOMA, LINH TRAN STEPHENS v. APRIL SEIBERT, DEBORRAH LUDI LEITCH, TODD CHESBRO, DAWN MOODY, ALL SPECIAL JUDGES OF TULSA COUNTY, Case #: MA-122445;

17. STATE OF OKLAHOMA, APPELLATE COURT, IN THE SUPREME COURT OF THE STATE OF OKLAHOMA, LINH TRAN STEPHENS v. CITY OF TULSA, OKLAHOMA, AND DEPARTMENT OF HUMAN SERVICES, Case #: MA-122859;

18. STATE OF OKLAHOMA, APPELLATE COURT, IN THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA TULSA, LINH TRAN STEPHENS v. ADAM SYLVESTER STEPHENS, Case#: DF-121851;

19. STATE OF OKLAHOMA, IN THE DISTRICT COURT IN AND FOR OKLAHOMA COUNTY, OKLAHOMA, DR. LINH STEPHENS v. STATE BOARD OF OSTEOPATHIC EXAMINERS, Case#: CV-2023-995;

20. STATE OF OKLAHOMA, IN THE DISTRICT COURT IN AND FOR <u>ROGERS COUNTY</u>, OKLAHOMA, STATE OF OKLAHOMA v. STEPHENS, LINH, Case#: CM-2022-157;

21. STATE OF OKLAHOMA, IN THE DISTRICT COURT IN AND FOR <u>ROGERS COUNTY</u>, OKLAHOMA, STATE OF OKLAHOMA v. STEPHENS, LINH TRAN, Case#: CM-2022-285;

22. STATE OF OKLAHOMA, IN THE DISTRICT COURT IN AND FOR <u>TULSA COUNTY</u>, OKLAHOMA, ADAM SYLVESTER STEPHENS v. LINH TRAN STEPHENS, Case#: PO-2017-3292;

23. STATE OF OKLAHOMA, IN THE DISTRICT COURT IN AND FOR <u>TULSA COUNTY</u>, OKLAHOMA, ADAM SYLVESTER STEPHENS v. LINH TRAN STEPHENS, Case#: PO-2017-3292;

24. STATE OF OKLAHOMA, IN THE DISTRICT COURT IN AND FOR <u>TULSA COUNTY</u>, OKLAHOMA, LINH TRAN STEPHENS and her Minors v. ADAM SYLVESTER STEPHENS, Case#: PO-2021-3843;

25. STATE OF OKLAHOMA, IN THE DISTRICT COURT IN AND FOR <u>TULSA COUNTY</u>, OKLAHOMA, ADAM SYLVESTER STEPHENS v. LINH TRAN STEPHENS, Case#: PO-2021-4059;

26. STATE OF OKLAHOMA, IN THE DISTRICT COURT IN AND FOR <u>TULSA COUNTY</u>, OKLAHOMA, SMALL CLAIMS COURT, LINH TRAN STEPHENS v. ADAM SYLVESTER STEPHENS, Case #: SC-2023-956;

27. STATE OF OKLAHOMA, IN THE DISTRICT COURT IN AND FOR <u>TULSA COUNTY</u>, OKLAHOMA, CIVIL DOCKET C, LINH TRAN STEPHENS v. ADAM SYLVESTER STEPHENS, Case #: CJ-2023-1901;

28. STATE OF OKLAHOMA, IN THE DISTRICT COURT IN AND FOR <u>TULSA COUNTY</u>, OKLAHOMA, ADAM SYLVESTER STEPHENS v. LINH TRAN STEPHENS, Case#: PO-2023-4019;

29. STATE OF OKLAHOMA, IN THE DISTRICT COURT IN AND FOR <u>TULSA COUNTY</u>, OKLAHOMA, LINH TRAN STEPHENS v. STATE OF OKLAHOMA, EX REL. OKLAHOMA DEPARTMENT OF HUMAN SERVICES, ROBERT PERUGINO, EMMALENE STRINGER, JANE/JOHN DOE 1-10, Case#: CV-2024-1311;

30. STATE OF OKLAHOMA, LINH TRAN STEPHENS vs. STATE OF OKLAHOMA EX. REL. DEPARTMENT OF HUMAN SERVICES, DHS Claims # 2520034513;

24. Additionally, this Court has subject matter jurisdiction under the following:

**28 U.S.C § 1367 - Supplemental jurisdiction, which allows federal courts to hear certain claims that do not independently have federal jurisdiction, as long as they are related to claims that *do* have federal jurisdiction;**

28 U.S. Code § 1441 - Removal of civil actions;

28 U.S. Code § 1446 - Procedure for removal of civil actions;

28 U.S.C. §1331 (Federal Question Jurisdiction) because the claims for relief derive from the United States Constitution and the laws of the United States;

28 U.S.C. § 1343 (civil rights) which is a section of the United States Code that gives district courts the power to hear civil rights cases; it's part of Title 28, which covers the judiciary and judicial procedure;

42 U.S.C. § 1983 (deprivation of rights under color of state law CIVIL ACTION);

18 U.S.C. § 242 (deprivation of rights under color of state law CRIMINAL ACTION), which is a federal law that prohibits the deprivation of rights under color of law; it's part of Title 18 of the United States Code, which covers crimes and criminal procedure;

18 U.S.C. § 1964(c) (RICO);

25. This Motion seeks to remedy significant constitutional infringements, such as governmental overreach, invasion of privacy, **malicious prosecution, and retaliatory conduct,** etc., which <u>necessitate prompt injunctive relief and a permanent restraining order</u>. Claims that may not individually justify federal jurisdiction are appropriately included under supplemental jurisdiction (28 U.S.C. §1367). Additionally, the Plaintiff may introduce pertinent claims in the Complaint that do not independently qualify for federal court jurisdiction, as a federal court is authorized to hear related non-federal claims through supplemental jurisdiction (28 U.S.C. §1367).

26. The criminal acts and omissions complained of herein occurred in the County of Tulsa of Oklahoma of united States for America, and it is believed that majority of living Defendants currently reside in the County of Tulsa at the time of the occurrences herein.

27. Venue is proper in the U.S. District Court for the Northern District of Oklahoma Venue pursuant to 28 U.S.C. § 1391 as all defendants reside in this district and the events giving rise to these claims occurred within this district, and <u>because defendants transact business here and criminal conduct complained of occurred here.</u>

28. **The Rooker-Feldman doctrine** does NOT bar the exercise of subject matter jurisdiction over this case because obviously, Plaintiff's claims were NOT a de facto appeal from lower court orders; instead, Plaintiff alleges governmental overreach and violation of rights under color of law under 42 U.S.C. § 1983. The Rooker-Feldman doctrine is inapplicable for multiple reasons: (1) State court judgments had not reached finality due to pending appeals to the Oklahoma Supreme Court when federal litigation commenced; (2) Under the Supreme Court's narrowing of Rooker-Feldman in *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005), Plaintiff's claims fall outside its scope even if state proceedings had concluded–to which it had not concluded; (3) Plaintiff does NOT seek reversal of state court judgments, but rather independent relief from ongoing constitutional violations and injurious acts by State actors.

29. Plaintiff **objects to having her case heard by a Magistrate Judge, its equivalent/extensions**, and specifically demands an Article III Judge (article three judge who will not commit treason against the Constitution of the United States of America) for this federal case.

30. Plaintiff reserves her right to amend this Verified Complaint any time during the lawsuit.

31. **Exceptions to Abstention Doctrine:** While federal courts typically abstain from interfering with ongoing state proceedings under *Younger v. Harris*, 401 U.S. 37 (1971), exceptions exist for bad faith, harassment, or other extraordinary circumstances. *Huffman v. Pursue, Ltd.*, 420 U.S. 592 (1975). This case presents the extraordinary circumstances warranting federal intervention:

   i.   **Systematic due process violations**, lack of presentation of evidence nor reliable first hand witnesses prior to violating plaintiff's rights which were all reserved.

   ii.  **Flagrant Constitutional Violations**: Permanent denial of court access through improper in forma pauperis revocation by Oklahoma Supreme Court effectively denying constitutional rights of court access and ability to seek redress against

government actions; Systematic denial of ADA accommodations while publicly demanding disclosure of disabilities that embarrassed Plaintiff and invaded privacy; Ex parte proceedings determining fundamental rights e.g. parental rights, property rights both biological offspring and housing and private banking and retirement 401(k) rolled over accounts, etc., without notice; retroactive payment deadlines (impossible to meet and prior to any motions filed for such); State court's Judges repeatedly declaring federal law and U.S. Constitution "don't apply here"; Judges openly stating they can infringe on constitutional rights

iii. **Bad Faith Prosecution and Harassment:** Coordinated actions between DHS, court actors, attorneys, and judges to fabricate allegations against plaintiff; Deliberate filing of false protective orders leading to arrest warrants with incorrect information to prevent proper service; Systematic denial of evidence favorable to Plaintiff while admitting all opposing evidence during trials and decision makings;

iv. **Extraordinary Circumstances Causing Irreparable Harm**: Complete termination of parent-child relationship without due process; Blocking all forms of communication (phone, video) with my daughter for three years and ongoing; Seizure of $64,445.92 from federally protected 401(k) accounts/ERISA funds/ retirement accounts; Medical license renewal obstruction; medical practice closure due to prolonged months of false imprisonment and numerous court schedulings; Passport seizure preventing international travel to dying relatives; Imprisonment for inability to pay artificially inflated child support;

v. **Biased Tribunal Incapable of Fair Adjudication**: Judge Rodney Sparkman's undisclosed prior DHS employment; Judge April Seibert's explicit discrimination against Vietnamese litigant; Systematic blocking of witness testimony favorable to Plaintiff; Court fines fees being tied to judges' retirement/pension funds; Demonstrated pattern of accepting hearsays or unvalidated alleged debts and unvalidated/unverified evidence from opposing unreliable parties who admitted

they committed perjuries on the stand, while rejecting documented/unrebutted/verified evidence from reliable witnesses.

**III. LEGAL ARGUMENTS**:

32. **The Supreme Court has held that state family court proceedings must comply with federal constitutional requirements.** *Santosky v. Kramer***, 455 U.S. 745 (1982);** *Troxel v. Granville***, 530 U.S. 57 (2000)**.

33. The United States Supreme Court established over 60 years ago that "[t]here can be no equal justice where the kind of trial a man gets depends on the amount of money he has." *Griffin v. Illinois***, 351 U.S. 12, 19 (1956)**. The Fourteenth Amendment guarantees all individuals equal protection under the law and prohibits the deprivation of life, liberty, or property without due process. This assurance ensures that states uphold the fundamental fairness of the courts. The Oklahoma Constitution also mandates that "The courts of justice of the State shall be open to every person... and right and justice shall be administered without sale, denial, delay, or prejudice." **Okla. Const. art. II § 6**.

34. Case Law where Several court cases have also reinforced the principle of respect for out-of-state judgments:

   i. *Baker v. General Motors Corp.***, 522 U.S. 222 (1998)**: The Supreme Court upheld the Full Faith and Credit Clause and stated that states must respect the judgments of other states unless they violate public policy or were obtained through recognized judicial standards.

   ii. *Leflar v. Wexler***, 350 U.S. 284 (1956)**: The Court affirmed that a valid judgment from one state cannot be altered by another state.

35. The Oklahoma Supreme Court has held that the "fundamental right of court access" cannot be denied simply for nonpayment or through coercive collection tactics. *Wall v. Marouk*, 302 P.3d 775, 786 (Okla. 2013). For indigent individuals facing criminal charges, these constitutional protections are vital, preventing the state from penalizing poverty. The principle that no one should be incarcerated solely due to inability to pay

fines, fees, or costs is reinforced by the Supreme Court in ***Bearden v. Georgia*, 461 U.S. 660 (1983)**, which ruled that a probationer cannot be imprisoned for nonpayment of fines or restitution <u>unless</u> it is proven willful–to which the opposing parties did not prove Plaintiff was willful

i.   ***Tate v. Short*, 401 U.S. 395 (1971)**: This case is similar to Bearden v. Georgia. It held that a state cannot imprison a person for failing to pay a fine if the reason is their indigence. This highlights the unconstitutionality of imprisoning someone solely because they are poor, including Oklahoma's bail practices and imprisonment for alleged child support debts.

ii.  ***Williams v. Illinois*, 399 U.S. 235 (1970)**: This case held that an indigent person cannot be held in jail beyond the maximum statutory sentence because they cannot pay a fine. This further supports my claim that imprisonment due to inability to pay is unconstitutional. This is also relevant to my argument that the bail system is discriminatory against the poor.

36. Oklahoma law echoes this principle, stating that a defendant may only be imprisoned for nonpayment of court-imposed obligations if the trial court finds, after notice and a hearing, that the defendant can pay but refuses to do so. Okla. Stat. tit. 22, § 983(A). The Oklahoma Court of Criminal Appeals has adopted procedural rules ensuring these requirements are met, including conducting hearings to determine a defendant's ability to pay and establishing that imposed financial obligations are assessed fairly.

37. However, the collapse of these protections leads to catastrophic results for impoverished individuals, perpetuating cycles of debt, arrest warrants, and incarceration. Parents are separated from their children and forced into a state of perpetual servitude to satisfy unjust financial demands, redirecting money meant for basic needs towards private debt collectors and court expenses.

38. Congress enacted the Racketeer Influenced and Corrupt Organizations Act (RICO) to combat corruption and unlawful practices in legitimate organizations (18 U.S.C. §§

1961-1968). In the absence of judicial oversight, predatory actions by government agencies that exploit court debt collections from indigent defendants become racketeering. The unchecked practices discussed herein have resulted in an organized extortion scheme.

39. The issue before the court arises from violations of the Fourteenth Amendment, which this Circuit has consistently recognized. Individuals cannot be jailed for lacking the means to pay child support or secure bonds, especially when no inquiry into their ability to pay has been conducted. As noted in *Pugh v. Rainwater*, 572 F.2d 1053, 1057 (5th Cir. 1978), the use of a master bond schedule facilitates release for those who can afford it while penalizing those who cannot without exploring alternatives, infringing upon due process and equal protection rights.

40. First, the improper revocation of in forma pauperis status violates clear Supreme Court precedent:

   i. *Griffin v. Illinois*, 351 U.S. 12 (1956): Cannot deny court access based on inability to pay

   ii. *Burns v. Ohio*, 360 U.S. 252 (1959): Court costs cannot block access

   iii. *Boddie v. Connecticut*, 401 U.S. 371 (1971): Access cannot be denied solely for inability to pay

   iv. *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996): Parental rights appeals cannot be conditioned on ability to pay

41. Second, the ex parte proceedings violated fundamental due process principles:

   i. *Armstrong v. Manzo*, 380 U.S. 545 (1965): Due process requires opportunity to be heard at meaningful time

   ii. *Mullane v. Central Hanover Bank*, 339 U.S. 306 (1950): Notice must be reasonably calculated to apprise parties of pendency of action

   iii. *Mathews v. Eldridge*, 424 U.S. 319 (1976): Process due depends on private interest, risk of erroneous deprivation, and government interest

42. Third, the termination of parental rights without proper evidence violates:

   i.   *Stanley v. Illinois*, 405 U.S. 645 (1972): Presumption of parental fitness

   ii.  *Santosky v. Kramer*, 455 U.S. 745 (1982): Clear and convincing evidence standard

   iii. *Troxel v. Granville*, 530 U.S. 57 (2000): Fundamental parental liberty interest

43. Fourth, the denial of ADA accommodations constitutes discrimination in violation of:

   i.   **42 U.S.C. § 12132 (Americans with Disabilities Act**)

   ii.  *Tennessee v. Lane*, 541 U.S. 509 (2004): ADA enforces fundamental right of access to courts

44. Irreparable Harm: The Supreme Court has recognized that the loss of constitutional rights "for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976).

45. Particularly in the parental rights context, the Court has noted the "grievous" nature of terminating the parent-child relationship. *Santosky*, 455 U.S. at 758-59.

46. Per law, any money from any of the sources listed below is protected and CANNOT be garnished, and my Charles Swab accounts all of them including the one ending in x2605 Rollover IRA account retirement account started during Cherokee Nation employment (Indian Health Services federal employee) are EXEMPTED, as it is also considered **public employee's retirement**:

>   A.  Social Security benefits
>   *42 U.S.C. § 407*.
>   B.  Supplemental security income
>   *42 U.S.C. § 1383(d)i*
>   C.  Unemployment benefits
>   *40 O.S. § 2-303*.
>   D.  Workmen's Compensation benefits
>   *85A O.S. § 10*.
>   E.  Welfare benefits
>   *56 O.S. § 173*.
>   F.   Veteran's benefits
>   38 U.S.C. § 3101, 31 O.S. § 7.
>   G.  Police Pension Funds
>   *11 O.S. § 50-124*.
>   H.  Firemen's Relief & Pension Fund
>   *11 O.S. § 49-26*.

I.   County Employee's Retirement
System Funds – *19 O.S. § 959.*
**J.  Public Employee's Retirement
Funds – *74 O.S. § 923.***
K.  Teacher's Annuities or Retirement
Allowance – *70 O.S. § 17-109.*
L.   Railroad Retirement Act Annuities and pension payments
*45 U.S.C. § 231(m).*
M.  U.S. Civil Service Retirement and Disability Pension Fund Payments
*5 U.S.C. § 8346.*
N.  U.S. Civil service Survivor Annuities
*5 U.S.C § 8346.*
**O.  Interest in Retirement, Pension and Profit Sharing Plans**
*60 O.S. § 327, 60 O.S. § 328.*
P.   The Wages of Seamen
*46 U.S.C. § 601.*
Q.  Funds vested in the Alien Property Custodian – *50 U.S.C. Appx. § 9(f).*
R.  Prepaid Burial Benefits
*36 O.S. § 6125.*
S.   Proceeds of Group-Life Insurance Policy – *36 O.S. § 3632, 4026.*
T.   Alimony, support, separate maintenance, or child support necessary for
support of judgment debtor or dependent – *31 O.S. § 1.1.*
U.  **Personal wage exemption because of undue hardship – *31 O.S. § 1.1.***

## III. STATEMENT OF FACTS:

47. **CONCISE SUMMARY OF TIMELINE AND EVENTS**:

i.   Plaintiff, Linh Tran Stephens, has served honorably in the U.S. Navy Medical
Corps for five years followed by two years serving the Veterans Affairs and two
years serving Indian Health Services at Cherokee Nation clinic, dedicating her life
to the service and protection of our nation and defending the United States
Constitution. Obeying her religious beliefs as a Christian, Plaintiff granted her
ex-husband, Adam Sylvester Stephens, 50/50 custody of their daughter,
G.L.Stephens, without demanding child support that she deserved during their
finalized divorce in State of Oregon in January 2016; as part of this agreement,
despite earning $80,000 a year or less at the time as an 03/LT, Plaintiff also
provided Adam with a fully loaded Jeep Wrangler and a trailer in lieu of child
support, prioritizing the young woman G.L.Stephens's stability and happiness.

ii.  This Oregon binding and valid agreement ("Oregon decree") was duly autographed in the presence of public notaries and was finalized by a district court judge without any objections from either party. On January 08, 2016: The divorce was finalized in Columbia County, republic of Oregon, establishing custody agreement of "*50/50 joint legal and physical custody*" and "unhampered access to child for both parties" per the Oregon divorce decree/court-order/the-only-binding-valid-written contract between us; the decree stipulated, "*Jeep and Trailer [from Linh to Adam] in lieu of child support [until child ages out]*." The finalized divorce decree was titled "*Stipulated General Judgment of Dissolution of Marriage; and Money Award (Co-Petitioners)*" (the "*Contract*" herein) officially executed on 08 JAN 2016 in the "Circuit court of the State of Oregon for the Linh County of Columbia, Department of Domestic Relations, **case No. 15DR18623, Judge Cathleen B. Callahan**."

iii.  i state under OATH and will state under oath in a judicial setting or otherwise that (1) **i am NOT nor have i ever been an "absent Father" whose child required Federal or state funded welfare assistance because of his absence and parental power was neither lost through any fault of his own.** (2) there is no evidence out there and there was no evidence presented at the time of the *alleged* initial support-orders 10/17/2022 and 02/20/2024 [*duplicated orders violating judicial estoppel, res judicata, nisi prius, and stare decisis of binding finalized child support order 01/10/2016 in Columbia County, state of Oregon between Adam and i*] or at the time of any request for application of services by the custodial parent named in the account that i was an "absent Father" whose child required Federal or state funded welfare assistance because of my absence. (3) i have always been a non-Absent Mother, still am, and forever will be a non-Absent Mother. (4) i declare not to be subject to restraints not shared by the public generally *(See Jones v Cunningham)*.

iv.  On November 18, 2022, the following documents were submitted and

subsequently denied and ignored by STATE OF OKLAHOMA and its employees:

    a. A demand for paternity testing in accordance with Oklahoma parentage law. An affidavit of payments.

    b. An unrebutted notarized sworn statement of family violence perpetrated by Adam Sylvester Stephens, along with his address of record, against Plaintiff and G.L.S..

    c. A letter from the Department of Justice. A Form COL (Complaint for Denial of Rights Under Color of Law) submitted to Child Support Services.

    d. OSCN.net court record "11-18-2022 DEMAND PATERNITY TESTING PER OKLAHOMA PARENTAGE LAW; AFFIDAVIT OF PAYMENTS; FAMILY VIOLENCE STATEMENT AGAINST ADAM SYLVESTER STEPHENS AND ADDRESS OF RECORD; DEPARTMENT OF JUSTICE LETTER; FORM COL DENIAL OF RIGHTS UNDER COLOR OF LAW TO CSS; Document Available (#1051978063)"

v. <u>There has never been a motion to modify child support in Oklahoma, filed by either the ex-husband or the Plaintiff, nor has the Plaintiff ever consented to or signed any such motion</u>.

vi. Horrifically, on December 03, 2021, young woman G.L.Stephens (8.5 years old) was forcibly kidnapped from Plaintiff's safe, protective custody (case # PO-2021-3843 against Adam) by Oklahoma Child Protective Services ("CPS") without a warrant, without criminal charges, documented evidence, or credible witnesses against Plaintiff then inexplicably awarded emergency sole custody to Adam, a known and documented child abuser. CPS deprived kinship placement despite having a comprehensive seven-page list of safe, fit, available, and willing family members in Oklahoma, Texas, and Oregon. There were no efforts made by CPS for reunification even now.

i. False allegations of "child pornography, therefore mental injury" were levied

against Plaintiff still despite her innocence was confirmed by forensic analysis and testimony by the reputable private investigator David Ballard, child psychologist Jim Lovett's affidavit, OKLAHOMA DHS child investigator OKDHS whistleblower Maria Chico, 30+ year experience child psychologist Jim Lovett, 20+ year school director Jayme Wingo-Martin and 20+ year school teacher Susie Panzer, medical providers Jeri Townsend and Moris Laca, grandma and great aunt.

i.   Adam's prior termination of parental rights by the Oregon DHS for his 15-year-old daughter, Ariel Stephens (a fact known to all Oklahoma courts and readily available), the mysterious disappearance of her mother, and the subsequent court-ordered name change, social security number change, and date of birth change for Ariel are deeply troubling facts that have been consistently ignored by the court actors.

vii.  Furthermore, Special Judge April Seibert systematically excluded crucial expert witnesses who had submitted notarized affidavits supporting Plaintiff's case against DHS. This included Plaintiff's medical doctors (Jeremy Ransdell, D.O.) and her Guardian ad Litem ("GAL") Valeria Blackstock. Judge Seibert also immediately removed a reliable witness who had brought evidence against the unreliable and child-abusive GAL Stephen E. Hale, immediately after that witness was sworn in.

viii.  Meanwhile, Special Judge April Seibert and dishonest GAL Stephen E. Hale exceeded their judicial authority by making unqualified mental health diagnoses and abuse determinations against Plaintiff while simultaneously blocking testimony from qualified mental health experts and overruling Plaintiff's objections or her questioning of the court's jurisdiction/authority. The judge improperly assumed the role of mental health expert, making clinical determinations outside her judicial capacity and without supporting expert testimony and biasedly against Plaintiff, while biasedly ignoring condemning testimonies and evidence against Adam.

ix.  The judge modified custody from 50/50 to zero contact with child ever unless

Plaintiff pays $150/hour for therapeutic supervised visits that she did not consent to and objected repeatedly. Judge Seibert unlawfully terminated Plaintiff's fundamental parental rights, depriving her of any custody or meaningful contact with her daughter; her decision cited "contempt of court" based on Plaintiff's compliance with court-ordered psychological evaluation from a board-certified physician (MD/DO) instead of the court's preferred non-clinical Ph.D. psychologist, who has concerning financial connections to the court system.

x.  The court's final decision 2.5 years later in February of 2024, which granted finalized sole custody to Adam and allowed him to relocate with G.L.Stephens permanently to Texas, poses serious ethical questions, especially given Adam's documented history of abuse towards children and pets on top of history of documented visual and audible hallucinations and seizures and terminated parental rights and permanent protective order from female children.

xi.  Special Judges April Seibert and Deborrah Ludi Leitch and OKDHS employees continued to impose a series of unconstitutional punitive actions amounting to cruel and unusual punishment:

1.  Prohibited all phone/video and physical contact with Plaintiff's daughter under threat of imprisonment, overruling Plaintiff's repeated objections;

1.  Imprisoned Plaintiff for two months due to inability to pay court-ordered child support of $2,360.24/month, despite documented financial hardship and assignment of indigent attorney; this is cruel and usual punishment for nonviolent crime of owing "debt" (see David L Moss inmate ID# 1282383) for debtor imprisonment with inability to pay [unconstitutional] for two months since 02/07/2024;

2.  Authorized DHS CSS to seize Plaintiff's U.S. passport, preventing her from visiting terminally ill relatives, deprivation of freedom to travel without any jury trial as Plaintiff demanded;

3. Plaintiff's 401k, earned during her second marriage, was illegally seized without a warrant or spousal consent; $64,445.92 was taken without consent for alleged child support owed to Plaintiff's ex-husband Adam from her first marriage, despite the ERISA fund having been established two years after her finalized divorce to Adam;

4. Blocked Plaintiff's medical license renewal after DHS union lawyer on medical board State Board of Osteopathic Examiners (OSBOE) publicly reprimanded her (despite no complaint from any patients nor citizens) and forwarded that to National Practitioner Data Bank ("NPDB"), forcing closure of her private practice and ending life-long career of medicine after 14 years of expertise experience in high risk patients and no malpractice lawsuits;

5. Placed liens on landlord's rental residence for alleged attorney fees owed by Plaintiff's ex-husband Adam to Mr. Gilbert Pilkington Jr.--an attorney Plaintiff has never hired nor ever agreed to pay, is a clear injustice especially when Plaintiff has been forced to self-represent throughout these proceedings; this caused unnecessary stress in Plaintiff's relationship with her husband and with his landlord; the fact that Plaintiff had court-appointed attorney provided at no cost to her (being financially indigent) during contempts of court hearings for child support showed that she should NOT pay legal fees for herself nor for anyone else;

6. For the past three years, Plaintiff has been denied the ability to choose a therapist or supervisor for visitation. Plaintiff has been restricted to only 30 hours of visitation with her daughter due to the court-appointed therapist, Amanda Hall (HALL'S ANCHOR OF HOPE), who requires costly prepayments of $150 per hour for therapeutic supervised visits that are not medically indicated, while visitation-supervisor Cheryl Hall (FAMILY VISITATION & SOLUTIONS) also refuses to accept insurance or credit cards, only allowing

cash payments (e.g., Apple Cash), despite Plaintiff's financial situation where she has no money left in her accounts and relies solely on credit cards and borrowing from friends. Additionally, court orders have prohibited any phone or video calls between Plaintiff and her daughter, accompanied by threats of imprisonment, while overruled Plaintiff's objections and her dissent.

7. The baseless allegations and the unjust substantiation of abuse against Plaintiff by Oklahoma DHS and court actors without due process or a jury of her peers (American Vietnamese medical family physicians), have caused irreparable harm to Plaintiff and to her family: loss of consortium and family relations with her daughter who is her "biological property/offspring/happiness" per legal definition and her "gift and heritage from the Lord" per religious definition, loss of reputation via defamations, loss of lifelong career of medicine, deterioration of health (headaches, vision changes, weight loss, diseases, etc.), significant mental anguish and emotional distress, disruptions of peace and privacy by governmental overreach, permanent closure of her small private direct primary care clinic (Peace Joy Clinic PLLC), loss of precious time, loss of freedom to travel to free speech, opportunistic financial investments loss, unnecessary tax penalty for unconsented early-seizure-of-retirement-at-age-forty as Plaintiff has not retired, loss of all future earnings as a primary care doctor, false imprisonment of two month sentence (cruel and unusual punishment), ongoing and constant harassments with debt collection efforts and constant threats of recurrent incarcerations, being summoned to courts monthly on average.

xii. ONGOING ISSUES: i've experienced repeated discrimination and biased treatment in DHS and in court proceedings, including being denied the opportunity to present evidence and call witnesses. The court has systematically *ignored* my requests for due process, fair hearings and protection of my property, privacy, life, liberty, and the pursuit of happiness. All of my repeated requests for reviews

regarding worsening financial conditions, reconsiderations, appeals, objections (to the waiving of my signatures and rights, to special judges and magistrates), notices of harm, judicial notices, intent-to-sue notices, and cease-and-desist letters on all issues have been unjustly denied by successors, presiding Judges, the CWS Appeals Unit, the Oklahoma Supreme Court, the Oklahoma Court of Civil Appeals, and the U.S. District Court for the Northern District of Oklahoma. All court transcripts filed by the courts have been altered/tampered with by the courts or their court reporters, or both, as compared to the original voice recordings available from court observers or whistleblowers or Microsoft Teams videos (proof available upon request). Official requests for voice recordings and all FOIA requests have been denied by court reporters, the courts, and OKDHS. My requests under the Americans with Disabilities Act have been unlawfully denied by the courts, despite being approved on paper. All complaints submitted to Oklahoma Commission on Children and Youth, Oklahoma American Disability Act Office, Oklahoma Bar Association, Oklahoma Council on Judicial Complaints, District Attorney Office of Tulsa, Oklahoma Attorney General, Tulsa Grand Jury Office, Oklahoma State Auditor & Inspector, City of Tulsa Mayor's Office, Tulsa County Commissioner District 3 Office, Oklahoma Secretary of State Executive Legislative Services Division, Oklahoma Representative, Oklahoma Senators, U.S. Rep. House Judiciary, U.S. Senator of Oklahoma, Governor of Oklahoma, National Passport Center, STATE OF OKLAHOMA RISK MANAGEMENT DEPARTMENT OFFICE OF MANAGEMENT & ENTERPRISE SERVICES have all been ignored including but not limited to:

1. 07-14-2022 MOTION TO EVALUATE CHILD SUPPORT **TAKING INTO ACCOUNT THE ORIGINAL DECREE 01/06/2016, MEDICAL AND DENTAL EXPENSES PAID AND RESPONDENT'S CONTEMPT OF COURT DATED 07/07/2020 RE CHILD SUPPORT** Document Available (#1052629645)

2. 09-07-2022 **REPLY TO "RESPONDENT'S RESPONSE** TO MOTION TO EVALUATE CHILD SUPPORT TAKING INTO ACCOUNT ORIGINAL DECREE 01-06-2016, MEDICAL AND DENTAL EXPENSES PAID AND

RESPONDENT'S CONTEMPT OF COURT DATED 07-09-2022 RE CHILD
SUPPORT'; MOTION TO SANCTION RESPONDENT; MOTION TO
CONSOLIDATE "INDIRECT CONTEMPT CITATION FROM STATE OF
OKLAHOMA TO RESPONDENT 07-09-2020" AND "BENCH WARRANT
TAKEN UNDER ADVISEMENT COMBINE ISSUE WITH TRIAL ON MERITS
07-29-2020" WITH UPCOMING HEARING 09-09-2022 FOR MOTION TO
EVALUATE CHILD SUPPORT ET. AL. Document Available (*SEALED
DOCUMENT): sealed without consent and without lawful excuse, see my
argument next section*

3.  10-03-2022 **MOTION TO DISMISS PROTECTIVE ORDER PO-2021-4059
    FILED FRIVOLOUS BY RESPONDENT [exhusband Adam]**; REQUEST FOR
    SANCTION AGAINST RESPONDENT; RESPONSE TO "RESPONSE TO
    PETITIONER'S **MOTION TO RE-ENROLL MINOR CHILD IN SCHOOL**
    Document Available (*SEALED DOCUMENT*)

4.  10-17-2022 **DECLARATION OF PETITIONER'S EARNINGS THE LAST 2
    YEARS AS NON-SALARY NON-WAGE EARNER/SMALL BUSINESS
    OWNER/1099 WORKER AFTER BEING LAID OFF SALARY-JOB IN SEPT
    2020; DECLARATION OF OTHER PARENT'S SALARY INCOME** Document
    Available (*SEALED DOCUMENT*)

5.  10-17-2022 ADDENDUM TO "MOTION TO DISMISS PROTECTIVE ORDER
    PO-2021-4059 FILED FRIVOLOUSLY BY RESPONDENT; REQUEST FOR
    SANCTION AGAINST RESPONDENT; RESPONSE TO 'RESPONSE TO
    PETITIONER'S MOTION TO RE-ENROLL MINOR CHILD IN SCHOOL'" FILED
    ON 10-03-2022 Document Available (*SEALED DOCUMENT*)

6.  10-25-2022 MOTION FOR REMOVAL OF ALL GUARDIAN AD-LITEMS AND
    CHILD'S ATTORNEYS Document Available (#1056016831)

7.  10-25-2022 OBJECTION TO ADAM STEPHEND'S MOTION TO SEAL LINH
    STEPHENS' FULLY-CAREFULLY-REDACTED MOTIONS TO VIOLATE LINH
    STEPHENS RIGHTS AND TO HIDE THE TRUTHS Document Available
    (#1053744866)

8.  11-04-2022 REQUEST FOR JUDICIAL NOTICE Document Available
    (#1053735245), with its attachments <u>Exhibit 1</u>: Department of Justice Letter,
    dated March 14, 2016 wherein as ot assist judges in performing their duties
    lawfully and effectively; <u>Exhibit 2</u>: Denial of Rights Under the Color of Law Form
    (COL), dated where as due process of Rights; <u>Exhibit 3</u>: Affidavit of Facts with
    all its mentioned exhibits, dated October 13, 2022 right before court hearing
    regarding Respondent Adam Stephens' breach of contract and attempt of
    double-dipping child-support taken place the next date in this trial court on
    October 14, 2022; <u>Exhibit 4</u>: Redacted Diary of daughter G.S. and redacted six
    affidavits of: (1) her child psychologist, (2) school teacher, (3) school director
    who al knew her regularly since 3 year old to 8.5 year old before DHS
    caseworker Bridget O'brien harmed G.S. and harmed Petitioner Linh Stephens
    by Bridget performing judicial deception and malicious persecutions against
    them, (4) friend of family who knew us for years, (5) the Johnsons who took
    G.S. and Petitioner in as Respondent caused whole family homelessness until
    we moved to Oklahoma, (6) maternal grandparents of G.S. who proved felon

caseworker Bridget lied about what they told her regarding G.S. and her baby brother because OKDHS CPS caseworker felon Bridget O'brien (or Bridget Menser on OSC.net who has felony charges and bankruptcy history) is an unreliable witness who is biased against minority mother while favored towards Caucasian father, and her CPS reports are untruthful, dishonest, inaccurate, incomplete, unthorough, completely opposite of the original CPS reports written by neutral DHS caseworker named Maria Chico one year prior (report was truncated by supervisor Shasta Miller to protect sexual grooming and abusive father/Respondent Adam Stephens; Maria Chico testified under oath during hearing on June 01, 2022, and brought in her original untruncated report she emailed to her supervisor);

9. 11-07-2022 RENEWED "DECLARATION OF PETITIONER'S EARNINGS THE LAST 2 YEARS AS NON-SALARY NON-WAGE EARNER/SMALL BUSINESS OWNER/1099 WORKER AFTER BEING LAID OFF SALARY-JOB IN SEPT 2020 (NOT QUIT, NOT FIRED, THUS APPROVED UNEMPLOYMENT BY CHEROKEE NATION); LEAVING OUT OTHER PARENT'S SALARY/INFO SO NO NEED TO SEAL THIS RECORD Document Available (#1053744984)

10. 11-11-2022 "Statutory Form for **Power of Attorney to Delegate Parental or Legal Custodian Powers notarized" to close friends and relatives of mother/Linh only if something happened to Linh/Mother, and NEVER to the State nor exhusband** [for G.L.Stephens] notarized, served, filed into Tulsa County Clerk Office and still in effect;

11. 11-18-2022 DEMAND PATERNITY TESTING PER OKLAHOMA PARENTAGE LAW; AFFIDAVIT OF PAYMENTS; FAMILY VIOLENCE STATEMENT AGAINST ADAM SYLVESTER STEPHENS AND ADDRESS OF RECORD; DEPARTMENT OF JUSTICE LETTER; FORM COL DENIAL OF RIGHTS UNDER COLOR OF LAW TO CSS; Document Available (#1051978063)

12. 11-30-2022 LETTER FROM PETITIONER Document Available (#1054150337) "Please assist in REVERSING the Indirect Contempt Citation that was signed by mistake and being misinformed by deceptive opposing counsel Gil Pilkington JR and his client Adam Sylvester Stephens SR. Please also read my reply and arguments which can be found in the PDF attachment…"

13. 12-22-2022 MOTION TO RECUSE JUDGE APRIL SEIBERT AFTER HER REFUSAL TO RECUSE TWICE ON 11-28-2022 AND 12-20-2022 Document Available

14. 01-20-2023 MOTION TO DISMISS FOR MISCONDUCT BY OKLAHOMA DHS/CPS SUCH AS TO DEPRIVE THE DEFENDANT OF A TRIAL RELATED TO JD-2021-270 WHICH [unlawfully and without consent] TRANSFERRED JURISDICTION TO FD-2015-2228 Document Available (#1054163395)

15. 02-10-2023 **MOTION REQUESTING OF ESSENTIAL PRE-TRIAL QUESTIONS OF LAW; MOTION RAISING OBJECTIONS; AMD MOTION CHALLENGING THE COURT'S JURISDICTION** Document Available (#1054165264)

16. 02-10-2023 **INJUNCTION; MOTION TO DISMISS WITH PREJUDICE; CHALLENGE SUBJECT MATTER JURISDICTION** Document Available

(#1054165260)

17. 03-15-2023 JUDICIAL NOTICE LETTER FORM **DOJ RE: FINES, CONTEMPT, SANCTIONS, AND JAIL TIME** Document Available (#1054666502)

18. 05-09-2023 MOTION FOR ORDER OF JUDICIAL NOTICE: **UPDATED LETTER FROM DOJ DATED 20APR2023, CASE LAWS, 6TH AMENDMENT, INJUNCTION, FORM COL VIOLATION WARNING, ETC**. Document Available (#1055122057)

19. 05-30-2023 MOTION FOR **CHANGE OF VENUE JURISDICTION ELSE DISMISSAL** Document Available (#1055546086)

20. 06-02-2023 OBJECTION TO OKDHS' MOTION IN LIMINE Document Available (#1055546412)

   a. 05-30-2023 **MOLIM DEPARTMENT OF HUMAN SERVICES' MOTION IN LIMINE** Document Available (#1055546077): unconstitutional since OKDHS is the prosecutor and NOT a defendant in that case!!!

   b. While 06-09-2023 **MO MOTHER'S MOTION IN LIMINE** Document Available (#1055551881): was never heard and were ignored

   *c. Motion in Limine filed by OKDHS is fraught with constitutional violations, particularly with regards to the principles of due process and the separation of powers. The use of OKDHS as a prosecutorial body in a contempt case about alleged child support that lacks a clear foundation in law or contract is contrary to established legal precedents and state statutes.*

21. 07-24-2023 AFFIDAVIT OF BELIEF AND UNDERSTANDING AND **NOTICE TO RESCIND**; ATTN: **I DO NOT CONSENT NOR DO I WISH TO CONTRACT WITH YOU**. I DO NOT CONSENT Document Available (#1056017522)

22. 12-20-2023 OBJECTION TO ORDER OF 14DEC2023-**BIASED WITH THREATS AND GOVERNMENTAL OVERREACH** Document Available (#1057408020)

23. 01-16-2024 MOTION TO COMPEL IMPEACHMENT AND EXCULPATORY DISCOVERY FROM THE STATE AND THE ACCUSERS Document Available (#1057406322)

24. 01-16-2024 OBJECTION TO LEGAL FEES OF IMPEACHED CHILD-ABUSIVE GAL STEPHEN E HALE OBA #15777; MOTION FOR RENEWAL OF 10-25-2022 MOTION FOR REMOVAL OF ALL GUARDIAN AD-LITEMS AND CHILD'S ATTORNEYS Document Available (#1057406278)

25. 01-16-2024 MOTION TO ESTABLISH **EQUAL PROTECTION RIGHTS AT ISSUE AND MOTION FOR DECLARATORY RELIEF** Document Available (#1057406279)

26. 01-16-2024 MOTION TO ESTABLISH **SUBSTANTIVE RIGHTS** AT ISSUE AND MOTION FOR DECLARATORY RELIEF Document Available (#1057406275)

27. 01-16-2024 MOTION TO **ANSWER FEDERAL QUESTION "WHAT PROCESS IS DUE?"** AND MOTION FOR DECLARATORY RELIEF Document Available (#1057406271)

28. 01-16-2024 CSCC PROPOSED CHILD SUPPORT AND CHILD CARE

COMPUTATION Document Available (#1057406310): **completely ignored by judges who imputed income unlawfully violating constitutional rights**.

29. 01-17-2024 **DECLARATION OF EARNINGS AND OF RIGHTS AFFIDAVIT 01-15-2024 BY MOTHER/PETITIONER-TURNED-DEFENDANT** Document Available (#1057406307)

30. 01-25-2024 **JUDICIAL NOTICE: OATHS OF OFFICE, UNALIENABLE RIGHTS, CONSTITUTION FOR UNITED STATES AND FOR OKLAHOMA, BILLS OF RIGHT, DOJ LETTERS AGAINST DEBTOR PRISON, MADDIE'S LAW SB1761, ET AL** Document Available (#1057410038)

31. 02-09-2024 **WRITTEN CLOSING ARGUMENT FROM MOTHER**/PETITIONER Document Available (#1057415260): **10 pages yet oklahoma supreme court on appeals altered records shorten it to 2 pages**, see case # **DF-120849**

32. 02-09-2024 ORDER OF COMMITMENT FOR PUNISHMENT RETURN FROM TCSO Document Available (#1057415455)

33. 03-01-2024 **MOTION FOR INABILITY-TO-PAY HEARING PER DISTRICT RULE 8.5; REQUESTING DISMISSAL** Document Available (#1058099560): ignored, never heard by Defendants

34. 03-01-2024 AFFIDAVIT OF (1) PETITION-IN-ERROR PACKAGE FOR COURT OF CRIMINAL APPEALS RE: "CONTEMPT OF COURT **IMPRISONMENT 60 DAYS**" BEING REFUSED BY COURT CLERK UPON FILING (2) **DAVID L. MOSS CRIMINAL JUSTICE CENTER PREVENTED DEFENDANT FROM GOING TO LAW LIBRARY** Document Available (#1058099570)

35. 03-28-2024 SERV ORDER OF RELEASE FROM CUSTODY RETURN FROM TCSO Document Available (#1058287157)

36. 04-04-2024 TEXT DEFENDANT'S EXHIBIT LIST SHORTEN DUE TO UNLAWFUL MOTION TO LIMINE OF DHS AND OF FATHER BUT WAS STILL NOT ALLOWED INTO EVIDENCE DURING JURY TRIAL 02-06-2024 TO 02-07-2024 Document Available (#1058101569)

37. 04-04-2024 NOTICE TO CHILD PROTECTIVE SERVICES AND CHILD SUPPORT SERVICES OF LACK OF JURISDICTION AND ATTACKS THROUGH ADMINISTRATIVE TRIBUNALS Document Available (#1058290480)

38. 04-05-2024 "NOTICE OF APPEAL" PROFFERED TO THE COURT NEAR THE END OF JURY TRIAL 02-07-2024 (VERBALLY AND PRINTED VERSION) AND DEFENDANT ASKED STANDBY COUNSEL CIERRA FREEMAN TO FILE IT ALSO00AS DEFENDANT WAS HANDCUFFED TO JAIL--BUT COURT APPOINTED COUNSEL NEVER FILED IT EVEN NOW 04-04-2024 Document Available (#1058279495)

39. 04-05-2024 **MOTION OBJECTING TO ALL SPECIAL JUDGES, REQUESTING DISTRICT JUDGES** Document Available (#1058279523)

40. 04-08-2024 MOTION FOR RULE 8 HEARING REQUESTING DISMISSAL OF ALL COURT COSTS, FINES, FEES, AND RESTITUTION AS MOTHER IS AFFIRMED INDIGENT BY OKLAHOMA SUPREME COURT, US DISTRICT COURT, AND DAVID L MOSS CRIMINAL JUSTICE CENTER Document

Available (#1058279532)

41. 04-08-2024 MOTION TO PAUSE CHILD SUPPORT ACCUMULATION AND IT'S COMPOUNDED INTERESTS DURING INCARCERATIONS(S) Document Available (#1058279536)

42. 04-29-2024 DEMAND FOR JUSTICE AND ADMINISTRATIVE REVIEW RE: BANK LEVY AND CHILD-SUPPORT AMOUNT: DEMAND TO CEASE AND DESIST; Document Available (#1058288807)

43. 04-30-2024 DEMAND FOR A HEARING RE: BANK LEVY AND CHILD-SUPPORT ARREARAGES; FINAL DEMAND TO CEASE AND DESIST 04-30-2024 Document Available (#1058276700) 05-03-2024 TEXT FINAL NOTICE OF CLAIM OF IMPENDING HARM AND TRESPASS Document Available (#1058276765)

44. 05-03-2024 "**FINAL NOTICE OF CLAIM OF IMPENDING <u>HARM AND TRESPASS</u> after several notices being ignored by Renee Banks, Jason Hoenshell, Emmalene Stringer, and Mary Johnmeyer et. al. personally and via their respective employer/agency/entity \*\*\*Notice to Principal is Notice to Agent and Notice to Agent is Notice to Principal\*\*\***", mislabeled by court clerk as "FINAL NOTICE OF CLAIM OF IMPENDING HARM AND TRESPASS Document Available (#1058276765)"

45. 06-03-2024 [verified] **AFFIDAVIT OF NATURALIZATION & PLEDGE OF ALLEGIANCE** Document Available (#1058714423)

46. 06-12-2024 **"Null and Void are All Contracts between STATE OF OKLAHOMA ex. rel. OKDHS and Linh Tran Stephens or :Linh-Tran:'s offsprings, including but not limited to G.L.Stephens. Notice to the Court**" clerk labeled "**Notice To The Court**", mislabeled by court clerk as "NOTICE TO THE COURT Document Available (#1058712815)"

47. 07-23-2024 **NOTICE REGARDING UNITED STATES SUPREME COURT'S ORDER** Document Available (#1059220290)

48. 09-23-2024 "**Affidavit of Violated Constitutional Rights by Unlawful Tribunal and Constitutional Demand for Remedy**" notarized and served 09-06-2024; mislabeled by court clerk as "NOTICE TO PRINCIPAL IS NOTICE TO AGENT, NOTICE TO AGENT IS NOTICE TO PRINCIPAL, AFFIDAVIT IS A FORM OF EVIDENCE Document Available (#1059889666)"

49. 10-30-2024 "**Re: Statement of Account 10/05/24 NCP: 000948641, fraudulent OAH No.: 23-00313-73, fraudulent OK IV-D FGN: 000948641001 Notice to Dispute Claims**" mislabeled by clerk as "NOTICE/APPLICATION WITH ATTACHMENTS" under Document Available (#1060159680)"

50. 10-30-2024 "**REBUTTAL TO CLAIMED DEFAULT OF PAYMENTS FOR CHILD SUPPORT DEBT OBLIGATIONS for *fraudulent* OAH No.: 23-00313-73, *fraudulent* OK IV-D FGN: 000948641001**" mislabeled by clerk as "NOTICE/APPLICATION WITH ATTACHMENTS Document Available (#1060159680)"

51. 11-05-2024 LEGAL NOTICE AND CEASE AND DESIST LETTER FOR **INFRINGEMENT OF <u>TRADEMARKS</u> AND CORPORATIONS' OWNERSHIP**

**RIGHTS; DEMAND IMMEDIATE PROVISION OF YOUR BONDS AND HOMEOWNER'S INSURANCE POLICY FOR POTENTIAL CLAIMS** Document Available (#1060162917)

52. 11-05-2024 "**Notice of Changed Legal Status and CSS Debt Discharge, Null and Void are all Contracts between us**" mislabeled by court as "NOTICE OF CHANGED LEGAL STATUS Document Available (#1059890076)", originally served/mailed 06-11-2024

53. 12-02-2024 MOTION TO DISMISS Document Available (#1060502756): "Reference: Court Case No. FD-2015-2228 and Child Support Agency Account Number OK IV-D FGN: 000948641001, OAH No. 23-00313-73 I respectfully request that the Court grant this MOTION TO DISMISS for the cause of lack of subject matter jurisdiction. Please enter an ORDER for dismissal on the above case number Or alternatively, a trial by jury of my peers in a common law court is demanded. I DO NOT request an oral hearing in front of the judge on this motion. Immediate provide to me your bonds and your homeowner's insurance policy [for potential claims]--of all those involved in my case and my daughter's case (e.g. any DHS employees past or current successors, police, bar card attorneys or judges), or related to any other violations of our god-given human rights, civil rights, unalienable rights, etc. that have occurred. If a state actor does not have his/her personal bond on file, then that agent is not in a seat or office of government, and he/she is now in his/her personal capacity and must notify me."

54. 12-02-2024 LEGAL NOTICE TO CSS FOR ALLEGED TITLE IV-D DEBT Document Available (#1060502752)

55. 12-02-2024 MANDATORY JUDICIAL NOTICE AND COGNIZANCE RE: COURT COSTS Document Available (#1060502748)

56. 12-05-2024 REBUTTAL/CHALLENGE OF THE 12 PRESUMPTIONS PRESENTED BY THE FOR-PROFIT STATE OF OKLAHOMA TULSA COUNTY DISTRICT COURT AND THE PRIVATE B.A.R. ASSOCIATION OF OKLAHOMA Document Available (#1060505484) and again filed **12-10-2024** Document Available (#1060506492):

57. 12-10-2024 DURABLE POWER OF ATTORNEY NOTICE TO PERSON EXECUTING DURABLE POWER OF ATTORNEY Document Available (#1060506444): **emphasized that i have given power of attorney only to myself and revoked everyone else**

58. 12-10-2024 NOTICE AND AFFIDAVIT **RESCINDING MARRIAGE LICENSE** 581911, ITS MARRIAGE CERTIFICATE, ITS POWER OF ATTORNEY, AND REBUTTING ALL LEGAL PRESUMPTIONS CONTAINED THEREIN Document Available (#1060506440)

59. 12-10-2024 THIRD PARTY AFFIDAVIT OF MAILING Document Available (#1060506436): **return summons to sender as mail frauds & identity theft**

60. 12-10-2024 AFFIDAVIT OF VIOLATED CONSTITUTIONAL RIGHTS BY UNLAWFUL TRIBUNAL AND CONSTITUTIONAL DEMAND FOR REMEDY, NOTICE OF PRINCIPAL IS NOTICE TO AGENT, NOTICE TO AGENT IS NOTICE TO PRINCIPAL, NOTICE APPLIES TO ALL SUCCESSORS AND

ASSIGNS, AFFIDAVIT IS A FORM OF EVIDENCE, AND SILENCE IS ACQUIESCENCE AND ACCEPTANCE Document Available (#1060506428) **served 09-26-2024**

*61.* 12-10-2024 AFFIDAVIT OBJECTIONS AND CORRECTIONS TO THE REPORT OF OKDHS CPS CASEWORKER BRIDGET O'BRIEN / MENSER AND DEMAND RETURN OF CHILD TO ME NOTICE TO AGENT IS NOTICE TO PRINCIPAL, NOTICE TO PRINCIPAL IS NOTICE TO AGENT, NOTICE APPLIES TO AL SUCCESSORS AND ASSIGNS, AFFIDAVIT IS A FORM OF EVIDENCE, SILENCE IS TACIT ACQUIESCENCE/AGREEMENT/DISHONOR Document Available (#1060506420)

*62.* 01-08-2025 NOTICE: OFFER TO SETTLE CLAIMS Document Available (#1060497530): **regarding alleged child support attorney fees and contempt child support**.

*63.* 03-04-2025 **NOTICE - WRIT OF MANDAMUS MA-122859 WITH ATTACHMENTS filed and served 02/13/2025 cc to FD-2015-2228 see trailing total 185 pages of evidence images, screen shots, texts, etc.** Document Available (#1060921397): requesting "a Writ of Mandamus instructing the Director of the OSBI to order the investigation into crimes against children; attachments:

  a. Letter to OSBI from House of Representative dated September 25, 2024 (see its page 3 with my name and my daughter's initials and my email on it, among six other egregious cases). See Attachment #1.

  b. OBSI letter to Justin JJ Humphrey, Chair of Criminal Justice and Corrections Committee of House of Representative, dated September 26, 2024 via email. See Attachment #2.

  c. Evidence of Tulsa County Courts being accomplice and enabled child abusers (*exhusband Adam, OKDHS, and court actors BAR CARD ATTORNEYS*) while maliciously prosecuted safe, fit, protective parents (*Linh and all her alternative Delegated Parental Powers notarized and served 11-11-2022*)

*64.* 03-06-2025 NOTICE OF REMOVAL FROM STATE COURT TO FEDERAL COURT Document Available (#1061154206)

*65.* 03-07-2025 TEXT VIOLATION WARNING DENIAL OF RIGHTS UNDER COLOR OF LAW Document Available (#1061154817)

xiii. **DEFENDANTS HAVEN'T RESPONSE OR REPLY, IGNORING ALL DISCOVERY**:

*1.* 01-20-2023 MOTION FOR DISCLOSURE OF SPECIFIC IMPEACHMENT AND EXCULPATORY INFORMATION Document Available (#1054163387)

*2.* 01-20-2023 MOTION TO COMPEL UNTRUNCATED DHS/CPS RECORDS TO PETITIONER AND IMPOSE SANCTION Document Available (#1054163391)

*3.* 01-20-2023 COMBINED MOTION FOR DISCOVERY AND PRODUCTION OF EXCULPATORY EVIDENCE AND MATERIALS AND BRIEF IN SUPPORT Document Available (#1054163403)

*4.* 02-28-2023 PETITIONER'S RESPONSE TO DISCOVERY REQUEST; OBJECTION TO LATE SUPPLEMENTAL DISCOVERY REQUEST AND LATE

FOUR OTHER DISCOVERY REQUESTS RE PETITIONER'S FOUR AMENDED APPLICATIONS FOR INDIRECT CONTEMPTS OF COURT AGAINST RESPONDENT #3-#6, ALL PAST DEADLINE 01-20-23, DATED 02-08-23, RECEIVED 02-24-23 Document Available (#1054660394)

xiv.   **NUMEROUS SEALED DOCUMENT UNLAWFULLY & AGAINST Linh's OBJECTIONS**

*1.*  09-07-2022 REPLY TO "RESPONDENT'S RESPONSE TO MOTION TO EVALUATE CHILD SUPPORT TAKING INTO ACCOUNT ORIGINAL DECREE 01-06-2016, MEDICAL AND DENTAL EXPENSES PAID AND RESPONDENT'S CONTEMPT OF COURT DATED 07-09-2022 RE CHILD SUPPORT'; MOTION TO SANCTION RESPONDENT; MOTION TO CONSOLIDATE "INDIRECT CONTEMPT CITATION FROM STATE OF OKLAHOMA TO RESPONDENT 07-09-2020" AND "BENCH WARRANT TAKEN UNDER ADVISEMENT COMBINE ISSUE WITH TRIAL ON MERITS 07-29-2020" WITH UPCOMING HEARING 09-09-2022 FOR MOTION TO EVALUATE CHILD SUPPORT ET. AL. Document Available (SEALED DOCUMENT)

*2.*  10-03-2022 MOTION TO DISMISS PROTECTIVE ORDER PO-2021-4059 FILED FRIVOLOUS BY RESPONDENT; REQUEST FOR SANCTION AGAINST RESPONDENT; RESPONSE TO "RESPONSE TO PETITIONER'S MOTION TO RE-ENROLL MINOR CHILD IN SCHOOL Document Available (SEALED DOCUMENT)

*3.*  10-17-2022 DECLARATION OF PETITIONER'S EARNINGS THE LAST 2 YEARS AS NON-SALARY NON-WAGE EARNER/SMALL BUSINESS OWNER/1099 WORKER AFTER BEING LAID OFF SALARY-JOB IN SEPT 2020; DECLARATION OF OTHER PARENT'S SALARY INCOME Document Available (SEALED DOCUMENT)

*4.*  10-17-2022 ADDENDUM TO "MOTION TO DISMISS PROTECTIVE ORDER PO-2021-4059 FILED FRIVOLOUSLY BY RESPONDENT; REQUEST FOR SANCTION AGAINST RESPONDENT; RESPONSE TO 'RESPONSE TO PETITIONER'S MOTION TO RE-ENROLL MINOR CHILD IN SCHOOL'" FILED ON 10-03-2022 Document Available (SEALED DOCUMENT)

*5.*  10-19-2022 OBJECTION TO CHILD SUPPORT ORDER AND MOTION FOR RE-CALCULATION: NOTICE OF ADDRESS REITERATION Document Available (SEALED DOCUMENT)

*6.*  10-19-2022 MOTION FOR DISMISSAL OF GUARDIAN AD-LITEM AND CHILD'S ATTORNEY, AND STRIKING FROM RECORD THE BIASED, FRAUDULENT GAL REPORT WRITTEN BY STEPHEN E. HALE Document Available (SEALED DOCUMENT)

*7.*  11-02-2022 **SEIBERT, APRIL: ORDER FOR SELECT RECORDS TO BE SEALED** Document Available (#1053749855)

   a.  11-02-2022 **OBJECTION TO MOTION TO SEAL - AMENDED RE LINH STEPHENS' ALREADY-REDACTED MOTIONS TO VIOLATE LIN STEPHENS' RIGHTS TO HIDE THE TRUTHS AND FACTUAL, BELIEVABLE EVIDENCE** Document Available (#1056016835): ignored by

Defendant special judge April Seibert

8. <u>01-17-2023</u> **SEIBERT, APRIL: ORDER FOR SELECT RECORDS TO BE SEALED** Document Available (#1054161606)

9. <u>02-28-2023</u> **LINH'S AFFIDAVIT OF FACTS NOTORIZED 10/13/2022** Document Available (**SEALED DOCUMENT**)

i have proof of these claims, and evidence is available upon request, with some accessible online under Evidence Folder "Available to Public": **https://tinyurl.com/4cdv5u56** .

48. <u>DETAILED TIMELINE THAT IS NOT EXHAUSTIVE OF ALL VIOLATIONS OF MY RIGHTS</u>:

**May 17, 2012**: Plaintiff married Adam Sylvester Stephens in Maricopa County, Arizona. At the time, Plaintiff was serving as an active duty officer in the U.S. Navy Medical Corps. She served for five years and was honorably discharged in 2015, having received multiple commendations during service. Upon her first marriage to Adam and his fifth marriage to her, Plaintiff was 28 years old and he was 42 (14 years age difference).

**July 2013**: Birth of their daughter, G.L.Stephens, the first child of Plaintiff's first marriage and Adam's seventh child from his fifth marriage.

**August 2015**: G.L.Stephens and Plaintiff relocated to Tulsa, Tulsa County, Oklahoma.

***Original Divorce Agreement in republic of Oregon and Subsequent Court Orders (2016-2017) in state of Oklahoma***:

**January 8, 2016**: The divorce was finalized in Columbia County, Oregon, establishing a custody agreement of "50/50 joint legal and physical custody" and "unhampered access to child for both parties" per the Oregon divorce decree/court-order. The decree stipulated, "Jeep and Trailer [from Linh to Adam] in lieu of child support [until child ages out]." The finalized divorce decree was titled "Stipulated General Judgment of Dissolution of Marriage; and Money Award (Co-Petitioners)" officially executed on January 8, 2016 in the "Circuit Court of the State of Oregon for the County of Columbia, Department of Domestic Relations, case No. 15DR18623, Judge Cathleen B. Callahan."

**July 11, 2017**: After Plaintiff faced repeated custodial interferences from Adam, who kidnapped G.L.Stephens for four months, Tulsa Police advised Plaintiff to seek intervention from the Tulsa Courts, alleging that Tulsa Police do not enforce divorce decrees finalized in other states. Plaintiff requested the Tulsa Oklahoma court for enforcement of the custody terms.

**May 12, 2017**: The Oregon decree was adopted by the district court for Tulsa County, Oklahoma, without any request to modify child support by Plaintiff, via David W. Davis BAR CARD ATTORNEY..

**July 11, 2017**: Oregon custody decree/contract was registered in Tulsa County, Oklahoma (Document #1037428505) under case FD-2015-2228. Judge Thera Dreiling confirmed this foreign order registration.

**September 11, 2017**: Judge Theresa Dreiling issued an "INTERIM ORDER" (Document #1038039235) that rewarded Father's documented custodial interference by increasing his custody to alternating weeks.

**November 20, 2017**: Plaintiff remarried to her second/current husband in Tulsa, Oklahoma.

**November 28, 2017**: Judge Theresa Dreiling issued an Order (Document #1038854849) granting Plaintiff's Motion to Deem Admissions, establishing key admitted facts including that Plaintiff is fit for sole custody, sole custody to Plaintiff serves child's best interest, and Father has engaged in numerous harmful behaviors including denying mother's custody time, using derogatory language about mother in child's presence, and threatening to leave Oklahoma to prevent mother-child contact.

**August 9, 2018**: Guardian ad Litem ("GAL") Valerie Blackstock submitted a critical report revealing child safety concerns with Adam (Plaintiff's exhusband), including G.L.Stephens's expressed fear of her father, fear of spanking despite court order prohibiting corporal punishment, and unsafe transportation practices. The report recommended Plaintiff should provide primary residence due to greater stability and have increased parenting time, noting that Father demonstrated disregard for court orders and child safety.

***Escalation of Child Protection Concerns against Adam (2020-2021)***:

**May 2, 2020**: Oklahoma Department of Human Services (OKDHS) informed Plaintiff of a referral regarding abuse allegations against ex-husband Adam concerning their then 7.5-year-old daughter G.L.Stephens including forced nudity and concerning behaviors. Specifically, reporter Tiffany Miller relayed G.L.Stephens's disclosures of being forced by Adam to sleep naked with him, exposed to naked Adam and other naked men, locked in semi-trucks for undetermined periods, and inappropriate makeup applications by babysitter Michelle Nguyen.

**July 3, 2020 - June 19, 2021**: G.L.Stephens's personal diary documented alarming experiences with her father, corroborated by videos of G.L.Stephens using Siri for spelling while writing her diary without coaching/assistance. Diary mentioned "sleeping naked with Daddy," "Daddy taking pictures of her naked," and "forced to swim around naked men," etc. Evidence was filed into courts, found in **https://tinyurl.com/4cdv5u56** and is available upon request.

**July 8, 2020**: Under duress and under attorney Melissa Cornell's pressure, Plaintiff dismissed emergency custody action after being shown a one-page print-out of partial CPS "unsubstantiated report" and receiving threats that GAL

Stephen E. Hale would testify against her.

**September 30, 2020**: Due to Plaintiff's job loss and subsequent unemployment, regular therapy sessions with child psychologists were discontinued.

**November 2021**: G.L.Stephens, then 8 years old, tearfully disclosed to Plaintiff and other relatives that Adam choked her dog named Gizmo nearly to death in front of her. She next expressed fear for her own life and felt compelled to be at Adam's home to protect her dog.

**November 23, 2021**: Plaintiff filed police reports in Owasso (Report # 2021-2553, Rogers County) and Tulsa (Report # 2021-060000, Tulsa County) regarding Adam's abuse of G.L.Stephens and her pets.

**November 24, 2021**: Plaintiff filed a Protective Order against Adam (case # PO-2021-3843), which was signed by Judge Julie Doss.

**November 29, 2021**: Plaintiff filed a DHS referral (# 2199067) and retained BAR CARD ATTORNEYS Erica Parks and Dale Warner using borrowed funds of $5,000 for retainer fee from relatives.

***Unlawful Child Removal and Deprivation of Due Process (December 2021)***:

**December 1, 2021**: DHS worker Bridget O'Brien, who has a felony record, came to Plaintiff's house pretending to investigate Adam but refused to document concerns reported to her by anyone, refused to take any evidence submitted, call witnesses, or review G.L.Stephens's diary, falsely claiming it was fabricated despite evidence and reliable witnesses.

**December 2, 2021**: G.L.Stephens expressed to school director a strong bond with Plaintiff. Later that evening, G.L.Stephens shared with neighbor Jeri Townsend plans to testify about father's abuse; G.L.Stephens questioned GAL Stephen Hale's failure to protect her and expressed fear of her father potentially killing other family members out of anger.

**December 3, 2021**: Around 6 PM, G.L.Stephens was forcibly taken by DHS from school to a foster home without a warrant, without criminal charges, documented evidence, or credible witnesses against Plaintiff. G.L.Stephens was not given a chance to say goodbye to Plaintiff nor extended maternal family nor neighbors and church family. CPS deprived kinship placement despite having a comprehensive seven-page list of safe, fit, available, and willing family members in Oklahoma, Texas, and Oregon. This decision by Judge Theresa Dreiling was based on hearsay from caseworker Bridget O'Brien, who has a felony record, whose words are not to be believed per law.

**December 8, 2021 - Morning**: G.L.Stephens's protective order against her father (case No. PO-2021-3843) was unjustly dismissed by Judge Julie Doss, without allowing G.L.Stephens to testify, without proper representation for Plaintiff (attorneys falsely claimed "no objection"), without due process considerations.

**December 8, 2021 - Afternoon**: A "secret" meeting ("undisclosed hearing") was held without proper notice to Plaintiff, involving DHS caseworker Bridget O'Brien, state attorney Kimberly Jantz, and Special Judge Martha Rupp Carter. The minute order falsely claimed "there are no objections by the parties for the proposed release of the children from emergency custody." The outcome was immediate emergency sole custody transfer to abuser Adam without DHS supervision and zero contact allowed for Plaintiff.

**December 10, 2021**: Owasso Detective Penny Hamrick finally met with Plaintiff regarding police report #2021-2553 but denied request for a referral to Muskogee Kids Space for G.L.Stephens's forensic interview and forensic medical exam, refused to accept evidence including G.L.Stephens's diary, and attempted to coerce Plaintiff into taking a lie detector test while denying the same request to Adam.

**December 14, 2021**: Adam filed a fraudulent Protective Order (PO-2021-4509) against Plaintiff, falsely accusing Plaintiff of "watching child porn with G.L.Stephens" and "kidnapping G.L.Stephens from [private] school," contrary to evidence from the school and device clearance by private investigator David Ballard using an FBI-grade scanner. Judge Julie Doss granted a protective order to Adam against Plaintiff based on unsubstantiated allegations.

**December 17, 2021**: Adam applied for an Emergency Custody Order, which Special Judge Rodney Sparkman (who had previously worked for DHS for decades and failed to disclose this conflict) signed without any argument, evidence, reliable witnesses, cross-examination, or jury trial of Plaintiff's peers as demanded by Plaintiff.

**December 20, 2021**: During a virtual emergency custody hearing, Plaintiff was wrongfully designated as the abuser while Adam was improperly depicted as a safe parent, despite his extensive confirmed history of children's abuses and mental health diagnoses by OKDHS and by Oregon.

**Pattern of Racketeering Activity (2021-2024)**: Defendants engaged in a coordinated scheme to create false child support obligations despite the valid Oregon divorce decree specifically voiding such obligations.

***Disability Discrimination and ADA Violations (2022-Present)***: Plaintiff has documented medical conditions qualifying as disabilities under the ADA

**March 21, 2022**: During a hearing with Plaintiff's new attorney named Chandler Moxley, Special Judge April Seibert violated Americans with Disabilities Act ("ADA") by requiring Plaintiff's disability diagnoses to be stated aloud in open court, despite these diagnoses having been emailed to the ADA coordinator weeks prior, subsequently retaliated for ADA requests by ordering psychological evaluation based on the actions of others. Specifically, Plaintiff's ADA advocate was denied a private breakout room with the judge, who insisted the diagnoses be spoken out loud in public; the judge subsequently retaliated for ADA requests

by ordering psychological evaluation based on the actions of others, stating that Plaintiff must be "crazy" because ADA advocates sent "too many" correspondences requesting accommodations; ADA requests were ignored by ADA coordinators, even after complying with demands for official medical doctor's notes. All subsequent judges also excluded Plaintiff's advocates from participating virtually while allowing opposing parties to appear in the same hearings.

**May 18, 2022**: Owasso Police and Rogers County District Attorney Office issued two false arrest warrants against Plaintiff based on unsubstantiated protective order PO-2021-4509, leading to two arrests and a two-year legal battle that ultimately resulted in dismissals of both defamatory charges.

**December 22, 2022**: During the recusal hearing of Special Judge April Seibert, significant evidence of two-inch thick binder and a USB drive with voice recordings and recorded videos were all admitted as evidence.

**September 8, 2023**: The first therapeutic supervised visit occurred nearly ten months after numerous motions and hearings, but only with a therapist Plaintiff didn't choose (Amanda Hall). Plaintiff's three request therapists were denied without any lawful reason.

**January 26, 2024**: GAL Stephen E. Hale submitted false and damaging reports against Plaintiff, favoring Adam. Plaintiff received these reports only four days prior to trial, leaving insufficient time to prepare adequately, again showing discrimination against Plaintiff.

***Unlawful Debtor Imprisonment and Asset Seizure (2024-2025)***:

**January 31, 2024**: A five-day bench trial before Special Judge April Seibert commenced against Plaintiff's demand for "a trial in front of 12 peers (thus second generation Asian American family physicians) in common law court under article three court." in common law court under article three court." Plaintiff was ordered to have only 10 hours TOTAL to testify, present witnesses, cross-examine all witnesses, and defend against five false contempt allegations against Plaintiff vs eleven true contempt allegations against exhusband Adam.

**February 20, 2024**: An unjust and unconstitutional duplicated child support order was issued by Special Judge April Seibert, ordering Plaintiff to pay $2,360.24/month despite documented financial hardship.

**Been February 6-7, 2024**: A six-member jury trial was held regarding contempt of court for Plaintiff's inability to pay child support before Special Judge Deborrah Ludi-Leitch. The jury verdict resulted in a 60-day JAIL SENTENCE and a purging fee of $12,913.40 in CASH BOND, while ignoring Plaintiff's inability to pay and prior affirmations of financially indigent status by higher court Oklahoma Supreme Court (see case No. DF-120848 and DF-120849). Special Judge Deborrah Ludi-Leitch denied Plaintiff's request to serve the sentence on weekends to

continue working, thereby causing Plaintiff's direct primary care clinic to close permanently.

**In May 2024**: OKDHS continued to fraudulently billed Plaintiff $2,360.24/month while illegally seized $64,445.92 from Plaintiff's 401(k) retirement account at age 40, despite her non-retiring status. These accounts, earned during employment with Cherokee Nation from August 2018 to September 2020 and during Plaintiff's second marriage, are federally protected from child support garnishment, particularly since the divorce was finalized in January 2016, long before the establishment of that 401(k).

**December 31, 2024**: Plaintiff received a PDF email from Passport-CRBA-Notification@state.gov regarding Notice of Passport Revocation and was told there is no available means to appeal that Agency except through DHS CSS. Plaintiff's conditional acceptance letters to both Passport Agency and OKDHS Agency were ignored.

**February 13, 2025**: Plaintiff filed in the same superior court for a Writ of Mandamus for the Oklahoma State Bureau of Investigation (OSBI) to investigate the abuses of her daughter. However, she was met with an unconstitutional sealing of the mandamus and its evidence from public eyes and

EVENTS WITH MAJOR VIOLATIONS OF RIGHTS POINTED OUT:

49. In January 2016, Plaintiff entered into a valid divorce agreement in the Republic of Oregon, granting 50/50 custody with ex-husband Adam Sylvester Stephens Sr., with specific consideration given ("Jeep and Trailer in lieu of child support"). This agreement was duly notarized and finalized by a district court judge **without objection from either party.**

50. On December 03, 2021, Oklahoma CPS forcibly removed Plaintiff's daughter from Miss Helen's Private School without:

> Valid warrant prior to unlawful seizure of Plaintiff's biological property (first born female offspring named G.L.Stephens)
> Criminal charges,
> Probable cause nor exigent circumstance,
> Credible evidence,
> First-hand witnesses,
> Consideration of available kinship placement,
> Due process.

51. False allegations of "child pornography therefore mental injury" were made against Plaintiff:

> No FBI investigation was conducted despite Plaintiff's request
> Private investigator David Ballard confirmed Plaintiff's innocence

Child psychologist Jim Lovett provided exculpatory affidavit and testimony
Multiple professional witnesses testified to Plaintiff's fitness as a parent

52. i have sent multiple "Conditional Acceptance" letters to both the Oklahoma Department of Human Services (OKDHS), the Oklahoma courts, and the National Passport Center requesting proof of claims regarding their alleged child support obligations against me and their punishments. These letters were deliberately ignored by the recipients, which constitutes a "dishonor" under commercial law principles. Since these entities failed to respond with the requested proof, they have: (a) Dishonored my conditional acceptance, (b) Failed to provide due process regarding the delinquency determination, (c) Cannot legally enforce child support obligations or passport restrictions.

    Facts are:

i.    i sent conditional acceptance letters to OKDHS on multiple dates, including 11-20-23 and 12-08-23, with ongoing communications thereafter.

ii.   i sent a conditional acceptance letter to the National Passport Center dated August 6, 2024, via certified mail with tracking numbers.

iii.  in my **conditional acceptance letters**, i have demanded OKDHS, all Oklahoma agencies/court actors, Bank lawyers, and National Passport Center the following proof of claims and have NOT received any **proof of claims**:

   *1.* Proof of a valid contract between me and OKDHS/CSS with my allegedly wet-ink autograph. **Any document allegedly signed by me or on my behalf must be notarized by a reputable UPS store notary public or by Melissa Vagle. Notarizations from court personnel or members of the Bar Card Association are not and will not be accepted under any circumstances**.

   *2.* Proof of services OKDHS allegedly provided to me and my daughter

   *3.* Proof that OKDHS gave proper notice and opportunity to contest the delinquency determination before reporting to the National Passport Center and employers and banks

   *4.* Proof that Oklahoma courts have jurisdiction over my child support matter despite the existing Oregon court order/decree from January 8, 2016

   *5.* Proof that Oklahoma courts have authority to override the judicial estoppel and res judicata principles that would enforce the original Oregon decree which was executed/ordered prior to Oklahoma court modifications started December

2021.

6. Proof that the alleged Oklahoma child support enforcement meets the requirements of the **Full Faith and Credit Clause** (found in **Article IV, Section 1** of the United States Constitution) given the **<u>Oregon decree</u>** and given the declaration asserting the unconstitutionality of child support by the Supreme Court of Minnesota in ***Holmberg v. Holmberg*, 588 N.W.2d 720**:

   a. The **Full Faith and Credit Clause found in Article IV, Section 1 of the United States Constitution** mandates that each state must recognize and respect the public acts, records, and judicial proceedings of every other state. This ensures that judgments and orders issued in one state are given full effect in all other states. The Full Faith and Credit Clause is essential for maintaining a unified legal system in the United States. It ensures that individuals and businesses can rely on the predictability and consistency of legal rights and obligations across state lines.

   b. Furthermore, CHILD SUPPORT was declared unconstitutional by the Supreme Court of Minnesota see: ***Holmberg v. Holmberg* 588 N.W.2d 720**. "The administrative child support process created by Minn.Stat. § 518.5511 (1996) violates the separation of powers doctrine by infringing on the district court's original jurisdiction, by creating a tribunal which is not inferior to the district court, and by permitting child support officers to practice law. Therefore, the statute is unconstitutional."

7. Proof that the court has proper subject matter jurisdiction over my case, especially given my declaration as "sui juris" and my statement about not being the "en legis, legal fiction, trust, corporation" etc.

   a. ***Axon Enterprise, Inc. v. FTC***, 143 S. Ct. 890 (<u>2023</u>): "Cases involving ... deprivation or transfers of life, liberty, or property constitute a 'core' of cases that ... must be resolved by Article III courts–not executive adjudicators dressed up as courts".

8. Evidence that the "Jeep and Trailer in lieu of child support" agreement in the Oregon decree was properly modified through lawful channels of article three courts under common law as i have demanded repeatedly

9. Verification that i was properly served with legal process for any modifications

to the original child support agreement of January 2016 in republic state of Oregon (not in corrupt state of Oklahoma)

10. Verification that i qualify as an "Absent Father" under Title IV-D criteria

11. Proof that OKDHS conducted proper due process before seizing retirement accounts and other assets including child(ren) and banks and retirements

12. Evidence that OKDHS has authority to override the federal protections for retirement accounts (specifically myr 401(k) and IRA accounts)

   a. ***Axon Enterprise, Inc. v. FTC***, 143 S. Ct. 890 (2023): "Cases involving ... deprivation or transfers of life, liberty, or property constitute a 'core' of cases that ... must be resolved by Article III courts–not executive adjudicators dressed up as courts".

13. Proof that me ex-husband or i was receiving state assistance since unlawful child custody change on December 03, 2021 from 50/50 joint legal and physical custody, which would be required for Title IV-D enforcement

14. Proof that my exhusband and i were legally obligated under Title IV-D state-adopted federal mandates to pay child support

15. Evidence that OKDHS properly calculated my ability to pay before imposing support obligations

16. Evidence showing i received a proper Rule 8 hearing regarding inability to pay before incarceration

17. Documentation that the court considered my actual financial circumstances before ordering imprisonment for inability to pay

18. Proof of proper legal standing for garnishment of federally protected retirement accounts

19. Verification that i was properly served with legal process for any modifications to the original child support agreement

20. Evidence that proper procedural due process was followed before any bail requirements were imposed

21. Proof of the court's authority to impute income to me without factual basis while biasedly refusing to impute income against my exhusband despite hard proof i have provided against him.

22. Evidence that all court orders were properly entered according to law (rather

than being entered through fraudulent means, without my consent, and despite my repeated objections)

23. Documentation showing proper authority for the Passport Agency to revoke/suspend my passport based on OKDHS allegations

24. Evidence that the courts have considered alternative non-financial conditions before imposing financial obligations that i cannot meet

25. Proof of claim that a state can tax or enforce child-support to a human being or sovereign in obligations . See 31USC3124.

26. Proof of claim the NATIONAL PASSPORT CENTER of UNITED STATES DEPARTMENT OF STATE and OKDHS can tax or enforce alleged child support debt onto a State Citizen of a dejure state.

27. Proof of claim the NATIONAL PASSPORT CENTER of UNITED STATES DEPARTMENT OF STATE and OKDHS can tax or enforce alleged child support debt onto a citizen living and/or working in a dejure state of the union.

iv. It is also a fact that: Their constant unceasing letters from them and their satellite departments that harass, threaten, injure, attempt at coercion with scare tactics, kidnap, false imprisonment, holding hostage, and stalking, and all other actions are depriving me of my right to tranquility guaranteed by the preamble of, and the rest of the constitution for the United States of America. They are guilty of RICO, false imprisonment, extortion, kidnap-and-ransom of my offspring and of myself, FDCPA frauds, ERISA frauds, bank frauds, wire frauds, government fraud, false claim act violations, misappropriation of State funds, deprivation of rights, conspiracy to deprive rights, and numerous other crimes

v. Precedent relevant cases:

1. Furthermore, CHILD **SUPPORT was declared unconstitutional by the Supreme Court of Minnesota** see: *Holmberg v. Holmberg* 588 N.W.2d 720. **"The administrative child support process created by Minn.Stat. § 518.5511 (1996) violates the separation of powers doctrine by infringing on the district court's original jurisdiction, by creating a tribunal which is not inferior to the district court, and by permitting child support officers to practice law. Therefore, the statute is unconstitutional."**

2. *Axon Enterprise, Inc. v. FTC*, 143 S. Ct. 890 (2023): "Cases involving ...

deprivation or transfers of life, liberty, or property constitute a 'core' of cases that ... must be resolved by Article III courts–not executive adjudicators dressed up as courts".

3. The recent Supreme Court case *Loper Bright Enterprises v. Raimondo (2024)* overturned the Chevron deference doctrine, requiring courts to exercise independent judgment rather than defer to agency interpretations.

4. In *Troxel v. Granville, 530 U.S. 57 (2000)*, the Supreme Court established that "the interest of parents in the care, custody, and control of their children is perhaps the oldest of the fundamental liberty interests recognized by this Court."

5. *SEC v. Jarkesy, 603 U.S. ___ (2024)* emphasizes that due process means judicial process, and if the government seeks to interfere with my fundamental rights, "nothing less than 'the process and proceedings of the common law' had to be observed."

6. *Trump v. United States, 604 U.S. ___ (2024)* established that "There is no immunity for unofficial acts," meaning government agents have no authority and no immunity when conducting acts not granted by the Constitution.

vi. My original Oregon court order from January 8, 2016, is the only valid and binding agreement regarding child support, wherein i provided a Jeep Wrangler and trailer "in lieu of child support"

vii. Based on these unanswered conditional acceptance letters and the fundamental constitutional principles established in recent Supreme Court decisions and how these administrative agencies have failed to respond to my lawful conditional acceptance letters and have therefore dishonored them, <u>rendering their claims null and void</u>, and

1. i demand immediate dismissal of all cases against me
2. i demand the immediate return of my passport
3. i demand to be left alone and not summoned to administrative courts, which are not legitimate Article III courts with the authority to deprive me of my fundamental liberty interests as a parent
4. i demand all records of alleged child support be expunged
5. i demand all seized assets (my biological property G.L.Stephens, 401(k), IRAs, etc.) be returned to me with interest
6. i demand compensation for the violation of my constitutional rights.

53. **Defendants' Money Bail Practices Detain Individuals Based on Wealth Rather Than Suitability for Release**:

 i. **Unconstitutional Detention Based on Secured Money Bail**: A significant portion of Tulsa County residents live in poverty, compounded by high unemployment rates that exacerbate financial instability. Despite this reality, Defendants require a secured monetary bail for post-arrest release, determined solely by a bail schedule based on charge severity. The Defendants do not assess an individual's flight risk or ability to pay, nor do they consider non-financial conditions for release before enforcing these bail amounts. Release is solely contingent on the ability to pay the predetermined bail.

   *1.* The Tulsa County Bail Schedule, established by Magistrate and Court Clerk/Administrator, mandates fixed bail amounts without consideration for individual circumstances, changes to which require approval from Defendant Judges. Defendant Sheriff oversees jail operations and enforces these policies, allowing only those who can afford bail to be released immediately, while others remain detained regardless of flight risk or potential danger to the community.

 ii. **Detention Practices Based on Financial Capacity**: Upon arrest in Tulsa County, individuals are informed that immediate release is contingent upon bail payment. Those unable to pay are incarcerated until a court hearing, often lasting up to four weeks to months. This system creates a disparity where economically disadvantaged individuals endure prolonged detention, while wealthier individuals secure swift release.

 iii. **Delayed Release Hearings**: Initial appearances, mandated by Oklahoma law (Oklahoma Statutes Title 22, Section 2219), are frequently delayed, often occurring weeks to months after arrest, thus depriving individuals of timely opportunities to contest bail or ability to pay based on financial incapacity. Plaintiff Linh Tran Stephens was detained for her inability to pay bail, facing extended incarceration due to systemic financial biases.

54. **Unlawful Debtor Imprisonment**: Plaintiff's imprisonment for two months for alleged contempt of court of alleged child support ($2,360.24 per month) occurred despite:

 i. **Documented financial hardships during pandemic economic conditions**

 ii. **No consideration of Plaintiff's ongoing inability to pay**

iii. **Multiple motions for reconsideration and review of worsening financial circumstances**

iv. **The initial child support order being contrary to a valid Oregon court order**

v. **No offsets for previously paid expenses for a trailer and Jeep**

vi. Despite knowledge of her financial situation, including evidence sent via certified mail to all Defendants, they continue to threaten further imprisonment. This behavior constitutes a clear violation of constitutional prohibitions against debtor imprisonment.

55. **Unconstitutional Bail and Debtor's Prison Practices**: Defendants implement a predetermined monetary bail schedule requiring individuals to pay specific amounts for release, resulting in detention without adequate procedural safeguards or individualized hearings for those unable to pay. This practice disproportionately affects low-income individuals, violating their constitutional rights by denying due process and equal protection under the Fourteenth Amendment.

i. Plaintiff Stephens faces continuous threats of jail solely for her inability to pay bail as outlined in a schedule. She has received notice of future court dates on January 10, 2025, and March 07, 2025, with threats of re-incarceration unless she can pay alleged debts. Previously, she spent two months in unconstitutional debtor imprisonment starting on February 7, 2024; the sole reason for this incarceration was her financial indigence. Defendants have failed to evaluate her flight risk, made no inquiries regarding her ability to pay bail, and have ignored non-financial alternatives for release. Had she been able to pay the bail, she would have been released immediately. Instead, due to her inability to pay,

ii. Ms. Stephens has been subjected to continual threats of incarceration due to her poverty, as well as Defendant's entrapment aimed at malicious prosecution by artificially inflating her income in the child support calculation while significantly underreporting her ex-husband's income, and improperly assigning Title IV-D to a case that did not meet any of its criteria.

56. Violation of Civil Rights (42 U.S.C. §1983) and Deprivation of Rights Under Color of Law (18 U.S.C. §242) **Fifth Amendment Violations – Substantive Rights e.g. Due process of law, Property Rights (biological property and financial property), Rights against Self-Incrimination, Protection against Double Jeopardy, Grand**

**Jury Indictment:** Plaintiff repeats and realleges and incorporates by reference all paragraphs above, and

i.    On or about November 23, 2023, and again on December 06, 2024, Emmalene Stringer, Adam Sylvester Stephens, and Gilbert J. Pilkington Jr, the persons portraying themselves as Prosecuting Attorneys for Tulsa County, State of Oklahoma did, in their official capacity, **to deprive Linh Tran Stephens of rights secured by and enumerated in the Constitution for the United States of America, when they charged the victim for an infamous or capital crime by INFORMATION, and not by indictment from a Grand Jury, as required by law.**

ii.    On or about February 07, 2024 and again on December 06, 2024, Deborrah Ludi Leitch followed by Loretta Radford, are persons portraying themselves as judicial officers, for Tulsa County, State of Oklahoma did, in their official capacity, conspire by and between, Emmalene Stringer, a person portraying themselves as a Prosecuting Attorney for Tulsa County, State of Oklahoma, in their official capacity; a person portraying themselves as a law enforcement officer for the Tulsa City, Tulsa County, State of Oklahoma, in their official capacity; **to deprive Linh Tran Stephens of rights secured by and enumerated in the Constitution for the United States of America, when the victim was held to answer for an infamous or capital crime by INFORMATION in lieu of indictment by a Grand Jury, as required by Clause 1 of Amendment 5 to the Constitution for the United States of America.**

iii.    Plaintiff's property was unlawfully taken without just compensation, including: a) $64,445.92 garnished from retirement accounts b) Medical practice and license effectively seized c) Parental rights terminated without due process d) Personal property through liens and garnishments

iv.    Plaintiff was compelled to be a witness against herself in various proceedings: a) Forced to respond to false allegations without proper protections b) Coerced statements used to further deprive her of rights c) Denied right to remain silent without adverse inference d) Required to testify in proceedings without proper notice or preparation

v.    Plaintiff was subjected to double jeopardy through: a) Multiple punitive proceedings for the same alleged conduct b) Repeated contempt proceedings c) Cumulative

and escalating financial penalties d) Both civil and quasi-criminal punishments for same alleged acts

vi.   Defendants deliberately created a discriminatory legal process that: a) Treated Plaintiff differently than similarly situated parents b) Applied legal standards in a discriminatory manner c) Denied equal protection of the laws d) Created arbitrary classifications to justify discriminatory treatment

57. **Discriminations against Ethnicity, National Origin, Skin Color, Disability, and Gender**: **Equal protection violations through discriminatory treatment**

i.   Unlawful deprivation of parental rights and privacy rights and rights to be left alone in peace without due process

ii.   There is evidence of a deliberate pattern of using fabricated statements against the Plaintiff while suppressing truthful statements that would have been unfavorable to the State and her ex-husband, suggesting a coordinated and discriminative effort to undermine her case.

iii.   Denial of right to remain silent without adverse inference

iv.   Facts:

   *1.*   Plaintiff has documented medical conditions qualifying as disabilities under the ADA all of which does not interfere with parenting skills nor safety around kids (specifically: only tinnitus ringing in the ears randomly and English as second language);

   *2.*   Defendants were aware of Plaintiff's medical conditions through: a) Medical documentation provided to the court b) Expert testimony from healthcare providers c) Plaintiff's direct notification of disability status;

   *3.*   Defendants failed to provide reasonable accommodations including: a) Modified court schedules to accommodate medical treatments b) Accessible communication methods during proceedings c) Consideration of disability in ability-to-pay determinations;

   *4.*   Defendants used Plaintiff's disabilities as pretext for their actions

   *5.*   Plaintiff was subjected to disparate treatment compared to non-disabled parents

   *6.*   Defendants' actions exacerbated Plaintiff's medical conditions, causing further disability

58. **Defamation and Character Assassination (2021-Present)**:

   i.   Defendants knowingly published false accusations of "child pornography" and child abuse and refusal to support child financially against Plaintiff;

   ii.   These accusations were: a) Made without any credible evidence b) Continued after exculpatory evidence was presented c) Deliberately crafted to cause maximum damage to Plaintiff's reputation d) Communicated to Plaintiff's professional licensing board e) Shared with Plaintiff's community and professional associates;

   iii.   Plaintiff's innocence was confirmed by forensic analysis and testimony by private investigator David Ballard, child psychologist Jim Lovett, OKDHS whistleblower Maria Chico, school director Jayme Wingo-Martin, and others

   iv.   As a direct result of these false allegations: a) Plaintiff's medical license renewal was blocked b) Plaintiff's private medical practice was forced to close due to defamation and due to prolonged false imprisonment c) Plaintiff's professional reputation was severely damaged d) Plaintiff's standing in the community was irreparably harmed e) Plaintiff experienced severe emotional distress and humiliation

   v.   Defendants knew or should have known the statements were false

   vi.   Defendants acted with actual malice and reckless disregard for the truth

   vii.   These false allegations constitute defamation per se as they impute both criminal conduct and professional incompetence

59. **Pattern of Racketeering Activity (RICO) 2021-2024**:

   i.   Defendants engaged in a coordinated scheme to create false child support obligations despite the valid Oregon divorce decree specifically voiding such obligations

   ii.   OKDHS Child Support Services (CSS), Judge April Seibert, and other state actors worked in concert to: a) Artificially create child support obligations contrary to the binding Oregon court order b) Impose excessive fees for supervised visitation ($150/hour) through court-appointed providers c) Require prepayment for all supervised visits through cash-only transactions d) Restrict Plaintiff's ability to work by interfering with medical license renewal e) Seize Plaintiff's passport without due process f) Garnish Plaintiff's retirement accounts 401(k) of $64,445.92 without lawful basis violating federal law for ERISA accounts g) Place liens on what Courts

assumed to be Plaintiff's property for alleged attorney fees for services not rendered.

## **IV. MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER**:

60. In Tulsa County, Oklahoma, these principles are regularly ignored. Plaintiff Linh Tran Stephens was incarcerated unjustly and ongoing threats of incarceration solely due to her inability to pay fraudulently-alleged child support and bail, a fact acknowledged by the Oklahoma Supreme Court on January 23, 2023, in case no. DF-120849. Despite her recognized indigence, Defendants have disregarded critical considerations such as her flight risk (zero flight risk) and community safety (nonviolent, zero history of harm, zero aggression), focusing solely on financial means for post-arrest freedom that is unattainable by Plaintiff.

61. Given these circumstances, Plaintiff requests a temporary restraining order (TRO) regarding her first two claims for relief, seeking to enjoin the Sheriff from continuing the practice of incarcerating individuals who cannot afford child support or bail without individual hearings. This hearing must include safeguarding procedures, such as IMMEDIATE assessments of the individual's ability to pay upon arrest and exploration of alternative non-financial release conditions, ensuring that all conditions imposed are the least restrictive necessary for public safety and court appearance.

62. The potential for irreparable injury to Plaintiff and those similarly situated is immediate due to ongoing unlawful detention. Enjoining the Sheriff from detaining individuals solely due to financial incapacity aligns with public interest and equitable justice principles in Oklahoma.

63. Pursuant to Federal Rule of Civil Procedure 65(b), Plaintiff respectfully requests that this Court issue an immediate temporary restraining order against all Defendants to prevent:

Any threats or actions to imprison Plaintiff for alleged non-payment of unlawfully imposed child support obligations.

Further garnishment of Plaintiff's financial accounts or assets.

Ongoing interference with Plaintiff's medical licensure.

Immediate release of Plaintiff's passport.

Retaliation against Plaintiff for exercising her constitutional rights.

Any communication from Defendants to Plaintiff, particularly regarding debt

collection.

Stay all pending state court proceedings related to this matter.

64. This emergency relief is crucial because Plaintiff faces an imminent threat of unlawful imprisonment, and irreparable harm will follow if immediate relief is not granted. Plaintiff have a strong likelihood of success on the merits of these claims, and the balance of equities, alongside public interest, favors granting relief.

## **V. MOTION FOR EMERGENCY INJUNCTION RELIEF FOR REMOVAL FROM STATE COURT PROCEEDINGS**:

65. Pursuant to 28 U.S.C. § 1441 (removal), 28 U.S.C. § 1442 (federal officer removal), and 28 U.S.C. § 1443 (civil rights cases), Plaintiff respectfully requests that this Court:

**Order Immediate Removal** of all related state court proceedings to federal court, including:

*1.* Oklahoma state child custody proceedings

*2.* Oklahoma child support enforcement actions

*3.* Any pending contempt proceedings

*4.* Any related state court actions against Plaintiff

**Issue an Emergency Injunction** prohibiting the Oklahoma state courts from:

*5.* Conducting any further proceedings in these matters

*6.* Enforcing any existing Oklahoman orders regarding custody, visitation, or support

*7.* Issuing any new orders regarding Plaintiff or her child

*8.* Taking any action to enforce existing judgments or orders

**Assume Exclusive Jurisdiction** over all matters related to:

*9.* Child custody determination

*10.* Enforcement of the original Oregon divorce decree

*11.* All financial matters related to the parties

*12.* All matters concerning Plaintiff's parental rights

**Enjoin State Officials** from:

*13.* Continuing any administrative proceedings related to Plaintiff's professional licensing

*14.* Enforcing any state court orders regarding Plaintiff's medical license

   **15.** Taking any action to restrict Plaintiff's freedom or property

66. This emergency intervention by the federal court is justified because:

    Plaintiff cannot receive fair adjudication in state court due to the conspiracy among state actors

    Constitutional rights cannot be protected in the current state court proceedings

    Federal questions predominate, including violations of federal civil rights laws

    The state court proceedings are being used as an instrument of the RICO enterprise

    There exists a pattern of systematic bias and constitutional violations that only federal court intervention can remedy

    Removal is necessary to protect Plaintiff's federal civil rights per 28 U.S.C. § 1443

    The exceptional circumstances warrant extraordinary intervention

    Plaintiff faces immediate and irreparable harm without immediate federal intervention

67. Pursuant to Federal Rule of Civil Procedure 65, Plaintiff request the issuance of an emergency restraining order as the actions of the Defendants represent an ongoing threat to Plaintiff's constitutional rights, creating an urgent need to preserve the status quo and prevent further harm. **Winter v. Natural Resources Defense Council, Inc.**, 555 U.S. 7 (2008) articulates the necessity for emergency injunctive relief when irreparable harm may occur absent immediate court intervention.

## VI. MOTION FOR PRELIMINARY INJUNCTION FOR TERMINATION OF OKLAHOMA'S CHILD SUPPORT ORDER AND ITS MEMORANDUM OF LAW IN SUPPORT OF:

68. Plaintiff Motions to Terminate an unlawful and unconstitutional Child Support Order that was fraudulently obtained through a fraud upon the court perpetrated by Defendants BAR CARD ATTORNEYS Emmalene Stringer and Gilbert Pilkington, Jr. and others. The order was issued on February 20, 2024, by Defendant Special Judge April Seibert (whose jurisdiction Plaintiff repeatedly objected to and were unlawfully overruled) but unlawfully retroactively dated for child support debt all the way back to August 2017 (see page 26 of this void ab initio order), despite a custody change happened on

December 3, 2021 (**four years difference!!!**), without due process and without any motion to modify the child support from the ex-husband nor my consent nor my autographs. Moreover, this Plaintiff has consistently objected to any modification of the original binding agreement of "Jeep and Trailer in lieu of child support". The Defendants has employed Title IV-D Federal Mandates and state-managed IV-D agencies to apply pressure on the Plaintiff, threatening immediate restrictions on her liberty and fundamental rights, while coercing the Plaintiff into paying Child Support despite her not being classified as an Absent Parent/Father under the intent of Title IV-D. As previously noted and confirmed by a review of the entire court docket FD-2015-2228, this support order purportedly resulted from a "modification," despite the fact that neither party submitted a Modification Petition in the court record. After the Defendants consistently overlooked the Plaintiff's filed Objections, Motion to Reconsider, Appeals, and Notices to Cease & Desist, the Plaintiff filed a motion on April 14, 2023, to correct the erroneous child support order through her counterclaim, which was once again ignored. This Child Support Order was then appealed via Oklahoma Supreme Court case No. **DF-120849** while the Plaintiff was incarcerated for contempt of court inability to pay child support, leading to an

"AMENDED PETITION IN ERROR (OC) COA/OKC" document dated <u>March 13, 2024</u> (available as document #1057693534).

This appeal was followed by an unjust decision by Oklahoma Supreme Court six (6) weeks later on <u>April 23, 2024</u>, stating, "COPN JE: OPINION—AFFIRMED; AMENDED PETITION NOT PROPERLY BEFORE CT AND WE DO NOT ADDRESS—SWINTON, PJ. CONCUR: BELL, VCJ, PRINCE, J—SUMMARY—C/ATTYS DC JUDGE."

07-23-2024 "NOTICE REGARDING UNITED STATES SUPREME COURT'S ORDER Document Available (#1058773372)

07-23-2024 CERT APLNT'S PETITION FOR WRIT OF CERTIORARI (OC) COA/OKC Document Available (#1058773380)

07-29-2024 CTDE JE: CT NOTES PETR'S PET FOR WRIT OF CERT ETC. MANDATE ISSUED

07-11-24 AND CASE IS CLOSED. CT WILL NOT CONSIDER ANY FILINGS AFTER ISSUANCE OF MANDATE. PETR'S FILINGS ON 7-23-24 AND ANY

FUTURE FILINGS IN CASE, WILL NOT BE CONSIDERED. N/ATTYS Document Available (#1058774818) TIFF PDF 12-13-2024 TEXT APLNT'S NOTICE OF REBUTTAL/CHALLENGE OF THE 12 PRESUMPTIONS PRESENTED BY THE FOR-PROFIT STATE OF OKLAHOMA TULSA COUNTY DISTRICT COURT AND THE PRIVATE B.A.R. ASSOCIATION OF OKLAHOMA Document Available (#1059900112) TIFF PDF 12-13-2024 TEXT APLNT'S NOTICE AND AFFIDAVIT RESCINDING MARRIAGE LICENSE 581911, ITS MARRIAGE CERTIFICATE, ITS POWER OF ATTORNEY, AND REBUTTING ALL LEGAL PRESUMPTIONS CONTAINED THEREIN Document Available (#1059900108) TIFF PDF

69. The Plaintiff seeks to enjoin the OKLAHOMA CHILD SUPPORT SERVICES as the IV-D agency and exhusband Adam Sylvester Stephens, Sr., both are presently threatening re-incarceration or future incarceration for non-payment under a child support order entered in violation of constitutional principles or public policy. Enforcing child support against the Plaintiff contradicts the intent of the **Social Security Act of 1975, Title IV-D**—a federal law requiring states to manage child support enforcement programs—and the articulated interest under **Article I, Section 8, Clause I (the General Welfare Clause)** aimed at reducing families' dependency on welfare through the collection of support from absent parents.

70. Despite lacking countervailing interests, the Plaintiff remains subject to encroachments on her liberty, and absent an injunction prohibiting such unlawful enforcement during these proceedings, she will suffer irreparable harm to his property, liberty, and constitutional rights as further detailed below.

71. The Plaintiff asserts that the Defendant cannot demonstrate how the Plaintiff is legally obligated under Title IV-D state-adopted federal mandates to pay Child Support without any determination, decree, or conclusion that she was or is recognized as an Absent Father, causing the Defendants and <u>exhusband (who is earning almost $6,000 per month not counting fringe benefits as a property manager and a semitruck driver of 30-year experience)</u> to seek federal or state welfare assistance for the minor child. As such, there is no rational basis for the Defendants to rely on in continuing enforcement of the support order at issue.

72. If the Defendants and the Oklahoma Department of Human Services, Division of Child Support Services persist in their enforcement actions against the Plaintiff without

evidence that he is or was categorized as an Absent Parent under Title IV-D, the Plaintiff will suffer irreparable harm and imminent injury to her fundamental rights.

73. In contrast, the Defendants would NOT experience significant harm if required to comply with the constitutions of the United States and Oklahoma as well as the intended interests of Title IV-D legislation. Additionally, the general welfare and public interest will be best served by ensuring that a Non-Absent Father does not become reliant on state and federal assistance due to the Defendants' unjust claims for Title IV-D support. The Plaintiff understands her ongoing duty to provide necessary care and support for the minor child until they reach the age of majority. Therefore, the injunction sought does not negate Plaintiff's moral responsibilities as a parent but intends to <u>prevent the Defendant from coercing her through state laws and IV-D agencies to relinquish her financial and privacy interests without showing a legitimate governmental interest</u>.

74. **CONSTITUTIONAL CHALLENGE TO CHILD SUPPORT COURT JURISDICTION – Unconstitutional Structure of Administrative Tribunals; Authority Without Constitutional Foundation; Void Orders from Unconstitutional Tribunals; Application to Plaintiff's Case**:

i.  The Child Support Enforcement courts and administrative bodies that have acted against Plaintiff operate without constitutional authority, as evidenced by recent determinations from the highest levels of the U.S. Department of Justice. This jurisdictional defect renders their orders void ab initio under the following legal principles:

1. **Unconstitutional Structure of Administrative Tribunals**: On February 20, 2025, Acting Solicitor General Sarah M. Harris formally advised Senate President Pro Tempore Charles Grassley that the Department of Justice has determined that "the multiple layers of removal restrictions for administrative law judges (ALJs) in 5 U.S.C. 1202(d) and 7521(a) violate the Constitution" and that "the Department will no longer defend them in court." This determination follows the Supreme Court's ruling in *Free Enterprise Fund v. PCAOB*, 561 U.S. 477 (2010), where the Court held that granting "multilayer protection from removal" to executive officers "is contrary to Article II's vesting of the executive power in the President." The administrative structure of state child support

enforcement agencies, including the Oklahoma Department of Human Services
Child Support Services division, mirrors this unconstitutional federal structure
by implementing: a) Multiple layers of removal protections for hearing officers
and administrative judges b) Restrictions on executive oversight of
administrative proceedings c) Insulation of decision-makers from constitutional
checks and balances Pursuant to the principle established in *Free Enterprise
Fund*, these structural protections unconstitutionally restrict the executive's
ability to ensure proper execution of the laws, rendering the entire
administrative tribunal structure constitutionally invalid.

2. **Authority Without Constitutional Foundation**: The Supreme Court
   determined in *Free Enterprise Fund* that executive officers cannot be shielded
   from removal through multiple layers of protection. State child support
   enforcement hearing officers and administrative law judges operate under
   similar multi-layered protection schemes whereby: a) They can only be
   removed "for cause" by state merit protection boards b) Those board members
   can only be removed "for cause" by state executives c) This creates precisely
   the unconstitutional double layer of protection forbidden by the Supreme Court
   This constitutional defect undermines the entirety of the child support
   enforcement administrative process, as decisions rendered by
   unconstitutionally insulated officers cannot be considered valid exercises of
   governmental authority.

3. **Void Orders from Unconstitutional Tribunals**: It is a foundational principle of
   American jurisprudence that orders issued without proper jurisdiction are void.
   As stated in *United States v. Cotton*, 535 U.S. 625, 630 (2002), "subject-matter
   jurisdiction, because it involves a court's power to hear a case, can never be
   forfeited or waived." The Department of Justice has now officially recognized
   that the administrative law structure with multiple layers of removal protection is
   unconstitutional, which necessarily extends to state child support enforcement
   mechanisms modeled on the same principles. Consequently: a) All orders
   issued against Plaintiff by Oklahoma Child Support Services administrative
   tribunals lack constitutional foundation b) All subsequent enforcement actions
   based on these void orders are themselves void c) The seizure of Plaintiff's

assets, restrictions on liberty, and other punitive measures derive from these unconstitutional proceedings and must be immediately reversed

4. **Application to Plaintiff's Case**: The child support orders and enforcement actions against Plaintiff are void because: a) They originate from administrative tribunals with unconstitutional removal protections b) The Oklahoma child support system replicates the federal constitutional defect identified by the Acting Solicitor General c) The Department of Justice has officially stopped defending such unconstitutional structures d) Special Judges Seibert, Ludi-Leitch, and others who issued orders against Plaintiff operate within this unconstitutional framework This foundational constitutional defect renders all child support orders against Plaintiff void ab initio, requiring immediate cessation of all enforcement actions and return of all seized assets.

75. **FACTS:**

   i.   Plaintiff repeats and realleges and incorporates by reference all paragraphs above, and

   ii.  Plaintiff has already suffered two months of unconstitutional debtor imprisonment and malicious prosecution despite overwhelming evidence of inability to pay and repeated demands for a hearing on this issue, all of which were ignored by the State of Oklahoma and the Defendants.

   iii. Exhusband or father of child testified in court on the record repeatedly that child is NOT harmed in any way without Mother's extra financial support both during five day bench trial in front of Defendant April Seibert and 2 day jury trial in front of Defendant Deborrah Ludi-Leitch. Any hardship fraudulently alleged to be faced by State actors Defendants is minimal compared to the serious and irreparable harm the Plaintiff currently faces due to the enforcement methods related to this unlawful and fraudulent child support order. Therefore, the Plaintiff seeks an injunction to restrict such enforcement during these proceedings.

76. **LEGAL ARGUMENTS**:

   i.   The purpose of granting interlocutory injunctions is to maintain the status quo pending a final resolution of the case. *Kinard v. Ryman Farm Homeowners' Ass'n*, 278 Ga. 149, 149, 598 S.E.2d 479 (2004).

   ii.  In deciding whether to issue an interlocutory injunction, the court should assess:

*1.* Whether there is a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted;

*2.* Whether the threatened injury to the moving party outweighs the threatened harm that the injunction may cause to the party being enjoined;

*3.* Whether there is a substantial likelihood that the moving party will prevail on the merits at trial; and

*4.* Whether granting the interlocutory injunction will not disserve the public interest.

iii.    The first factor—the substantial threat of irreparable injury—is the most critical, as the key objective of an interlocutory injunction is to preserve the status quo to allow time for orderly litigation. *City of Waycross v. Pierce County Bd. of Commrs.*, 300 Ga. 109, 111(1), 793 S.E.2d 389 (2016).

## I. THE PLAINTIFF WILL SUFFER IRREPARABLE INJURY ABSENT INJUNCTIVE RELIEF

iv.    There is a significant threat that the Plaintiff will suffer irreparable harm if injunctive relief is not granted due to the Defendants' enforcement and threats related to the support order absent an articulated state or federal countervailing interest under Title IV-D. Plaintiff's privacy rights, financial interests, property interests, and liberty interests significantly outweigh any governmental interests the Defendant might assert. Continued enforcement of the support order will unjustly infringe upon the Plaintiff's fundamental rights.

v.    The Plaintiff is coerced into monthly payments to the Defendants under the threat of restraint on her liberty as dictated by Title IV-D child support guidelines. The Plaintiff's private information and privacy rights are subject to ongoing infringement due to state influence, which presents an urgent need for interlocutory injunctive relief. The Defendants or any state-managed IV-D agency may act on their enforcement tools at any time during this Motion to Terminate, threatening the Plaintiff's liberty.

vi.    The showing of irreparable harm is the most important factor for granting a preliminary injunction, as established in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008). The Plaintiff's ongoing

threats of contempt, incarceration, and other enforcement measures represent immediate and severe injuries that cannot be adequately compensated by monetary damages.

**A. Defendants' enforcement and threat of enforcement of the Support Order have already inflicted cruel and irreparable harm and damages upon the Plaintiff, and the ongoing threat of recurrent irreparable harm persists.**

vii.    Before, during, and after the establishment of the support order at issue, the Plaintiff was not recognized, notified, or determined to be an Absent Parent whose absence would justify seeking welfare assistance for the child. The Defendant's misrepresentation of support rights and engagement with the state IV-D agency never considered the Plaintiff's actual involvement or provided the necessary legal determinations regarding his parental status.

viii.   The IV-D agency currently threatens the Plaintiff with incarceration for non-compliance and may require him to attend hearings that jeopardize his liberty. The Plaintiff asserts that, because he has not engaged in any behavior that would justify his classification as an Absent Parent, there is no articulated state or federal interest that could outweigh his fundamental rights.

ix.    The Plaintiff has consistently provided care and support for the minor child and has never caused the Defendant to seek state or federal welfare assistance. Importantly, there is no demonstrated judicial determination that supports the Defendant's claims for enforcement of the support order. Therefore, the enforcement acts against the Plaintiff under the support order lack legal justification, as articulated by Congress.

x.    Should the court deny injunctive relief, continued enforcement will lead to irreparable harm, impacting the Plaintiff's financial stability, privacy, and personal freedom.

## II. THE BALANCE OF EQUITIES AND PUBLIC INTEREST FAVOR GRANTING A PRELIMINARY INJUNCTION

xi.    The Plaintiff restates all prior allegations as if fully incorporated herein, and

xii.   In assessing the balance of equities, the Plaintiff's position is strong. The Court must "balance the conveniences of the parties pending final adjudication" and may

issue an injunction to preserve the status quo if the equities favor the party seeking relief. Bernacchi v. Forcucci, 614 S.E.2d 775, 777 (Ga. 2005).

xiii.    The balance of hardships clearly favors the Plaintiff. The Plaintiff appreciates his moral and legal obligation to support and care for his child without state coercion. The threatened harm alleged by the Defendant appears primarily concerned with the child, yet this concern fails to justify coercing a Non-Absent Father into payments absent a valid and recognized legal interest.

xiv.    Continued enforcement and coercion against the Plaintiff under false pretenses ultimately harm the public interest and welfare, leading to increased dependency on welfare systems. Allowing the Defendant's actions to continue undermines the intent of Title IV-D. Moreover, the Supreme Court in Mills v. Habluetzel recognized that state interest lies in reducing welfare dependency.

xv.    Consequently, the balance of equities notably favors the Plaintiff, who seeks to protect his fundamental rights against unwarranted enforcement actions that do not align with Title IV-D's intended purpose.

## III. PLAINTIFF HAS A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS OF HIS CLAIMS

xvi.    The Social Security Act of 1975, Title IV-D, was designed to assist families in need, particularly by improving child support enforcement. The Plaintiff asserts she has a substantial likelihood of success in demonstrating that he does not qualify as an Absent Father under Title IV-D's intent.

xvii.    The Plaintiff contends that she has consistently supported his child and has never been deemed absent in the context required for welfare assistance claims. The enforcement measures utilized can only apply if the Defendant can prove the Plaintiff qualifies as an absent parent, which she does not.

xviii.    The Plaintiff has articulated strong evidence and legal precedent to support her position that continues these enforcement actions lack constitutionality and legal standing under the legislative framework outlined by Congress.

xix.    In light of the compelling evidence and the profound implications of the ongoing enforcement against the Plaintiff, she respectfully requests that the Court grant her Motion for Injunction during the pendency of the Motion to Terminate the support order.

## VII. <u>CLAIM FOR UNDUE HARDSHIP EXEMPTION AND REQUEST TO STOP ALL GARNISHMENTS, LEVYING, LIQUIDATION</u>:

77. Pursuant to 15 U.S.C. § 1673 (Consumer Credit Protection Act), 31 C.F.R. § 212 (Treasury Department regulations), and applicable state exemption laws, Plaintiff hereby claims exemption from all ongoing and threatened garnishments. Plaintiff asserts that:

78. **Retirement Accounts Are Protected**:

   i. The $64,445.92 garnished from Plaintiff's Charles Schwab account ending in x2605 Rollover IRA retirement account is fully exempt under: a) ERISA protections for qualified retirement plans b) Oklahoma Stat. tit. 31, § 1(A)(20) (state retirement exemptions) c) 29 U.S.C. § 1056(d) (anti-alienation provisions) d) 74 O.S. § 923 (Public Employee's Retirement Funds)

   ii. This account originated as a 401(k) from Cherokee Nation employment (Indian Health Services federal employee) and was rolled over into the Charles Schwab IRA account ending in x2605

   iii. The account is considered public employee's retirement and is statutorily protected from garnishment

   iv. The garnishment exceeds the maximum allowable percentage under federal law

   v. The garnishment was executed without proper notice or opportunity for hearing

79. **Statutory Exemptions Apply to All Funds**: Federal and Oklahoma state law specifically exempt the following sources, all of which apply to Plaintiff: a) Public Employee's Retirement Funds (74 O.S. § 923) b) Interest in Retirement, Pension and Profit Sharing Plans (60 O.S. § 327, 60 O.S. § 328) c) Unemployment benefits (40 O.S. § 2-303) - Plaintiff received from 2020-2021 d) Personal wage exemption because of undue hardship (31 O.S. § 1.1) e) Social Security benefits (42 U.S.C. § 407) f) Supplemental security income (42 U.S.C. § 1383(d)i) g) Workmen's Compensation benefits (85A O.S. § 10) h) Welfare benefits (56 O.S. § 173) i) Veteran's benefits (38 U.S.C. § 3101, 31 O.S. § 7) j) U.S. Civil Service Retirement and Disability Pension Fund Payments (5 U.S.C. § 8346) k) All other applicable exemptions listed in Plaintiff's Claim for Undue Hardship Exemption

80. **Undue Hardship Exists**: Financial documentation demonstrates clear undue hardship:

a) Negative adjusted gross income of (-$11,948.00) in 2023 tax year filed on April 15, 2024 b) Negative adjusted gross income of (-$12,163.00) in 2022 tax year filed by certified and licensed accountant c) Current monthly expenses of approximately $3,000.00 with minimal income d) Documented layoff from Cherokee Nation Indian Health Services (CN IHS) at end of 09/2020 e) Forced closure of small business medical practice f) Additional expenses of $600 for court-mandated visitations at $150/hour g) Total family members: 3, including 1 child age 10 h) Current bank account balances: $0.00 i) No ability to afford a car

81. **Obstruction of justice - Pattern of Deceptive Practices**:

   i. Defendants have established a pattern of deception, including: a) Pretending to schedule hearings promising "due process" b) When Plaintiff appeared with evidence, CSS Attorney Emmalene Stringer (Defendant #8) argued "no jurisdiction" in the very court she scheduled the hearing for c) Denying passport suspension hearing in family court, then denying jurisdiction in administrative court d) No actual hearing was ever provided in any venue e) See Passport Letter dated March 02, 2023, and subsequent Administrative order filed May 03, 2023

   ii. Blocking of expert witnesses and whistleblowers and relevant witnesses without cause.

82. Funds that are exempt (check one):

   i. All funds listed above all applied or applicable.

   ii. The amount of money that is exempt is: <u>$ all of whatever is levied up in my bank accounts and all of whatever has been liquidated via fraud and via deprivation of rights and abusive debt-collection practices and FDCPA violations</u>

   iii. Check if applicable:  <u>X</u> Check here if you previously submitted proof of your funds being exempt and proof of your undue hardship: (1) Letter of Being laid off from Cherokee Nation Indian Health Services (CN IHS) end of 09/2020, (2) evidence of CN exempted-from-garnishment-and -child-support retirement account 401k from Lincoln Financial (earned as marital asset during another marriage who is nonparty to child-support case and we are not divorced and do not have child support case) after being laid off has to be rolled over into Rollover IRA account <u>x2605</u> with Charles Schwab; (3) Unemployment benefits 2020-2021; (4) tax returns and schedule C of 2022 and 2023 showing financial hardship.

iv.  If garnishment is for money you earn, what pay period do you say is exempt?

Starting: October 2020, and ending ONGOING including today

v.  INCOME AND EXPENSE WORKSHEET

1.  Dated: <u>April 21, 2024</u>     Case Number: <u>as above</u>

2.  Creditor: <u>Child Support Services of Oklahoma Department of Human Services</u>, and <u>Oklahoma Centralized Support Registry, PO BOX 268849, OKLAHOMA CITY, OK 73126</u>

Garnished Debtor: <u>Linh Stephens</u>

3.  UNDUE HARDSHIP     Amount of Garnishment <u>$64,445.92</u>

4.  Total Family Members: 3

5.  # of Children and ages: <u>1, age(s): 10 y/o for this case</u>;

6.  Bank account balances:     <u>$ 0.00</u>

7.  Monthly wages net: zero dollars;

8.  ADJUSTED GROSS INCOME negative $ below zero dollars, specifically (-11,948.00) in 2023 tax year filed on April 15, 2024, and prior to that was (-12,163.00) in 2022 tax year filed by certified and licensed accountant, see IRS Transcripts Record of Account, its first 2 pages of 2023 and first 2 pages of 2022 <u>[Exhibit 06 presented in state courts]</u>

9.  Additional Sources of Income:  <u>$0.00</u> Source:

10. Alimony/Child Support Income:  <u>$0.00</u>

11. Total Monthly Income:     <u>$negative and fluctuates, see small business Schedule C</u>

12. Housing Expenses:

13.     Rent: <u>$1030.00</u>     Electricity:     <u>$200.00</u>

14.     Natural Gas: <u>$90.00</u>     Water & Trash     <u>$70.00</u>

15.     Telephone:  <u>$350.00</u>     Med. Ins.:     <u>$0.00</u>

16.     Medication:   <u>$don't keep track of over the counter meds</u>

17.     Food: <u>$500.00</u>

18.     School lunches:     <u>$0.00</u> Baby formula:     <u>$0.00</u>

19.     Clothing:     <u>$0.00</u> Laundry:     <u>$0.00</u>

20. Transportation:

21.     Car Payment:     <u>$unable to afford car</u>     Gas:  <u>$100.00</u>

22.     Car Insurance:     $60.00     Bus:  $0.00

23. Other expenses:   $600 visitations related to child $150/hour

24. Source of Other expense: unlawful custody order change despite no abuse proven

25. Total Monthly Expenses: $3,000.00 or more

vi.   WHEREFORE, Plaintiff demands:

1.  Immediate cessation of all garnishment actions

2.  Return of all improperly garnished funds with interest, totaling $64,445.92

3.  Removal of all liens on Plaintiff's property and banks, retirement accounts, 401(k), IRAs

4.  Prohibition against any future garnishment attempts

5.  Damages for improper garnishment actions and FDCPA violations

### VIII. UPDATED FEDERAL CLAIMS FOR RELIEF & CAUSES OF ACTIONS:

### A. CONSTITUTIONAL VIOLATIONS:

83. **Violation of Civil Rights** (42 U.S.C. §1983) and **Deprivation of Rights Under Color of Law** (18 U.S.C. §242) and **Conspiracy to Deprive of Rights** (18 U.S.C. §241):

**CLAIM 1:** Violation of Civil Rights (42 U.S.C. §1983) and Deprivation of Rights Under Color of Law (18 U.S.C. §242) and Conspiracy to Deprive of Rights (18 U.S.C. §241) -

**Eighth Amendment Violations - Cruel and unusual punishment:**

i.   Plaintiff repeats and realleges and incorporates by reference all paragraphs above, and further alleges:

ii.   Cruel and unusual punishment: Imprisonment for inability to pay court-ordered child support that did not meet any criteria for child support title IV-D as neither parent qualified for Title IV-D child support services, as neither was on social assistance nor had abandoned their child. It is unjust and harmful to allow those who committed financial frauds to escape punishment while maliciously prosecuting the victim of such frauds.

iii.   Excessive bail cash bond of more than $12,000 on top of court fees:

1.   Excessive financial penalties for alleged debt creates a system of escalating fines and fees that traps them in a cycle of debt and leads to unconstitutional imprisonment, effectively criminalizing poverty

iv.    Violation of constitutional prohibition against debtor's prison

v.    The Defendants, acting under color of state law, deprived Plaintiff Linh Tran
Stephens of her rights secured by the Fourth and Eighth Amendments, which
protect against unreasonable searches and cruel and unusual punishment.
Reference to ***Bearden v. Georgia*, 461 U.S. 660 (1983)** outlines that individuals
cannot be imprisoned solely for inability to pay fines, affirming protections against
debtor's imprisonment, and it reiterates that imprisoning someone for inability to
pay a fine or child support (when there's no willful refusal) violates the Equal
Protection Clause of the Fourteenth Amendment and it emphasized that the court
<u>must</u> inquire into the reasons for the failure to pay.

**CLAIM 2:** Violation of Civil Rights (42 U.S.C. §1983) and Deprivation of Rights Under
Color of Law (18 U.S.C. §242) and Conspiracy to Deprive of Rights (18 U.S.C. §241) -
**Fourth Amendment - Unwarranted Seizure of Plaintiff, Her Passport, Her Bank
Accounts, Her Retirements; False Imprisonment, Unlawful Arrest (25 CFR §
11.404), which is also a violation of Substantive Rights:**

i.    Plaintiff repeats and realleges and incorporates by reference all paragraphs
above, and further alleges:

ii.    Seizure of Plaintiff without probable cause

iii.    Seizure of passport without due process

iv.    Unlawful garnishment of retirement accounts including rolled over 401(k) and
other IRAs

**CLAIM 3:** Deprivation Of Rights Under Color Of Law (18 USC §242 and §1201 and
§641) and **22 USC §7102(1) – Abuse or threatened abuse of law or legal process**
(Unlawfully Converting the Courts and CPS and CSS into an instrument of crime) **and
Malicious Prosecution**:

i.    Plaintiff repeats and realleges and incorporates by reference all paragraphs
above, and further alleges:

ii.    Defendants acted with malice and without probable cause in prosecuting Plaintiff,
resulting in damage to her dignity and good name in community causing
emotional and mental anguish.

iii.    Defendants knowingly obtained court orders and issued warrants based on false
information and without proper legal standards, constituting a malicious

prosecution and abuse of legal process. Defendants violated **18 U.S.C. § 242**, which prohibits the deprivation of rights under color of law, affirming the necessity for lawful procedures to be followed in all judicial actions. Defendants also violated **18 U.S. Code § 641 - Public money, property or records U.S. Code**: Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof; or

Whoever receives, conceals, or retains the same with intent to convert it to his use or gain, knowing it to have been embezzled, stolen, purloined or converted—

Shall be fined under this title or imprisoned not more than ten years, or both; but if the value of such property in the aggregate, combining amounts from all the counts for which the defendant is convicted in a single case, does not exceed the sum of $1,000, he shall be fined under this title or imprisoned not more than one year, or both.

The word "value" means face, par, or market value, or cost price, either wholesale or retail, whichever is greater.

iv. Oklahoma Department of Human Services (OKDHS) has filed a Motion in Limine for contempt of court concerning STATE OF OKLAHOMA vs. Linh Tran Stephens for contempt of court for alleged child support. This motion raises significant constitutional and legal concerns, given that OKDHS is acting as the prosecutor rather than a defendant in this case:

1. **Unconstitutional Prosecution Separation of Powers Violation**: The United States and the Oklahoma Supreme Courts have long maintained that the roles of prosecutor and defendant must remain distinct to ensure fair trial rights. The Oklahoma Constitution clearly outlines the powers and responsibilities of various branches of government (See **Okla. Const. Art. 4, § 1**). Allowing a regulatory agency like OKDHS to prosecute reflects a conflation of roles that undermines judicial independence and fairness.

2. **Lack of Compliance with Due Process**: The **Fifth and Fourteenth Amendments** to the U.S. Constitution guarantee due process rights, which include the right to a fair trial. By prosecuting while being directly involved in the proceedings, OKDHS unconstitutionally skews the trial process, depriving the Relator of a neutral arbiter to adjudicate the case. The case of ***Goldberg v. Kelly,*** 397 U.S. 254 (1970), establishes that due process protections must be provided before the deprivation of welfare rights, asserting that individuals must have a meaningful opportunity to be heard.

3. **Uncontracted Child Support Allegations - Invalid Claims of Child Support**: Factually, there has been **no** valid legal agreement nor contract that establishes such obligations between mother and State of Oklahoma. According to **Oklahoma Stat. tit. 43, § 118**, a support order should typically arise from a formal agreement or recognized court decree–there was none in this case. ***Long v. Long***, 886 P.2d 986 (Okla. 1994), argues that for a child support obligation to be enforceable, it must stem from an established legal framework or contract. This enhances the Mother/Relator's position against the enforcement of improperly claimed child support.

4. **Enforcement of Unconstitutional Orders**: Citing ***Santosky v. Kramer***, 455 U.S. 745 (1982), the Supreme Court determined that the state cannot take a child or enforce financial obligations regarding that child without due process. Moreover, the **Child Support Enforcement Act (42 U.S.C. § 651 et seq.)** outlines the requirements for due process in family law matters which indicate the need for proper hearings and the presence of clear, enforceable agreements.

5. **Protection from Debtor's Prison violations**: Both the U.S. Constitution and Oklahoma state laws prohibit the criminalization of poverty. In ***Bearden v. Georgia***, 461 U.S. 660 (1983), the Court held that indigent defendants cannot be imprisoned for failing to pay a fine without a consideration of their ability to pay. This argument holds significant weight in regards to the contempt motion being based on uncontracted child support claims.

6. **Statutory Implications Fair Debt Collection Practices Act (FDCPA)**: The actions of OKDHS may also contravene **15 U.S.C. § 169**2, which protects individuals against abusive debt collection practices. If a child support claim is based on erroneous premises or lacks proper legal backing, attempting to collect on such claims violates the FDCPA.

v. The court's actions to impose child support and sanctions against the Plaintiff without a lawful basis represent an abuse of legal process. The framework for such judicial actions is scrutinized in ***Clark v. California*, 712 F. Supp. 67 (N.D. Cal. 1989)**, indicating that the absence of substantiated claims renders such actions unlawful.

vi. **Blocking Witnesses and Evidence**: Judges' discretion in allowing testimony should never be exercised to suppress evidence favorable to the Plaintiff's case. The right to present a defense is a cornerstone of legal proceedings as mandated by ***Mathews v. Eldridge***, 424 U.S. 319 (1976), which establishes the importance of an individual's ability to participate fully in legal processes.

vii. <u>Recommended Causes of Action</u>: This Superior Court is urged to sanction the State from ever issuing Motion in Limine to any parents ever again in any contempt hearing no matter which courts (whether family court, JD court, district court, administrative court) because such pattern of practice failed to abide by constitutional principles and statutes that govern due process and the enforceability of support obligations.

**CLAIM 4: Violation of Civil Rights (42 U.S.C. §1983) and Deprivation of Rights Under Color of Law (18 U.S.C. §242) and Conspiracy to Deprive of Rights (18 U.S.C. §241) - Fifth Amendment Violations – Substantive Rights e.g. Due process of law, Property Rights (biological property and financial property), Rights against Self-Incrimination, Protection against Double Jeopardy, Grand Jury Indictment:**

i. Plaintiff repeats and realleges and incorporates by reference all paragraphs above, and further alleges:

ii. Plaintiff's property was unlawfully taken without just compensation, including $64,445.92 garnished from retirement accounts, medical practice and license

effectively seized, and personal property through liens and garnishments; if wanting child support by cash then exhusband must return Jeep and Trailer first as "Jeep and Trailer in lieu of child support" was binding contract

iii. Plaintiff was compelled to be a witness against herself in various proceedings: Attempted coercion of self-incrimination occurred during court proceedings when the Plaintiff was placed on the witness stand on February 07, 2025, and the State's biased jurors were instructed by Defendant Judge Deborrah Ludi Leitch that "she is guilty for invoking the Fifth amendment and refusing to take the stand." Next, **evidence that this jury was rigged can be obtained if this court is genuinely interested in justice, and i request that your Honorable Federal Judge issue a subpoena to reserve and to obtain** the courtroom videos (R. 605) and audio transcripts on February 7, 2024, a few hours before or after noon, during which time opposing counsel's wife was seen high-fiving jurors after Linh was wrongfully and unjustly convicted. Linh's mother witnessed this bias and corruption also.

iv. Deprivation of liberty without due process

v. Plaintiff was subjected to double jeopardy through multiple punitive proceedings for the same alleged conduct, repeated contempt proceedings, and both civil and quasi-criminal punishments for same alleged acts, despite knowing Plaintiff's financial status has NOT changed from inability to pay but worsened because of Defendants' malicious prosecutions permanently lost her job and her future career

vi. On September 30, 2024, Oklahoma Supreme Court Justices improperly and permanently revoked Plaintiff's in forma pauperis status without lawful justification

vii. The State's attorney created a conflict of interest and engaged in improper conduct by inappropriately involving themselves in family court proceedings to gather information for a separate case against the Plaintiff. During the trial from January 31, 2024, to February 2, 2024, the State's attorney then proceeded to interrogate Linh on the stand, and Judge April Seibert allowed this interrogation to continue, unlawfully overruling my objections. i declined to answer any of their questions; however, during the State vs. Plaintiff jury trial the following week,

Defendants Emmalene Stringer and Gilbert Pilkington falsely told the jurors that i admitted on the stand to being wealthy and having additional income from disability of nearly three thousand dollars a month while owing a half a million dollar home. These false claims directly led to my wrongful conviction and they are contradicted to the voice recording of the hearing (which is not same as altered transcripted submitted by court reporter) and the accounts of numerous witnesses present, who can attest that i clearly insisted i have zero income and did not pay a dime into that home, which i am renting from our landlord.

1.  i am requesting that your Honorable Federal Judge issue a reprimand or sanction against the State's attorney Defendant Emmanele Stringer and her coworkers (name unknown to me) for creating a conflict of interest and for their inappropriate involvement in family court proceedings and for their fraudulent statements to the jury. Sanctions could include monetary penalties, reprimands, or other disciplinary measures.

2.  i also ask your Honorable Federal Judge to hold aforementioned defendants in contempt of court for providing false testimony, particularly because their actions intentionally misled the jury and obstructed the judicial process.

3.  i also ask your Honorable Federal Judge to schedule a hearing to investigate the false statements made by the defendants during the trial. This hearing would allow for the presentation of evidence, including the recording of the previous hearing and witness testimonies.

4.  i also ask your Honorable Federal Judge to order an investigation into the conduct of Defendants attorneys and Defendants Special Judges April Seibert and Deborrah Ludi Leitch to hold them accountable for their actions during the trials of docket C and docket F, respectively. This investigation should focus on any violations of ethical standards or legal protocols.

5.  i am requesting that your Honorable Federal Judge review the family court trial proceedings to determine if any procedural errors were made that violated my rights, including my right to object to improper questioning.

**CLAIM 5: Fourteenth Amendment – Equal Protection Violations (Similar Provisions in State Constitutions)**

    i.   Plaintiff repeats and realleges and incorporates by reference all paragraphs above, and further alleges:

    ii.   Defendants' enforcement of a predetermined financial bail system without individualized hearings violates the Equal Protection Clauses. The bail system is not narrowly tailored to achieve government interests in court appearance and public safety, as less restrictive alternatives exist.

    iii.   Plaintiff requested that service be conducted on weekends during the appeal process to allow her to maintain employment and earn income to cover living expenses. This request was unfairly denied, despite similar requests being approved for other individuals in comparable situations.

**CLAIM 6: Fourteenth Amendment – Substantive Due Process Violations, Obstruction of Justice, Individualized Release Hearing, Prompt Release Hearing, Failure to recognize valid Oregon divorce decree, custody, and child support agreement that is still standing**

    i.   Plaintiff repeats and realleges and incorporates by reference all paragraphs above, and further alleges:

    ii.   **Substantive Due Process**: imposition of financial obligations without lawful basis after arbitrary removal of child without evidence, denial of jury trial of Linh's peers, denial of proper hearing processes, denial of substantive rights,.

    iii.   **Obstruction of Justice**: Blocking of expert witnesses and other witnesses without cause (accountant, direct primary care physician, whistleblower Maria Chico, alleged victims Adam Stephens, child G.L.Stephens, Linh's mother and aunt in regards to Linh's financial status, etc.)

    iv.   **Individualized Release Hearing**: Failure to provide individualized release hearings with adequate procedural safeguards violates due process guarantees.

    v.   **Prompt Release Hearing**: The delayed timing of release hearings undermines the constitutional requirement for prompt judicial review following detention, violating due process rights.

    vi.   **Failure to recognize valid Oregon divorce decree, custody, and child support agreement that is still standing**: 50/50 joint legal and physical

custody, Linh transferred her Jeep and trailer to Adam in full satisfaction of all past and future child support obligations regarding G.L.Stephens; the agreement included a comprehensive release of all future claims against each other, with each party bearing responsibility for their own legal fees and free from others' claims.

**CLAIM 7: Violation of Civil Rights (42 U.S.C. §1983) and Deprivation of Rights Under Color of Law (18 U.S.C. §242) - Fourteenth Amendment - <u>Judicial Deception</u> in The Presentation of Evidence to Interference with Familial Association and <u>Due Process violations</u> (similar Provisions in State Constitutions)**

vii.  Plaintiff repeats and realleges and incorporates by reference all paragraphs above, and further alleges:

viii.   Core Argument: The Due Process Clause guarantees fundamental fairness in legal proceedings. Defendants' actions, particularly the motion in limine that unfairly restricted Plaintiff's ability to present evidence, cross-examine witnesses, and mount a full and fair defense, violate this constitutional guarantee. When OKDHS filed a Motion in Limine to exclude nearly all of Plaintiff's evidence while functioning as prosecutor rather than defendant, this created an unconstitutional imbalance that deprived Plaintiff of her fundamental right to be heard in a meaningful way.

ix.  Key Concepts of Due Process Violated:

1.  **Right to be Heard**: A fundamental element of due process is the right to a meaningful opportunity to be heard. This includes presenting evidence and challenging the opposing party's evidence. Defendants systematically deprived Plaintiff of this right by: a) Blocking testimony from qualified expert witnesses, including medical doctors and whistleblower Maria Chico; b) Denying presentation of exculpatory evidence; c) Preventing cross-examination of adverse witnesses; d) Imposing arbitrary time limitations (10 hours total for Plaintiff to present her entire case and cross-examine all opposition witnesses).

2.  **Notice and Opportunity to Respond**: Parties must have adequate notice of proceedings and a reasonable opportunity to present their case. Defendants

violated these principles through: a) Conducting ex parte proceedings determining fundamental rights without notice; b) Issuing retroactive payment deadlines impossible to meet; c) Forcibly removing Plaintiff's daughter without a warrant, without criminal charges, and without providing Plaintiff an opportunity to respond to allegations.

x.  Judicial Deception in Presentation of Evidence – Defendants engaged in deliberate judicial deception by:

1.  Presenting fabricated and manipulated evidence to obtain emergency custody orders;

2.  Deliberately withholding exculpatory evidence demonstrating Plaintiff's fitness as a parent;

3.  Inducing the court to rely on unsworn statements from unreliable non-first-hand witnesses who are not victims, in direct violation of principles established in *Latiolais v. Cravins*, 484 F. App'x 983, 991 (5th Cir. 2012);

4.  Systematically excluding crucial expert witnesses who had submitted notarized affidavits supporting Plaintiff's case against DHS, similar to the improper exclusion noted in *Latiolais v. Cravins*, No. 13-30972 (5th Cir. 2014).

xi.  Interference with Familial Association:

1.  The Supreme Court has repeatedly recognized parents' fundamental liberty interest in the care, custody, and control of their children. *Troxel v. Granville*, 530 U.S. 57, 65-66 (2000); *Santosky v. Kramer*, 455 U.S. 745, 753 (1982).

2.  Defendants violated this right by:

    a.  Forcibly removing Plaintiff's daughter without proper legal process;

    b.  Transferring custody to the ex-husband based on unsubstantiated allegations;

    c.  Prohibiting all communication (phone, video, in-person) between Plaintiff and her daughter;

    d.  Creating prohibitively expensive barriers ($150/hour supervised visitation) to any meaningful contact;

    e.  Using imprisonment threats to prevent Plaintiff from exercising parental rights.

xii.  Application of Due Process Standards Under Relevant Case Law:

1. ***In re Gault*, 387 U.S. 1 (1967)**: This landmark case established that even juveniles in delinquency proceedings have fundamental due process rights, including the right to counsel, the right to confront witnesses, and the right against self-incrimination. While *Gault* dealt with delinquency, its principles extend to deprived cases, especially when parental rights are at stake. The Defendants violated these principles by denying Plaintiff adequate representation, preventing confrontation of witnesses, and creating a coercive environment.

2. ***Santosky v. Kramer*, 455 U.S. 745 (1982)**: This case established the "clear and convincing evidence" standard required to terminate parental rights, emphasizing the fundamental liberty interest parents have in their children. Defendants effectively terminated Plaintiff's parental rights without meeting this heightened standard, relying instead on unsubstantiated allegations and biased investigations.

3. ***Lassiter v. Department of Social Services*, 452 U.S. 18 (1981)**: This case addressed the right to counsel in parental rights termination cases and highlighted the importance of due process considerations. Defendants violated these principles by interfering with Plaintiff's attorney-client relationship and forcing self-representation in complex proceedings.

4. ***Mathews v. Eldridge*, 424 U.S. 319 (1976)**: This case sets forth a three-part balancing test for determining what process is due: a) The private interest affected: Here, Plaintiff's interest in maintaining her parent-child relationship is among the most substantial private interests recognized in constitutional law; b) The risk of erroneous deprivation through the procedures used, and the probable value of additional safeguards: The risk was extreme given Defendants' exclusion of favorable evidence, reliance on unreliable witnesses, and failure to provide adequate hearings; c) The government's interest, including fiscal and administrative burdens of additional procedures: Providing proper hearings and fair procedures would not have imposed significant burdens on the government compared to the fundamental rights at stake.

xiii.  Motion in Limine and Evidentiary Abuse – The motion in limine filed by OKDHS was unconstitutional because:

1.  It was filed by OKDHS acting as prosecutor rather than defendant, violating separation of powers;

2.  It denied Plaintiff her right to present a complete defense, violating the principle articulated in *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973), that "few rights are more fundamental than that of an accused to present witnesses in his own defense";

3.  It created an uneven playing field where the state could present its evidence while Plaintiff could not;

4.  It demonstrated systemic bias in the proceedings, similar to that identified in *Latiolais v. Cravins*, where the Fifth Circuit found that evidentiary rulings that reflected badly on the merits of the plaintiff's claims were "impermissible."

xiv.  Judicial Bias and Institutional Conflict: The judges involved demonstrated substantial bias warranting recusal or reassignment, similar to *Latiolais v. Cravins*, where the Fifth Circuit ordered reassignment because "reasonable persons could differ over whether these facts implicate [the defendant]" yet the judge had expressed predetermined views.

## CLAIM 8: Fourteenth Amendment – Access to courts as a fundamental constitutional right

i.  Plaintiff repeats and realleges and incorporates by reference all paragraphs above, and further alleges:

ii.  Constitutional Foundations:

1.  Access to courts is a fundamental right protected by the U.S. Constitution through multiple provisions: a) The First Amendment right to petition the government for redress of grievances; b) The Due Process Clauses of the Fifth and Fourteenth Amendments; c) The Equal Protection Clause of the Fourteenth Amendment; d) Article IV's Privileges and Immunities Clause.

2.  The Supreme Court has consistently recognized that "the right of access to the courts is an aspect of the First Amendment right to petition the

Government for redress of grievances." *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 741 (1983).

3. Furthermore, in ***Bounds v. Smith*, 430 U.S. 817, 821 (1977)**, the Court held that "it is now established beyond doubt that prisoners have a constitutional right of access to the courts."

iii. Unlawful Sealing of Court Records:

1. Sealing records in court dockets by the Defendants OKDHS and Special Judge April Seibert raises considerable legal and constitutional issues: a) On September 07, 2022, Plaintiff's "REPLY TO RESPONDENT'S RESPONSE TO MOTION TO EVALUATE CHILD SUPPORT" was improperly sealed without Plaintiff's consent and without lawful justification; b) On October 03, 2022, Plaintiff's "MOTION TO DISMISS PROTECTIVE ORDER PO-2021-4059" was similarly improperly sealed; c) Multiple additional filings (as detailed in Section V of the Complaint) were sealed without adequate justification.

2. These actions directly violate the principles established in: a) *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980), where the Supreme Court affirmed that openness in judicial proceedings is an essential component to the functioning of the judicial system; b) *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596 (1982), which held that public access to court proceedings and records serves the important function of ensuring the fairness of the judicial system; c) *Press-Enterprise Co. v. Superior Court of California*, 478 U.S. 1 (1986), which established that criminal trials and jury selection processes must be open to the public, establishing a fundamental right to access court proceedings and related documents.

3. On February 13, 2025, Plaintiff filed a Writ of Mandamus for the Oklahoma State Bureau of Investigation (OSBI) to investigate abuses of her daughter, but was met with unconstitutional sealing of the mandamus and its evidence from public view, violating the principle established in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589 (1978), that there is a presumption of public access to judicial documents.

iv. Systemic Denial of Court Access:

1. Plaintiff has experienced a systematic pattern of being denied meaningful access to courts: a) On September 30, 2024, the Oklahoma Supreme Court improperly and permanently revoked Plaintiff's in forma pauperis status without lawful justification, violating fundamental principles established in *M.L.B. v. S.L.J.*, 519 U.S. 102 (1996), which ruled that parental rights proceedings cannot be conditioned on ability to pay; b) Plaintiff's requests for review regarding worsening financial conditions, reconsiderations, appeals, objections, notices of harm, and judicial notices have been unjustly denied by judicial officials at multiple levels; c) Court transcripts filed by the courts have been altered/tampered with compared to original voice recordings, interfering with Plaintiff's ability to pursue meaningful appeals; d) Official requests for voice recordings and all FOIA requests have been denied by court reporters, the courts, and OKDHS.

2. This pattern violates the core principle articulated in *Griffin v. Illinois*, 351 U.S. 12, 19 (1956), where the Supreme Court established that "[t]here can be no equal justice where the kind of trial a man gets depends on the amount of money he has."

v. Standing to Challenge Court Access Violations:

1. Plaintiff has standing to challenge these violations because: a) She has suffered concrete, particularized injuries from the sealing of records and denial of meaningful court access; b) These injuries are directly traceable to Defendants' actions; c) The requested relief would redress these injuries.

2. The Supreme Court has recognized that the denial of access to courts is itself an injury in fact. *Lewis v. Casey*, 518 U.S. 343, 351 (1996).

**CLAIM 9: Violation of Civil Rights (42 U.S.C. §1983) and Deprivation of Rights Under Color of Law (18 U.S.C. §242) - Sixth Amendment – Right to Effective Assistance of Counsel:**

i. Plaintiff repeats and realleges and incorporates by reference all paragraphs above, and further alleges:

ii. Denial of assistance of counsel during critical pretrial stages; effective counsel is NOT the same as court-ordered "stand-by dictionary only counsel" who refused

to review Plaintiff's motions and refused to answer Plaintiff's legal questions via phone calls and via emails and via meetings.

iii. Inadequate representation during contempt proceedings

iv. Denial of any access to counsel after imprisonment

v. Failure to provide counsel familiar with specialized areas of law such as constitutional law and contract law

vi. Forced self-representation in complex proceedings

vii. Structural barriers to effective assistance of counsel

viii. Interference with attorney-client relationship by Defendant Special Judge Deborrah Ludi Leitch by ordering the attorney to never do anything else other than being a live law-dictionary during court hearings, NOT to answer anything regarding case laws, statutes, federal laws, constitution, court procedures, etc.

ix. Imposition of ineffective counsel against Plaintiff's wishes

x. Constitutional Framework:

1. The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right...to have the Assistance of Counsel for his defence." This right has been incorporated against the states through the Fourteenth Amendment.

2. The Supreme Court has extended this right to certain civil proceedings where liberty interests are at stake, particularly in contempt proceedings that could result in incarceration and did result in incarceration for Plaintiff – see ***Turner v. Rogers*, 564 U.S. 431 (2011)**.

3. The right to counsel includes the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668 (1984).

xi. Denial of Meaningful Counsel During Critical Stages:

1. Plaintiff was denied meaningful assistance of counsel during critical pretrial stages despite being subject to serious contempt charges carrying the possibility of incarceration, in violation of principles established in *United States v. Cronic*, 466 U.S. 648 (1984), which recognized that certain circumstances are so likely to prejudice the accused that prejudice is presumed.

2. While nominally provided "stand-by dictionary only counsel," this representation was so deficient as to amount to no representation at all because: a) Counsel refused to review Plaintiff's motions; b) Counsel refused to answer Plaintiff's legal questions via phone calls, emails, and in-person meetings; c) Counsel was specifically ordered by Defendant Special Judge Deborrah Ludi Leitch to function only as a "live law-dictionary" during court hearings; d) Counsel was explicitly forbidden from providing guidance on case law, statutes, federal laws, constitutional issues, or court procedures.

3. This "dictionary-only" limitation effectively nullified the right to counsel, similar to the situation condemned in *Geders v. United States*, 425 U.S. 80 (1976), where the Court found a Sixth Amendment violation when counsel's ability to confer with the client was improperly restricted.

xii. Structural Barriers to Effective Representation:

1. Plaintiff faced systemic and structural barriers to effective representation, including: a) Inadequate representation during contempt proceedings that resulted in a two-month incarceration; b) Complete denial of access to counsel after imprisonment; c) Failure to provide counsel familiar with specialized areas of law such as constitutional law and contract law despite the complex legal issues involved; d) Forced self-representation in complex proceedings despite Plaintiff's repeated requests for effective counsel; e) Interference with the attorney-client relationship through judicial orders limiting counsel's role to that of a mere dictionary.

2. These barriers constitute structural defects in the judicial process that require no showing of prejudice. *United States v. Cronic*, 466 U.S. 648, 659 (1984) (recognizing that some circumstances "are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified").

xiii. Judicial Interference with Attorney-Client Relationship:

1. Defendant Special Judge Deborrah Ludi Leitch directly interfered with the attorney-client relationship by: a) Explicitly ordering Plaintiff's appointed attorney to never do anything other than function as a "live law-dictionary" during court hearings; b) Prohibiting the attorney from answering questions regarding case law, statutes, federal laws, constitutional issues, or court

procedures; c) Creating a situation where Plaintiff was functionally
unrepresented despite nominally having counsel appointed.

2. This judicial interference violated principles established in *Geders v. United
States*, 425 U.S. 80 (1976), and *Perry v. Leeke*, 488 U.S. 272 (1989), which
recognizes that unwarranted interference with the attorney-client relationship
violates the Sixth Amendment.

xiv. Ineffective Assistance in Contempt Proceedings:

1. In *Turner v. Rogers*, 564 U.S. 431 (2011), the Supreme Court held that while
counsel is not automatically required in all civil contempt proceedings, due
process requires adequate procedural safeguards when incarceration is at
stake.

2. Plaintiff's contempt proceedings lacked these safeguards because: a) The
court failed to provide notice that "ability to pay" was a critical issue; b) The
court did not provide adequate opportunity for Plaintiff to present evidence of
inability to pay; c) The court made no express findings regarding Plaintiff's
ability to pay before ordering incarceration; d) The nominal counsel provided
was forbidden from addressing these critical issues.

xv. Relief Requested:

1. A declaration that Defendants violated Plaintiff's Sixth Amendment rights;

2. Vacate of all orders and judgments entered against Plaintiff when she was
denied effective assistance of counsel;

3. An injunction requiring the appointment of competent, unrestricted counsel in
any future proceedings where Plaintiff's liberty interests are at stake;

4. Compensatory damages for losses suffered due to inadequate
representation;

5. Punitive damages against Defendant Special Judge Deborrah Ludi Leitch for
the willful deprivation of constitutional rights.

## CLAIM 10: Kidnapping (18 U.S.C. §1201) of living woman Linh-Tran: Stephens and of young living woman G.L.Stephens

i. Plaintiff repeats, realleges, and incorporates by reference all paragraphs above,
and further alleges:

ii. Federal Kidnapping Statute Elements:

1. Under 18 U.S.C. §1201(a), kidnapping occurs when a person "unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person..."

2. Section 1201(a)(1) specifically applies when the person is "willfully transported in interstate or foreign commerce," while §1201(a)(2) applies when the offense is committed "within the special maritime and territorial jurisdiction of the United States."

3. Section 1201(a)(3) applies when the offense is committed "within the special aircraft jurisdiction of the United States."

4. Most relevantly, §1201(a)(4) applies when the victim "is a foreign official, an internationally protected person, or an official guest."

5. Additionally, §1201(b) extends to situations where the victim is "seized, confined, inveigled, decoyed, kidnapped, abducted, or carried away by any means whatsoever and held for ransom, reward, or otherwise..."

iii. Unlawful Seizure of G.L.Stephens:

1. On December 3, 2021, Plaintiff's daughter, G.L.Stephens, was forcibly taken by Oklahoma Department of Human Services from her school to a foster home: a) Without a valid warrant as required by the Fourth Amendment; b) Without criminal charges against the Plaintiff; c) Without documented evidence or credible witnesses against Plaintiff; d) Without exigent circumstances justifying emergency removal.

2. This seizure constitutes kidnapping under federal law because: a) G.L.Stephens was unlawfully seized and carried away; b) She was held "otherwise" than for ransom or reward - specifically, she was held to deprive Plaintiff of custody rights and to further Defendants' scheme; c) G.L.Stephens, as a Vietnamese citizen and legal U.S. resident, qualifies for special protection under §1201(a)(4); d) The seizure was accomplished through color of law but without legal authority.

3. This seizure also violated principles established in *Troxel v. Granville*, 530 U.S. 57 (2000), which recognizes parents' fundamental liberty interest in the care, custody, and control of their children.

iv.  Unlawful Confinement of Plaintiff:

1.  On February 7, 2024, Plaintiff was unlawfully confined and imprisoned for two months on charges of contempt of court for inability to pay fraudulently imposed child support: a) This imprisonment occurred despite documented financial hardship and assignment of indigent attorney; b) Imprisonment for debt violates the constitutional prohibition against debtor's prison as established in *Bearden v. Georgia*, 461 U.S. 660 (1983); c) The confinement was used as leverage to extort payment and compliance with unconstitutional demands.

2.  This unlawful confinement constitutes kidnapping under federal law because: a) Plaintiff was unlawfully seized and confined; b) She was held "otherwise" than for ransom or reward - specifically to coerce payment of fraudulent debts; c) Plaintiff, as a Vietnamese citizen and legal U.S. resident, qualifies for special protection under §1201(a)(4); d) The confinement was accomplished through color of law but without constitutional authority.

v.  Action Under Color of Law:

1.  While 18 U.S.C. §1201 typically applies to private actors, state officials acting without legal authority can be liable under the statute when their actions fall so far outside their legitimate authority as to constitute private action. *Screws v. United States*, 325 U.S. 91 (1945).

2.  Alternatively, these actions are actionable under 42 U.S.C. §1983 and 18 U.S.C. §242 as deprivations of liberty without due process of law.

3.  The Supreme Court has recognized that the forcible removal of children from their parents without adequate due process constitutes a seizure under the Fourth Amendment. *Tenenbaum v. Williams*, 193 F.3d 581 (2d Cir. 1999).

vi.  Relief Requested:

vii.  A declaration that the seizure of G.L.Stephens and the confinement of Plaintiff constituted unlawful kidnapping;

viii. Immediate restoration of custody rights without conditions;

ix.  Criminal referral of responsible Defendants to the U.S. Attorney's Office for prosecution under 18 U.S.C. §1201;

x.  Compensatory damages for the trauma and harm caused by these unlawful seizures;

xi.  Punitive damages against individual Defendants in an amount sufficient to deter
future similar conduct.

**CLAIM 11: Extortion, Abusive Debt-Collection Practices, FDCPA Violations – Fair
Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.**

i.  Plaintiff repeats, realleges, and incorporates by reference all paragraphs above,
and further alleges:

ii.  FDCPA Framework and Applicability:

1.  The Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, et seq.,
prohibits debt collectors from using abusive, unfair, or deceptive practices to
collect debts.

2.  Under 15 U.S.C. § 1692a(6), a "debt collector" includes "any person who uses
any instrumentality of interstate commerce or the mails in any business the
principal purpose of which is the collection of any debts, or who regularly
collects or attempts to collect, directly or indirectly, debts owed or due or
asserted to be owed or due another."

3.  Defendants qualify as debt collectors because: a) They regularly attempt to
collect debts allegedly owed to the State; b) They use instrumentalities of
interstate commerce and mail in their collection activities; c) Courts have found
that government entities and their contractors can qualify as debt collectors
under the FDCPA when engaging in conventional debt collection activities.
*Brannan v. United Student Aid Funds, Inc.*, 94 F.3d 1260 (9th Cir. 1996).

iii.  Third-Party Contact Violations (15 U.S.C. § 1692c(b)):

1.  The FDCPA strictly limits a debt collector's communications with third parties
about a consumer's debt.

2.  Defendants violated 15 U.S.C. § 1692c(b) by improperly contacting third parties
without Plaintiff's consent, including: a) Plaintiff's banks, resulting in improper
garnishment of protected accounts; b) Employer/workplace, with numerous
phone calls and mails to interfere with Plaintiff's livelihood; c) Credit report
agencies, damaging Plaintiff's credit standing; d) Passport department,
resulting in improper passport seizure; e) Medical licensing agency (State
Board of Osteopathic Examiners), interfering with Plaintiff's professional

licensing.

3. These communications went beyond the limited exceptions allowed in § 1692c(b) and constituted unlawful disclosure of debt information to third parties.

iv. Continued Contact After Cease Request (15 U.S.C. § 1692c(c)):

1. Under 15 U.S.C. § 1692c(c), once a consumer notifies a debt collector in writing to cease further communication, the debt collector must stop except for limited purposes.

2. Defendants violated this provision by continuing to contact Plaintiff after she submitted multiple written cease and desist notices.

3. Specifically, despite Plaintiff's filing of "FINAL NOTICE OF CLAIM OF IMPENDING HARM AND TRESPASS" on May 3, 2024, and numerous other requests to cease and desist, Defendants continued their aggressive collection efforts.

v. Failure to Validate Debt (15 U.S.C. § 1692g(b)):

1. Under 15 U.S.C. § 1692g(b), if a consumer disputes a debt in writing within 30 days, the debt collector must cease collection activities until providing verification of the debt.

2. Defendants violated this provision by: a) Failing to provide verification of alleged child support debt after Plaintiff disputed it in writing; b) Continuing aggressive collection efforts despite Plaintiff's timely written disputes; c) Disregarding Plaintiff's properly filed "REBUTTAL TO CLAIMED DEFAULT OF PAYMENTS FOR CHILD SUPPORT DEBT OBLIGATIONS" on October 30, 2024; d) Ignoring Plaintiff's "LEGAL NOTICE TO CSS FOR ALLEGED TITLE IV-D DEBT" filed on December 2, 2024.

vi. Harassment and Abusive Practices (15 U.S.C. § 1692d):

1. The FDCPA prohibits debt collectors from engaging in harassment, oppression, or abuse in connection with debt collection.

2. Defendants engaged in such prohibited conduct by: a) Imprisonment for inability to pay, creating a modern debtor's prison; b) Seizing Plaintiff's passport to prevent international travel; c) Interfering with Plaintiff's professional licensing; d) Creating artificially inflated debt through manipulated income calculations; e) Using threats of further imprisonment to coerce payment of

disputed debts; f) Placing liens on property believed to be Plaintiff's (but actually belonging to her landlord).

vii. False or Misleading Representations (15 U.S.C. § 1692e): Defendants made false and misleading representations in violation of 15 U.S.C. § 1692e, including: a) Misrepresenting the character, amount, and legal status of the alleged debt; b) Falsely implying that the debt was valid despite clear evidence that it violated the Oregon divorce decree's provision that "Jeep and Trailer [from Linh to Adam] in lieu of child support"; c) Threatening imprisonment for nonpayment when such action violates constitutional protections against debtor's prison; d) Falsely claiming authority to garnish federally protected retirement funds.

viii. Unfair Practices (15 U.S.C. § 1692f): Defendants employed unfair and unconscionable means to collect the alleged debt in violation of 15 U.S.C. § 1692f by: a) Collecting an amount not authorized by any agreement or permitted by law; b) Taking Plaintiff's property (including $64,445.92 from retirement accounts) without legal right; c) Threatening criminal prosecution to coerce payment of a civil debt; d) Using the child custody process as leverage for debt collection.

ix. Relief Requested:

1. Declaration that Defendants violated the FDCPA;

2. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

3. Statutory damages of $1,000 per violation pursuant to 15 U.S.C. § 1692k(a)(2)(A);

4. Return of all unlawfully seized funds, particularly the $64,445.92 garnished from protected retirement accounts;

5. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

6. Injunctive relief prohibiting future FDCPA violations;

7. Punitive damages for the intentional and malicious nature of these violations.

**B. FEDERAL STATUTORY CLAIMS**:

**CLAIM 12: RICO Violations (18 U.S.C. §§ 1961-1968) - Racketeer Influenced and Corrupt Organizations Act specifically 18 U.S.C. § 1962 (c) and (d)**

i. Plaintiff repeats, realleges, and incorporates by reference all paragraphs above, and further alleges:

   ii.  Pattern of racketeering activity by state actors and contractors

  iii.  Defendants exploit vulnerable populations including Plaintiff.

  iv.  Extortion through court-mandated services requiring excessive fees

   v.  Mail and wire fraud in communications demanding payment

  vi.  Interference with interstate commerce

 vii.  Conspiracy among judges, OKDHS workers, and service providers

viii.  Financial benefit to multiple parties through coordinated scheme

**CLAIM 13: <u>Misappropriation of State Funds 18 U.S.C. §§ 643, 644, 648, 649, 650, 651, 652, and 653</u>**

   i.  Plaintiff repeats, realleges, and incorporates by reference all paragraphs above, and further alleges:

  ii.  This memorandum addresses the applicability of federal criminal statutes under Title 18 of the United States Code, specifically sections 643, 644, 648, 649, 650, 651, 652, and 653, which pertain to the misappropriation of government funds. These statutes may be relevant to the current lawsuit involving allegations of misappropriation of state funds.

  iii.  Applicable Federal Statutes

    1.  **18 U.S.C. § 643 - Accounting generally for public money**: This statute criminalizes the failure of any officer, employee, or agent of the United States to render accounts for public money received. It applies to individuals who, having received public money which they are not authorized to retain, fail to render accounts for it as provided by law,

    2.  **18 U.S.C. § 644 - Banker receiving unauthorized deposit of public money**: This provision prohibits any banker, broker, or other person not an authorized depositary of public money from knowingly receiving any public money from a disbursing officer or other agent of the United States. It criminalizes the acceptance of unauthorized deposits of government funds.

    3.  **18 U.S.C. § 648 - Custodians, generally, misusing public funds**: This statute applies to any custodian of public money who loans, uses, or converts to their own use, or deposits in any bank or exchanges for other funds (except as authorized by law) any portion of the public money entrusted to them.

4. **18 U.S.C. § 649 - Custodians failing to deposit money**: This provision criminalizes the failure of any person having custody of public money to deposit it when required by the Secretary of the Treasury or proper department officer.

5. **18 U.S.C. § 650 - Depositaries failing to safeguard deposits**: This statute addresses the liability of depositaries who knowingly fail to safely keep public money deposited by any disbursing officer or agent.

6. **18 U.S.C. § 651 - Disbursing officer falsely certifying full payment**: This provision criminalizes the act of a disbursing officer falsely certifying a full payment when it was only partially made or when no payment was made.

7. **18 U.S.C. § 652 - Disbursing officer paying lesser in lieu of lawful amount**: This statute prohibits a disbursing officer from paying any amount less than what is provided by law, and accepting any receipt or voucher for an amount greater than what was actually paid.

8. **18 U.S.C. § 653 - Disbursing officer misusing public funds**: This provision criminalizes the conversion or misapplication of any public money by a disbursing officer of the United States.

iv. Application to State Funds: It is important to note that these federal statutes primarily address misappropriation of federal funds, not state funds. However, there are several scenarios where they might apply to state funds:

1. When state funds are commingled with federal funds

2. When state funds are part of a federal program or grant

3. When state officials also serve in a federal capacity

4. When the misappropriation involves interstate activities triggering federal jurisdiction

v. Recommended Causes of Action: Plaintiff demands that violators of these statutes and laws must result in Defendants being punished with: Fines, Imprisonment (generally up to 10 years), Disqualification from holding office, Restitution requirements to all federal taxpayers and state taxpayers, as well as to Plaintiff

### CLAIM 14: Constitutional Right to Access Court Records - First Amendment

i. Plaintiff repeats, realleges, and incorporates by reference all paragraphs above, and further alleges as follows:

ii. <u>Sealing records in court dockets by the Defendants OKDHS and Special Judge April Seibert</u> raises considerable legal and constitutional issues. The public's right to access court records is a fundamental principle upheld by the U.S. Constitution and various legal precedents. These violations create grounds for legal remedies under federal and state laws. Plaintiff has completely exhausted all State's remedy.

iii. The First Amendment provides a broad right to speak and assemble, which extends to the public's right to access judicial proceedings and court documents. The U.S. Supreme Court has emphasized that openness is an essential component of the judicial process in ***Richmond Newspapers, Inc. v. Virginia***, 448 U.S. 555 (1980), where the Court affirmed the public's right to attend criminal trials.

iv. If court records are sealed unlawfully, it also constitute: a <u>deprivation of constitutional rights protected under § 1983</u>; the <u>Due Process Clause of the Fourteenth Amendment</u> underscores the importance of transparency in judicial proceedings; <u>Federal Rules of Civil Procedure Rule 5.2</u>; 18 U.S.C. § 1519 (<u>Destruction, alteration, or falsification of records</u>); other State Laws and Case Law violations e.g. **Oklahoma Open Records Act (51 O.S. § 24A.1 et seq.) violations**: This act underscores the legislative intent of transparency in government and judicial proceedings in Oklahoma, mandating that public records be available unless specifically exempted by law. ***State of v. Reyes***, **277 P.3d 859 (Okla. Crim. App. 2012)**: This case reinforces the principle that sealing records should be sparingly applied and only when strict standards are met, ensuring adherence to due process rights. ***Wilderness Society v. U.S. Forest Service***, **630 F.3d 1173 (10th Cir. 2011)**: This case discusses the public's right of access to court documents, emphasizing that judicial records should generally be accessible unless there are compelling reasons to restrict access; Additional Case Law Supporting Access Rights ***Press-Enterprise Co. v. Superior Court of***

*California*, **478 U.S. 1 (1986)**: The U.S. Supreme Court held that criminal trials and jury selection processes must be open to the public, establishing a fundamental right to access court proceedings, which extends to related documents and records. ***United States v. McVeigh***, **918 F. Supp. 1467 (D. Colo. 1996)**: The court noted that the public has a "presumptive right of access" to judicial records and that sealing such records should be rare and accompanied by significant justification.

   v.   i, Plaintiff, motions the court to unseal all the sealed records on the grounds of constitutional access rights as they have been sealed without adequate justification or adherence to lawful protocols.

## CLAIM 15: Americans with Disabilities Act (ADA) Violations (42 U.S.C. § 12101 et seq.)

   i.   Plaintiff repeats, realleges, and incorporates by reference all paragraphs above, and further alleges as follows:

   ii.   Discrimination against Plaintiff based on documented medical conditions

   iii.   Failure to provide reasonable accommodations during legal proceedings constitutes discrimination.

   iv.   Failure to consider Plaintiff's medical conditions in custody determinations

   v.   Using Plaintiff's health conditions as pretext for removal of child

   vi.   Refusal to acknowledge medical documentation and expert testimony

   vii.   Deliberate interference with medical treatment and healthcare access

   viii.   Exploitation of disability status to justify unlawful actions

   ix.   Barriers to equal participation in court proceedings

## CLAIM 16: Fair Debt Collection Practices Act (15 U.S.C. § 1692) Violations

   i.   Plaintiff repeats, realleges, and incorporates by reference all paragraphs above, and further alleges as follows:

   ii.   15 U.S.C. § 1692c(b) - Contacting third parties without consent

   iii.   15 U.S.C. § 1692(c) - Contacting after cease request

   iv.   15 U.S.C. § 1692g(b) - Failing to provide debt verification

## CLAIM 17: Federal Retirement Protection (ERISA) Violations and Violation of 29 U.S.C. § 1056(d) (anti-alienation provisions)

    i. Plaintiff repeats, realleges, and incorporates by reference all paragraphs above, and further alleges as follows:

    ii. Unlawful garnishment of protected retirement funds e.g. 401(k) accounts

## CLAIM 18: Civil Rights Violations (42 U.S.C. § 1983)

    i. Plaintiff repeats, realleges, and incorporates by reference all paragraphs above, and further alleges as follows:

    ii. Deprivation of constitutional rights under color of law

    iii. Conspiracy to violate civil rights

## CLAIM 19: Conspiracy Against Rights (18 U.S.C. § 241)

    i. Plaintiff repeats, realleges, and incorporates by reference all paragraphs above, and further alleges as follows:

    ii. Conspiracy to injure, oppress, threaten, or intimidate

## CLAIM 20: Deprivation of Rights Under Color of Law (18 U.S.C. § 242)

    i. Plaintiff repeats, realleges, and incorporates by reference all paragraphs above, and further alleges as follows:

    ii. Willful deprivation of rights under color of law

## C. OTHER FEDERAL CLAIMS:

## CLAIM 21: Unconstitutional Bail Practices

    i. Plaintiff repeats, realleges, and incorporates by reference all paragraphs above, and further alleges as follows:

    ii. Wealth-based detention

    iii. Failure to consider ability to pay

    iv. Failure to consider non-monetary alternatives

## CLAIM 22: False Imprisonment (federal tort)

    i. Plaintiff repeats, realleges, and incorporates by reference all paragraphs above, and further alleges as follows:

## CLAIM 23: Federal Rules of Civil Procedure Rule 5.2 violations

    i. Plaintiff repeats, realleges, and incorporates by reference all paragraphs above, and further alleges as follows:

    ii. This rule governs the privacy and security of court filings. While it allows for certain information to be sealed, it also requires that any sealing of records should be justified and should not violate public access rights.

**CLAIM 24: 18 U.S.C. § 1519 (Destruction, alteration, or falsification of records)**:

    i. Plaintiff repeats, realleges, and incorporates by reference all paragraphs above, and further alleges as follows:

    ii. This statute forbids the destruction of documents to obstruct justice or conceal the truth, highlighting the severe implications of any attempts to hide judicial actions or records.

**CLAIM 25: Intentional Infliction of Emotional Distress (IIED) 18 U.S.C. § 2340 (federal tort)**

    i. Plaintiff repeats, realleges, and incorporates by reference all paragraphs above, and further alleges as follows:

**CLAIM 26: Defamation 28 U.S.C. § 4101(1) – falsely alleging Plaintiff as a child abuser and irresponsible as "Absent Father"**

    i. Plaintiff repeats, realleges, and incorporates by reference all paragraphs above, and further alleges as follows:

    ii. Publication of false and defamatory statements regarding Plaintiff

    iii. Defendants knowingly and maliciously made false accusations of "child pornography" and child abuse

    iv. Statements were published to third parties including: a) Court records accessible to the public b) Communications to Plaintiff's medical licensing board c) Statements to educational institutions d) Disclosures to other professional organizations e) Communications with Plaintiff's extended family and community

    v. False statements were made with actual malice and reckless disregard for the truth

    vi. Publication of these statements has caused demonstrable damage to Plaintiff's: a) Professional reputation as a physician b) Standing in the community c) Ability to practice medicine d) Personal relationships e) Mental and emotional well-being

    vii.  Defendants continued to publish defamatory statements even after evidence clearly refuted their claims

   viii.  These false accusations constitute defamation per se as they falsely impute criminal conduct and professional misconduct

**CLAIM 27:** <u>Full Faith and Credit Clause violations (found in Article IV, Section 1 of the United States Constitution)</u> **– 28 U.S.C. § 1738, and** <u>Uniform Enforcement of Foreign Judgments Act (UEFJA)</u> **– and** <u>Judicial Estoppel violations</u>

    i.  Plaintiff repeats, realleges, and incorporates by reference all paragraphs above, and further alleges as follows:

    ii.  Furthermore, CHILD **SUPPORT was declared unconstitutional by the Supreme Court of Minnesota** see: *Holmberg v. Holmberg* 588 N.W.2d 720. **"The administrative child support process created by Minn.Stat. § 518.5511 (1996) violates the separation of powers doctrine by infringing on the district court's original jurisdiction, by creating a tribunal which is not inferior to the district court, and by permitting child support officers to practice law. Therefore, the statute is unconstitutional."**

   iii.  **U.S. Constitution, Article IV, Section 1** states: "**Full Faith and Credit** shall be given in each State to the Public Acts, Records, and judicial Proceedings of every other State." This clause mandates that states recognize the judicial decisions and decrees of other states, ensuring that a finalized court order from one state is respected and enforced in another state, provided that the order conforms to the legal standards of the enforcing state.

   iv.  Statutory Provisions: In addition to the constitutional mandate, several federal and state laws reinforce this principle:

      1.  **28 U.S.C. § 1738**: This statute provides: "The records and judicial proceedings of any court of any state, territory, or possession of the United States, or of the District of Columbia, shall have the same full faith and credit in every court within the United States and its territories and possessions as they have by law or usage in the courts of such state, territory, or possession from which they are taken."

      2.  **Uniform Enforcement of Foreign Judgments Act (UEFJA)**: Many states have adopted this model law, which allows for the enforcement of judgments

from other states. The UEFJA facilitates the recognition of judgments by providing a procedure for registration and enforcement. The act clearly states that a judgment properly registered in a new state has the same effect as a judgment rendered by that state.

**CLAIM 28: Violation of Consumer Credit Protection Act (15 U.S.C. § 1673)**

    i.  Plaintiff repeats, realleges, and incorporates by reference all paragraphs above, and further alleges as follows:

    ii.  Excessive garnishment beyond statutory limits

**CLAIM 29: Administrative Procedure Act Violations**

    i.  Plaintiff repeats, realleges, and incorporates by reference all paragraphs above, and further alleges as follows:

    ii.  Arbitrary and capricious agency action

    iii.  Abuse of discretion


## IX. DAMAGES:

84. The Plaintiff seeks compensatory damages including financial losses suffered due to unauthorized garnishment amounting to $64,445.92 and loss of medical licensure, coupled with emotional distress damages resulting from wrongful imprisonment, which creates substantial psychological harm. Referencing Santosky v. Kramer, 455 U.S. 745 (1982), illustrates the severe repercussions of unlawful state intervention in family matters.

85. **Direct Financial Damages**

    Loss of medical license and career earnings

    Closure of Peace Joy Clinic PLLC

    Early withdrawal penalties from retirement accounts

    $64,445.92 garnishment of 401K

    Legal fees and costs

    $150/hour supervised visitation fees

    Loss of personal property if any through unlawful liens

    All future earnings capacity as a physician

86. **Consequential Damages**

    Physical health deterioration

       Mental anguish

       Emotional distress

       International travel restrictions preventing family visits

       Loss of professional standing and opportunities

87. **Loss of Consortium**

       Deprivation of relationship with daughter

       Loss of parent-child bond

       Denial of significant developmental milestones

       Destruction of family unit

88. **Defamation Damages**

       Severe reputational harm

       Professional standing in medical community

       Loss of professional license

       Community standing

       Humiliation and embarrassment

       Presumed damages for defamation per se

89. **Punitive Damages**

       Willful and malicious conduct

       Reckless disregard for constitutional rights

       Pattern of abuse requiring deterrence

## X. REQUEST FOR EXPEDITED INJUNCTION RELIEF:

90. Plaintiff requests an Expedited Decision to prevent further damages and additional risks including but not limited to:

Despite all efforts and jurisdiction challenge and motion to move venue/jurisdiction to federal courts several times, STATE OF OKLAHOMA still scheduled with threats of imprisonment and defaulted judgments on:

- Friday, **May 2, 2025 at 9:02 AM** PRIV PRETRIAL CONFERENCE ON JURY TRIAL ISSUES...PET PRO SE...RESP GIL PILKINGTON...EMMALENE STRINGER DHS – FD Docket F Loretta Radford

- Friday, **May 16, 2025 at 9:00 AM** RESP'S REQUEST FOR ATTORNEY FEES AND CSOTS...PET PRO SE...RESP GILBERT PILKINGTON...EMMALENE STRINGER DHS – Deborrah Ludi Leitch

DESPITE the following been filed and many more:

- 12-10-2024 NO DURABLE POWER OF ATTORNEY NOTICE TO PERSON EXECUTING DURABLE POWER OF ATTORNEY Document Available (#1060506444)
- 12-10-2024 NOTICE AND AFFIDAVIT RESCINDING MARRIAGE LICENSE **581911** [in AZ], IT'S MARRIAGE CERTIFICATE, IT'S POWER OF ATTORNEY, AND REBUTTING ALL LEGAL PRESUMPTIONS CONTAINED THEREIN Document Available (#1060506440); Same marriage Linh and Adam [in TX] NOTICE AND AFFIDAVIT RESCINDING MARRIAGE LICENSE **M212013766**, ITS MARRIAGE CERTIFICATE, ITS POWER OF ATTORNEY, AND REBUTTING ALL LEGAL PRESUMPTIONS CONTAINED THEREIN served 11-05-2024;
- 01-08-2025 LETTER TO THE HOUSE OF REPRESENTATIVES Document Available (#1060497518)
- 01-08-2025 TEXT CHILD SUPPORT DISPUTE-CHILD SUPPORT DECLARED UNCONSTITUTIONAL Document Available (#1060497463)
- 01-08-2025 THIRD PARTY AFFIDAVIT OF MAILING RETURNED TO SENDER 6 ORDERS: ATTORNEY FEES, CSS CONTEMPT Document Available (#1060497526)
- 01-08-2025 NO NOTICE: OFFER TO SETTLE CLAIM Document Available (#1060497530)
- 01-08-2025 CER CERTIFICATION OF NON-RESPONSE TO CONDITIONAL ACCEPTANCE LETTERS RE: ATTORNEY FEES ALLEGED BY GILBERT PILKINGTON JR Document Available (#1060497534)
- 01-08-2025 TEXT CLAIM FOR DAMAGE, INJURY, OR DEATH Document Available (#1060497522)
- 01-08-2025 APLI APPLICATION OF: FRANCETTA L. MAYS Document Available (#1060503694)
- 01-08-2025 LETTER/EMAIL FROM OKLAHOMA MENTALHEALTH (CRT) with the actual title of the email is "**DOJ Investigation of the State of Oklahoma, Oklahoma City, and tbe Oklahoma City Police Department (OKCPD)**" Document Available (#1060497514)
- 01-08-2025 AMENDED PETITION TO IMPANEL GRAND JURY Document Available (#1060503690)
- 03-04-2025 NOTICE - WRIT OF MANDAMUS MA-122859 WITH ATTACHMENTS Document Available (#1060921397)
- 03-06-2025 NOTICE OF REMOVAL FROM STATE COURT TO FEDERAL COURT Document Available (#1061154206)
- 03-07-2025 TEXT VIOLATION WARNING DENIAL OF RIGHTS UNDER COLOR OF LAW Document Available (#1061154817)
- 03-07-2025 CTFREE JUDGE LORETTA RADFORD: (CHILD SUPPORT ENFORCEMENT DOCKET): PETITIONER PRESENT, PRO SE. RESPONDENT NOT PRESENT, REPRESENTED BY GILBERT PILKINGTON, PRESENT VIA TEAMS. EMMALENE STRINGER PRESENT FOR THE DEPARTMENT OF HUMAN SERVICES. PRIVATE ARRAIGNMENT OF LINH TRAN STEPHENS HELD ON THE

RECORDER. COURT ENTERS A PLEA OF NOT GUILTY AND THE PETITIONER REQUESTS A JURY TRIAL. PRETRIAL CONFERENCE SET FOR MAY 2, 2025 AT 9:00 AM BEFORE JUDGE LORETTA RADFORD IN COURTROOM 605. PETITIONER RECOGNIZED BACK. JURY TRIAL FEE'S MUST BE PAID PRIOR TO PRETRIAL CONFERENCE OR THE COURT MAY PROCEED WITH AN NON JURY TRIAL ON THAT DATE.
- 03-17-2025 MOTION TO DISMISS/RESPONSE TO PETITIONER'S "NOTICE OF REMOVAL FROM STATE COURT TO FEDERAL COURT RE: STATE OF OKLAHOMA VS. LINH TRAN STEPHENS FOR CONTEMPT OF COURT FOR FRAUDULENTLY-ALLEGED-AND-UNVALIDATED DEBT, AND ALL CASES RELATED TO LINH INCLUDING FD-2015-2228 AND JD-2021-270, ETC" Document Available (#1061157102)
- 03-24-2025 MOLIM DEPARTMENT OF HUMAN SERVICES' MOTION IN LIMINE Document Available (#1061157899)

Additional false imprisonment and unlawful arrests

Malicious prosecution

Intentional harassment and intentional infliction of emotional, physical, and financial injury

Permanent physical health damages

Ongoing effect of imputed income despite zero evidence presented for purposefully underemployment (while Defendant CSS ignores Plaintiff's tax paperwork from IRS, Plaintiff's actual earnings, and reliable witnesses)

Ongoing harassments and discriminations by all Defendants

Unwanted forced-early-retirement with tax penalties and false income inflation from liquidation of exempted assets

## XI. PRAYER FOR RELIEF:

WHEREFORE, Plaintiff Linh Tran Stephens respectfully requests that judgment by jurors be entered against the Defendants for the following:

1. Grant the Emergency Permanent Restraining Order ("PRO"): Issue an immediate PRO against all Defendants to prevent ongoing and further violations of Plaintiff's rights, as detailed previously in this document.

2. **Issue Injunctive Relief:** Issue a preliminary injunction, followed by a permanent injunction:

   i. Prohibit any enforcement actions derived from unauthorized support orders of Oklahoma.

   ii. Order STATE OF OKLAHOMA and all its courts and all its agencies and all its

employees to cease all forms of harassment and malicious prosecution. (including unlawful Child-Support Collection practices/efforts via OKDHS CSS and malicious prosecution by Rogers County, Tulsa County, and Oklahoma County, etc.)

iii.   Order and enjoin Defendants from detaining arrestees unable to pay bail without an immediate, same-day inability-to-pay hearing (Rule 8 hearing).

iv.   Order Defendants to cease defamation of Plaintiff, including allegations of "contempt of court," "not paying child support," "willful violation of court order," "deadbeat parents," and "abusive parent with substantiation of abuse."

v.   Ensure compliance with *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008) and *Ex parte Young*, 209 U.S. 123 (1908):

1. *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008): Requires showing likelihood of success on merits, irreparable harm, balance of equities in favor, and public interest served

2. *Ex parte Young*, 209 U.S. 123 (1908): Permits injunctive relief against state officials for ongoing violations of federal law

3. **Issue a Writ of Mandamus** ordering all courts and agencies to:

i.   Vacating/Rescission the Child Support Orders in Oklahoma e.g. Court Order of October 14, 2022 and Order Modifying The Decree of Dissolution of Marriage of February 20, 2024,

ii.   Uphold the original Child Support Contract of January 2016 in Oregon (previously upheld in Oklahoma in July of 2017 and 2019) to comply with judicial estoppel.

iii.   Order that no child support order shall be issued against Mother unless Father returns her paid-in-full brand-new-fully-loaded Jeep Wrangler and brand-new fully loaded Baja 18-feet Trailer

iv.   Complete restoration of parental rights without any conditions, restrictions, or prerequisites involving court actors or therapists regarding Plaintiff or Plaintiff-and-child. The documented constitutional violations obligate this Court to restore Plaintiff's full custody rights without restrictions, stipulations, or child support obligations - returning to the status quo that existed prior to these unconstitutional proceedings. The actions of Defendants Seibert, Leitch, and Radford persist beyond their legally divested authority, rendering their purported

orders null and void due to a fundamental lack of jurisdiction ab initio and caused harms to Plaintiff's privacy rights, financial independence, parental rights, and mother-daughter relationship through impermissible state interference

v. Reverse the suspension/revocation of Plaintiff's passport and licenses stemming from OKDHS CSS's persecutory and malicious actions

vi. Order compliance with the Americans with Disabilities Act, including reasonable accommodations, and impose fines/fees on the State, with referral to the Department of Justice.

vii. Ensure compliance with 28 U.S.C. § 1361 and *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367 (2004):

1. 28 U.S.C. § 1361: Federal courts can compel officers to perform duty owed to plaintiff;

2. *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367 (2004): Mandamus appropriate when plaintiff has no other adequate means to attain relief and right to issuance is clear and indisputable

4. **Declare Defendants' Actions Unconstitutional:** Declare that Defendants' financial bail practices violate the Fourteenth Amendment, and their failure to provide individualized release hearings violates due process and the Sixth Amendment.

5. **Award damages**:

i. Punitive Damages against the individual-being Defendants to deter future misconduct of similar nature

ii. Compensatory damages for all financial losses.

iii. Disgorgement of all funds unlawfully obtained by Defendants

iv. **General and Special Damages of no less than $500,000,000 (500 million dollars**), including compensatory, nominal, punitive damages (against the individual Defendants to deter future misconduct of a similar nature), special and consequential damages that are reasonably foreseeable, and damages for detriment certain to result in the future, as detailed previously in this document:

1. Irreparable harm,
2. Overpayment of child support that unjustly enriches Adam Sylvester Stephens and the State of Oklahoma and Defendants
3. Opportunistic investment loss from funds that would have been placed in high-interest investment accounts producing profits (10-20% interest)

4. Loss of costly time and energy from work for preparing and attending hearings
5. Mental anguish
6. Intentional Infliction of Emotional Distress
7. Damage to Plaintiff's reputation in the community and nationwide
8. Permanent damage to Plaintiff's lifelong career as a general medical practitioner
9. Lost wages from numerous court dates, false imprisonment of two months, etc.

v. Restitution of stolen money (e.g., 401(k), IRAs).

vi. **Future Damages** per 23 OK Stat § 23-9.3, for damages incurred after the date of judgment for:

1. Medical, health care, or custodial care services

2. Additional and compounded physical pain, mental anguish, and physical impairment

3. Continuing loss of consortium, companionship, and society

4. Loss of earnings and potential earnings while being harassed in courts

5. Loss of all future earning potential for the rest of Plaintiff's life

vii. **Pre-judgment and Post-judgment Interest** pursuant to 12 OK Stat § 12-727.1 (2022) at the statutory annual interest rate

6. **Grant Plaintiff's Claim for Undue Hardship Exemption and Request to Stop All Garnishment, Levying, and Liquidation** since the petition filed on April 22, 2024, the aforementioned matter has been unduly and unconstitutionally precluded from receiving judicial consideration in all state courts.

7. **Grant Summary Judgment** drafted by Plaintiff and NOT by Defendants.

8. **Award Attorney Fees and Costs** pursuant to 42 U.S.C. §1983 and other appropriate statute, including costs for sui juris litigants per ***Burt v. Hennessey*, 929 F.2d 457, 459 (9th Cir. 1991)**, where **Sui juris litigants are entitled to recover … actual costs reasonably incurred to the extent that an attorney could have received these costs under a § 1988 attorney's fees award**.

9. **Issue a Declaratory Judgment** that Defendants violated the Fair Debt Collection Practices Act (FDCPA) and **grant injunctive relief**, including actual and statutory damages, costs, and attorney's fees pursuant to 15 U.S.C. § 1692k.

10. **Such Other and Further Relief** as the Court deems just and proper.

## Avouchment / Verification

i hereby declare, certify and affirm, pursuant to the penalties of perjury under the laws of the united states of America, and by the provision of **28 U.S. Code § 1746** that all of the above and foregoing representations are true and correct to the best of my knowledge, information, belief.

Executed in Tulsa County, Oklahoma on this 08th day of April in the Year of Our Lord Two Thousand and Twenty Five.

*Nemo me impune lacessit* + *Psalm 105:15* + *Isaiah 54:17*
PRIVATE; THIS IS NOT A PUBLIC COMMUNICATION
Notice to Agent is Notice to Principal, Notice to Principal is Notice to Agent, Notice applies to all successors and assigns; Affidavit is a Form of Evidence; unrebutted affidavit stands as truth in commerce;
**Silence is Tacit Acquiescence/Agreement/Dishonor**;
*This communication is in no way forming a contract nor requesting any contracting; it is simply a notice regarding the matters at hand. This communication is not intended to nor does it create nor confirm any professional-client relationship or any type of relationship between us;*

Private sector autograph;
**WITHOUT RECOURSE**

*without prejudice*
*linh-tran: stephens/Agent*

By one–and–only beneficiary:

All Rights Reserved None Waived, **Without Prejudice** *UCC 1-308 & 1-103*, **Non-Assumpsit**, one-and-only Grantor & Authorized Agent & Beneficiary for LINH TRAN STEPHENS® ens legis and all its derivatives thereof including Cestui Que Trust a.k.a. "Fide Commissary Trust", sui juris, Ambassador of Christ/Yahusha, Heir of the Creator, my heir/offspring is G.L.Stephens, A natural living woman breathing with a living soul and the Holy Spirit of Creator YAHUAH, natural people with hands legs, Alive-on-the-land, Plenary mind body soul/spirit, unlimited, non-incorporated, non-sole-proprietor, **stateless "freeman of the Union"** per Honorable Mr. Justice MILLER on April 14th, 1983, in the Slaughter-House cases, 83 US 36 (a SCOTUS case specifically mentioned in 8 FAM 102.3), full capacity and competency with postgraduate level of education past medical school, living on the land of the republic, with God-given rights pursuant to the Bills of Rights, NOT a "pro se"/"person"/"pauper"/"indigent"/"slave"/"public servant"/"government employee"/"ward of State" nor a "U.S. citizen"/"minor" in your dictionary; i reject your 12 legal presumptions and any presumptions, assumptions, double-speaking, or alleged implied contracts; Article IV Section 2 Citizens of each State shall be entitled to all Privileges & Immunities of Citizens in several States; **Rural Free Delivery, Non-Domestic 00000,** c/o 11063 S Memorial Dr Ste D #235, Tulsa, Oklahoma [zip exempt near 74133] without USDC, Email: LinhStephens7@gmail.com
Phone (on DoNotCallList.gov): 817-631-3223

### Notary as JURAT CERTIFICATE

STATE OF MINNESOTA    )
                      ) *ss*
COUNTY OF SHERBURNE    )

On this 08th day of April, 2025 before me, Melissa K. Vagle, a Notary Public, personally appeared a living woman Linh Tran Stephens (the Authorized Representative and Beneficiary for Legal Fiction LINH TRAN STEPHENS), who electronically (remotely) proved to me on the basis satisfactory evidence to be the woman whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her autograph on the instrument the woman executed, the instrument.

i certify under PENALTY OF PERJURY under the lawful laws of Minnesota State and that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

*Melissa K. Vagle*

Signature of Notary/Jurat

MELISSA K VAGLE
Notary Public
State of Minnesota
My Commission Expires
January 31, 2028

# EXHIBIT 1

*14 pages*

**ADMINISTRATIVE NOTICE AND AFFIDAVIT CHALLENGING JURISDICTION for STATE OF OKLAHOMA v. Linh Tran Stephens for contempt of alleged child support**

Affiant: Linh Tran Stephens                 Date: April 07, 2025          Allegedly FD-2015-2228

To: Emmalene Stringer, OBA # 31690,     Tulsa County Court Clerk
emmalene.stringer@okdhs.org,             Don Newberry and its agents "special judges"
OCSS.CONTACT.TULSA@okdhs.org            Loretta Radford and Deborrah Ludi Leitch
OKDHS, CSS (Child Support Services,      tulsa.courtclerk@oscn.net,
Tulsa East Office)                        Loretta.Radford@oscn.net,
PO. Box 27068, Tulsa, OK 74149           deborrah.ludiLeitch@oscn.net
**State's Attorney, OKDHS CSS**          Tulsa County Courthouse
                                         500 S Denver Ave, Room 200,
                                         Tulsa, OK 74103-3832

State: Oklahoma }            *Notice to Agent is Notice to Principal, Notice to Principal is Notice to*
              }ss            *Agent, Notice applies to all successors and assigns; Affidavit is a*
County: Tulsa    }           *Form of Evidence; Unrebutted Affidavit Stands as Truth in*
                             *Commerce; Silence is Tacit Acquiescence/Agreement/Dishonor;*

**I. NOTICE AND CHALLENGE TO JURISDICTION**

1. Lack of Jurisdiction Over a Natural Person

i, Linh Tran Stephens, a natural woman, hereby challenge any claim, assessment, or presumed obligation asserted by the County of Tulsa or the State of Oklahoma.

The County Attorney's Office must provide clear and convincing evidence that I, as a natural person, am subject to your jurisdiction, as per *Crandall v. Nevada*, 73 U.S. 35 (1868).
Title 5 U.S.C. §556(d): "When jurisdiction is challenged the burden of proof is on the government."

"No sanction can be imposed absent proof of jurisdiction." "Once challenged, jurisdiction cannot be 'assumed", it must be proved to exist!" *Stanard v. Olesen*, 74 S.Ct. 768
"The law requires PROOF OF JURISDICTION to appear on the Record of the administrative agency and all administrative proceedings." *Hagans v. Lavine*, 415 U.S. 533
"A demonstrably incorrect judicial decision, by contrast, is tantamount to making law, and adhering to it both disregards the supremacy of the Constitution and perpetuates a usurpation of the legislative power." Gamble v. United States, 139 S. Ct. 1960, 1984 (2019)

2. Government Acting as a Private Corporation
- Under the Clearfield Doctrine (*Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943)), when the government engages in commerce using fiat currency (Federal Reserve Notes), it is not acting as a sovereign but as a private corporation.
- The State of Oklahoma is registered with Dun & Bradstreet under D-U-N-S Number ___, confirming its corporate nature. Since the County is a subdivision of the State, it lacks sovereign authority over private citizens.

3. Absence of a Valid Complainant

Via *Special Limited Entry of Appearance* - ADMINISTRATIVE NOTICE AND AFFIDAVIT CHALLENGING JURISDICTION for STATE OF OKLAHOMA v. Linh Tran Stephens for contempt of alleged child support – *page 1 of 5*

- If there is no complainant (even if that complainant is a child or an adult) willing to swear under penalty of perjury, no valid case can proceed against me.
- Per *Crawford v. Washington*, 541 U.S. 36 (2004), hearsay cannot be used as evidence against me. Any claims made must come from a living man or woman with firsthand knowledge, not from an attorney or government agent acting in an administrative capacity.

## II. PRESUMPTION OF LEGAL ENTITY REBUTTED

4. Natural Persons vs. Legal Persons
- The legal system often assumes individuals are corporate entities based on the use of an ALL CAPS NAME on government-issued documents such as birth certificates and driver's licenses. However, this does not transform a natural person into a corporate entity subject to statutory obligations.
- Per *Hale v. Henkel*, 201 U.S. 43 (1906), a natural person is not obligated to the same rules as a corporation unless they voluntarily enter into a contract—to which I did NOT voluntarily entered into any contract with any of you!

5. Challenge to Contractual Obligations
- I demand proof that I have entered into a lawful contract obligating me to any claims by the County or State. No contract exists in which I have knowingly and voluntarily agreed to be subject to corporate taxation, fines, or other obligations.

6. Who Has an Interest in My Property?
- I require documentation proving that any man, woman, or corporate entity has a valid legal interest in my private property including my biological property G.L.Stephens female offspring and my banks and retirement and other physical properties.
- Absent a lawfully binding contract, any claim against my property is fraudulent.

## III. TAX EXEMPTION & RIGHTS UNDER THE UCC

7. Exemption from Taxation
- As a natural person, I am not obligated to pay taxes meant for legal entities or corporations.
- If the County asserts otherwise, it must provide evidence under 5 U.S.C. § 556(d) that I waived my rights and agreed to be taxed as a corporate entity.

8. Preserving Rights Under UCC 1-308
- I reserve all rights under UCC 1-308, ensuring that no agreement can be presumed or enforced against me without my express consent.

## IV. ATTORNEYS AND CORPORATE REPRESENTATION

9. Attorneys Hold No State-Issued License
- Attorneys are not licensed by the State but instead hold union memberships through the BAR Association and pay dues to maintain their status.

- This means attorneys do not have the authority to represent a corporation unless specifically authorized.

10. Government Attorneys Cannot Represent the State as a Sovereign
- Since the State is operating as a corporation, an attorney representing the State is acting in a commercial, not governmental, capacity.
- Any legal action taken against me by a County or State attorney must be accompanied by a sworn affidavit from a valid complainant with firsthand knowledge, per F.R.C.P. Rule 602.

**V. FINAL DEMAND FOR PROOF OF AUTHORITY**

11. Response Required Within 10 Business Days

12. OTHER FACTS: On Friday, October 4, 2024, after 9:00 AM, Friday, December 6, 2024, after 9:00 AM, and Friday, March 7, 2025, after 9:01 AM, it was stated on the unrebutted civilian public record by me that "I am a beneficiary of the Trust LINH TRAN STEPHENS, and I am appointing you, Judge, as my Trustee, and as my Trustee, I want you to discharge this matter I am accused of and eliminate the record." It was also stated that the matter was to be on the civilian Public Record, and no one objected. It was asserted that the proceedings were in the proper jurisdiction of an Article III court as both the speaker and their daughter are of the Socialist Republic of Vietnam, and the matters involved deprivation of life, liberty, property, or anything over $20.00, and again, no one objected. A limited time for discussion was requested but were unjustly and unlawfully denied and threatened with immediate imprisonment with Sheriffs being called in (threat & intimidation), stating the appearance was a special entry or limited visitation, and private rights were reserved. My right as Executor and Beneficiary over body, mind, and soul was asserted, and a demand was made for a notarized affidavit of harm allegedly done by me within 7 to 10 days, and none was received even until this very date, months later. I stated that the State of Oklahoma cannot be harmed and was never harmed, and there was no rebuttal. I asserted that prior notices were served to the Courts stating that everyone in these courts was "fired" and that all alleged contracts were voided and rejected and rescinded, and no objection/rebuttal was made against what I said. Reference was made to a DOJ letter from April 20, 2023, and a Motion for Order of Judicial Notice, including an updated DOJ letter from February 20, 2025, warning against proceeding with cases similar to this one. I stated that summonses were rejected and returned with a copy of a rejection notice filed prior to the hearing, and no rebuttal was given against what I said. I also made a motion to dismiss due to lack of jurisdiction and was without counterarguments from any parties. All court actors, including the "special judge," the administrative employee of the STATE OF OKLAHOMA, even acknowledged on the record (as I refused to start without a court reporter), that the special judge and all actors had read the whole "Rebuttal / Challenge of the 12 presumptions presented by the for-profit State of Oklahoma Tulsa County District Court and the private B.A.R. Association of Oklahoma 12-04-24" and all the previously filed documents but chose to ignore them all. The judge was immediately served a "COL form, for VIOLATION WARNING DENIAL OF RIGHTS UNDER COLOR OF LAW" in a court full of B.A.R. CARD ATTORNEYS. A PRIVATE ARRAIGNMENT of the legal entity "LINH TRAN STEPHENS," was done without my consent, which I stated was NOT the same as my flesh and blood woman with a soul/spirit and that it was not me and i wanted to make sure i clear the matter up. PRIVATE ARRAIGNMENT was allegedly "HELD ON THE RECORD" without me entering any plea, yet these court actors fraudulently typed on court docket "THE COURT ENTERS A PLEA

OF NOT GUILTY," despite I specifically expressed I shall not enter any plea as I do not contract with these courts nor their actors and do not understand the charges and have many questions for them. The fraudulent court actors of TULSA COUNTY STATE OF OKLAHOMA fraudulently alleged, "PETITIONER REQUESTS A JURY TRIAL, PRETRIAL CONFERENCE SET FOR MAY 2, 2025, AT 9:00 AM BEFORE JUDGE LORETTA RADFORD IN COURTROOM 605. PETITIONER RECOGNIZED BACK. JURY TRIAL FEES MUST BE PAID PRIOR TO PRETRIAL CONFERENCE OR THE COURT MAY PROCEED WITH A NON-JURY TRIAL ON THAT DATE." The facts are, I was NOT recognized at all as I do not recognize any of them, as I continuously revoked all alleged or implied contracts and rescinded all signatures and repeatedly stated, "Objections, I do not consent to these proceedings, you do NOT have authority over me, I do not consent to your jurisdiction, I am living fresh and blood and you're a corporation, and I have ownership of trademark and full control over LINH TRAN STEPHENS® and cease and desist else I will sue you guys for trademark infringements also".

**- OF NOTE, I have suffered any damages as a result of past arrest(s) and I wish to be compensated for $500,000,000 dollars in redemption.**

**- If you claim authority over me, you MUST provide:**

    1. A verified contract proving that I knowingly consented to be subject to County or State jurisdiction.

    2. Proof of a valid complainant swearing under penalty of perjury with firsthand knowledge of any alleged wrongdoing.

    3. Evidence that the State or County has a lawful interest in my private property.

**12. Failure to Respond Constitutes Agreement as you have failed to respond with any valid contracts between us despite multiple chances.**

**AGAIN, if no lawful proof is provided within 10 business days, I will consider this matter closed and your office will have waived any claim to jurisdiction over me.**

Executed this 07th day of April, 2025

**Avouchment / Verification**

*Nemo me impune lacessit pursuant to Psalm 105:15 + Isaiah 54:17*
PRIVATE; THIS IS NOT A PUBLIC COMMUNICATION
Notice to Agent is Notice to Principal, Notice to Principal is Notice to Agent, Notice applies to all successors and assigns; Affidavit is a Form of Evidence; Unrebutted Affidavit Stands as Truth in Commerce;
**Silence is Tacit Acquiescence/Agreement/Dishonor**;
*This communication is in no way forming a contract nor requesting any contracting; it is simply a notice regarding the matters at hand. This communication is not intended to nor does it create nor confirm any professional-client relationship or any type of relationship between us;*

Private sector autograph;
**WITHOUT RECOURSE**

without prejudice
linh-tran: stephens/Agent

By one–and-only beneficiary:
All Rights Reserved None Waived, **Without Prejudice** *UCC 1-308 & 1-103*, **Non Assumpsit**, Grantor, one-and-only Authorized Agent & Beneficiary for LINH TRAN STEPHENS® ens legis and all its derivatives thereof including Cestui Que Trust a.k.a. "Fide Commissary Trust",

sui juris, Ambassador of Christ/Yahusha, Heir of the Creator, my heir/offspring is G.L.Stephens, A natural living woman breathing with a living soul and the Holy Spirit of Creator YAHUAH, natural people with hands legs, Alive-on-the-land, Plenary mind body soul/spirit, unlimited, non-incorporated, non-sole-proprietor, stateless "**freeman of the Union**" per Honorable Mr. Justice MILLER on April 14th, 1983, in the Slaughter-House cases, 83 US 36 (a SCOTUS case specifically mentioned in 8 FAM 102.3), full capacity and competency with postgraduate level of education past medical school, living on the land of the republic, with God-given rights pursuant to the Bills of Rights, NOT a "pro se"/"pauper"/"indigent"/"public servant"/"government employee"/"ward of State"/ nor a "U.S. citizen"/"minor" in your dictionary; i am rejecting your 12 legal presumptions; Article IV Section 2 Citizens of each State shall be entitled to all Privileges & Immunities of Citizens in several States; **Rural Free Delivery, Non-Domestic 00000,** c/o 11063 S Memorial Dr Ste D #235, Tulsa, Oklahoma [zip exempt near 74133] without USDC, Email: LinhStephens7@gmail.com Phone (on DoNotCallList.gov): 817-631-3223

**Notary as JURAT CERTIFICATE**

STATE OF <u>MINNESOTA</u>          )
                                  ) *ss*
COUNTY OF <u>SHERBURNE</u>       )

On this <u>07th</u> day of <u>April</u>, 20<u>25</u> before me, <u>Melissa K. Vagle</u>, a Notary Public, personally appeared a living woman <u>Linh Tran Stephens</u> (the Authorized Representative and Beneficiary for Legal Fiction LINH TRAN STEPHENS), who electronically (remotely) proved to me on the basis satisfactory evidence to be the woman whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her autograph on the instrument the woman executed, the instrument.

i certify under PENALTY OF PERJURY under the lawful laws of Minnesota State and that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

*Melissa K. Vagle*

Signature of Notary/Jurat

MELISSA K VAGLE
Notary Public
State of Minnesota
My Commission Expires
January 31, 2028

### Notice and Declaration of Acceptance, Acknowledgement, Claim and Continuance

Under, and out of, the authority of absolute necessity.

Notice to agent is Notice to principal, Notice to principal is Notice to agent.
Everyone is the manager and dispenser of his own affairs.
Many things pertain not to human laws but to divine jurisdiction.
In whatever manner a thing is constituted, in the same manner it is dissolved.
Plain truth need not be proved.
Words spoken vanish, words written remain.
The law favors a thing which is of necessity.
The voice of the people is the voice of God.

By these Presents, i, Linh Tran Stephens, sui juris, being of plenary capacity, character, condition, status, standing and responsibility, Beneficiary in fact, Heir of the Creator, under full liability and complete transparency, under the penalty of false witness, under the laws of the Creator, under the laws of Creation, do hereby Declare, Proclaim and Publish the following, to wit:

Whereas, i, Linh Tran Stephens, am an Heir of the Almighty Creator of all that was, all that is and all that shall be.

Whereas, i, Linh Tran Stephens, as an Heir am entitled to my legal, lawful, equitable, spiritual and any and all other right, interest, title and share of Creation.

Therefore, i, Linh Tran Stephens, do hereby knowingly, willingly, intelligently and intentionally Declare and Notice my claim, acceptance and acknowledgment of any and all which the Creator has bestowed upon myself at the moment of my live Birth on Soil, and thereafter, of His Creation, at any and all places and any and all times for my exclusive use, disposition, benefit and enjoyment, nunc pro tunc, ab initio, in perpetuity, without recourse, without prejudice.

i, Linh Tran Stephens, do hereby knowingly, willingly, intelligently and intentionally Declare and Notice my claim, acceptance, acknowledgement and continuance of the plenary, complete and exclusive legal, lawful, equitable, spiritual, universal, quantum and any and all other title, share, interest, right, immunity, ownership, control, et cetera, in any and all natures, shapes, causes, kinds, forms and formats, and any and all variations and combinations thereof, of and in Creation, without limitation, and will preserve, dispose and protect the same diligently and honorably, for my exclusive use, disposition, benefit and enjoyment, nunc pro tunc, ab initio, in perpetuity, without recourse, without prejudice.

i, Linh Tran Stephens, do hereby knowingly, willingly, intelligently and intentionally Declare and Notice my claim, acceptance, acknowledgment of what was formally referred to as "full

Page **1** of **4**        **Certified true, accurate and complete**    without prejudice
                                                                        linh-tran: stephens/Agent

rights, title, ownership, control and holder-in-due-course" to any and all fictions of law and/or creatures of the mind relating to, pertaining to, relevant to and/or emanating from myself and mine, referenced by various identifiers, abbreviations, numbers and their combinations, letters and their combinations, derivatives, idem sonans, res identifier or any equivalent of the aforementioned and/or any other legal, financial and managerial form and formats of any nature, shape, cause and kind, and any and all combinations and variations thereof, most commonly referred to as Linh Tran Stephens and /or <u>LINH TRAN STEPHENS</u> and in any way, shape, form and format realized, effectuated and utilized in the course of life in Creation, all for my exclusive use, benefit and enjoyment, nunc pro tunc, ab initio, in perpetuity, without recourse, without prejudice.

i, Linh Tran Stephens, hereby knowingly, willingly, intelligently and intentionally Declare and Notice my claim, acceptance, acknowledgement, continuing, effectuating and utilizing the Administrator, and other necessary, Status, Conditions, Characters, Capacities and Standings, and the duties, responsibilities, authorities, rights, privileges and immunities thereof, diligently and honorably, to the best of my knowledge and ability, at all places and all times within Creation, for my exclusive benefit and enjoyment, nunc pro tunc, ab initio, in perpetuity, without recourse, without prejudice.

i, Linh Tran Stephens, do hereby knowingly, willingly, intelligently and intentionally Declare and Notice that when acting in the capacities, conditions, characters, status and/or standings of Administrator, and other necessary positions, i am held personally harmless, never personally liable for the aforementioned at any place and any time within Creation, nunc pro tunc, ab initio, in perpetuity, without recourse, without prejudice.

i reserve the right to amend, enhance and/or delete from this document and tangible medium at any time, by explicit reservation.

Any omission is not a waiver thereof.

A copy, facsimile and digital scan are lawfully declared to be, and has the same force, affect and effect as, the Original.

i reserve the right to define all words and letter combinations contained herein; and further, reserve the right to interpret and construct the intent thereof, with plenary finality, by explicit reservation.

i, Linh Tran Stephens, do hereby knowingly, willingly, intelligently and intentionally declare and affirm that the foregoing is true, accurate and complete, the truth, whole truth and nothing but the truth, to the best of my knowledge and ability, so help me Creator.

i, Linh Tran Stephens, do hereby knowingly, willingly, intelligently and intentionally Affirm,

**Certified true, accurate and complete**    *without prejudice*
*linh-tran: stephens/Agent*

Declare, Proclaim and Publish that this document and tangible medium is hereby absolutely and duly affirmed, authorized, declared, stated, made, issued, certified, confirmed, ratified, verified, executed, noticed, re-affirmed, re-authorized, re-declared, re-stated, re-issued, re-certified, re-confirmed, re-ratified, re-verified and re-noticed, absolutely and duly perfected, protected and secured in their entirety for all of Creation to rely upon, without limitation, in perpetuity, without recourse, without prejudice, under the penalties of false witness, to the best of my knowledge and ability, governed by, and under, the Laws of the Creator, under the Laws of Creation.

Hereunto i have set my Hand and knowingly, willingly, intelligently and intentionally caused my autograph to become affixed hereto.

Executed in Creation, by, under and pursuant to the Laws of the Creator and the Laws of Creation.

On the seventh day of April, in the Year of our Lord and Chris two-thousand twenty five.

Heir of the Creator, Real- woman Flesh and blood, Breathing Living Soul, Secured Party, Holder-in-Due-Course, Real-Party-in-Interest, Grantor, Bailor, Administrator, Creditor, Custodian, Beneficiary; All rights, privileges, freedoms and immunities are hereby claimed, reserved and exercised, without limitation, without prejudice, without recourse.

### Avouchment / Verification
i hereby declare, certify and affirm, pursuant to the penalties of perjury under the laws of the united states of America, and by the provision of **28 U.S. Code § 1746** that all of the above and foregoing representations are true and correct to the best of my knowledge, information, belief. Executed in Tulsa County, Oklahoma on this 07th day of April in the Year of Our Lord Two Thousand and Twenty Five.

> *Nemo me impune lacessit pursuant to Psalm 105:15 + Isaiah 54:17*
> PRIVATE; THIS IS NOT A PUBLIC COMMUNICATION
> *This communication is in no way forming a contract nor requesting any contracting; it is simply a notice regarding the matters at hand. This communication is not intended to nor does it create nor confirm any professional-client relationship or any type of relationship between us;*

Private sector autograph;
**WITHOUT RECOURSE**

without prejudice
linh-tran: stephens/Agent

By one–and-only beneficiary: _____

All Rights Reserved None Waived, **Without Prejudice *UCC 1-308 & 1-103*, Non Assumpsit**, Grantor, one-and-only Authorized Agent & Beneficiary for LINH TRAN STEPHENS® ens legis and all derivatives thereof, Sovereign People, unlimited sui juris, Ambassador of Christ/Yahusha, Heir of the Creator, my heir/offspring is G.L.Stephens,

without prejudice
linh-tran: stephens/Agent

**Certified true, accurate and complete**

A natural living woman breathing with a living soul and the Holy Spirit of Creator YAHUAH,
**stateless "freeman of the Union"** per Honorable Mr. Justice MILLER on April 14th, 1983, in
the Slaughter-House cases, 83 US 36 (a SCOTUS case specifically mentioned in 8 FAM 102.3),
full capacity and competency with postgraduate level of education past medical school,
non-incorporated, non-sole-proprietor, living on the land of the republic, with God-given rights,
NOT a "pro se"/"pauper"/"indigent"/"public servant"/"government employee"/"ward of State"/
nor a "U.S. citizen"/"minor" in your dictionary as i am rejecting your 12 legal presumptions,
Article IV Section 2 Citizens of each State shall be entitled to all Privileges & Immunities of
Citizens in several States; **Rural Free Delivery, Non-Domestic 00000,**
c/o 11063 S Memorial Dr Ste D #235, Tulsa, Oklahoma [zip exempt near 74133] without USDC,
Email: LinhStephens7@gmail.com
Phone (on DoNotCallList.gov): 817-631-3223

### Notary as JURAT CERTIFICATE

STATE OF <u>MINNESOTA</u>    )
                            ) *ss*
COUNTY OF <u>SHERBURNE</u> )

On this <u>07</u><u>th</u> day of <u>April</u>, 20<u>25</u> before me, <u>Melissa K. Vagle</u>, a Notary Public, personally
appeared a living woman <u>Linh Tran Stephens</u> (the only Authorized Representative and
Beneficiary for Legal Fiction LINH TRAN STEPHENS), who electronically (remotely) proved
to me on the basis satisfactory evidence to be the woman whose name is subscribed to the within
instrument and acknowledged to me that she executed the same in her authorized capacity, and
that by her autograph and fingerprint on the instrument the woman executed, the instrument.

i certify under PENALTY OF PERJURY under the lawful laws of Minnesota State and that the
foregoing paragraph is true and correct.

WITNESS my hand and official seal.

*Melissa K. Vagle*

Signature of Notary/Jurat

MELISSA K VAGLE
Notary Public
State of Minnesota
My Commission Expires
January 31, 2028

**Certified true, accurate and complete**          without prejudice
linh-tran:stephens/Agent




# OKLAHOMA
## State Courts Network

The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE SUPREME COURT OF THE STATE OF OKLAHOMA

| | |
|---|---|
| Linh Tran Stephens, individually and as parent and next of kin of G.L.S., a minor child, Petitioner, <br><br> vs <br><br> City of Tulsa, Oklahoma, and Department of Human Services, Respondents. | No. MA-122859 <br> ([Writ of] Mandamus) <br><br> Filed: 02/13/2025 <br><br> Appealed from: TULSA County District Court |

## PARTIES

City of Tulsa, Respondent
Department of Human Services, Respondent
STEPHENS, LINH TRAN, Petitioner

## ATTORNEYS

| Attorney | Represented Parties |
|---|---|
| Pro Se | STEPHENS LINH TRAN |

*This court improperly revoked in forma pauperis status without legal justification, effectively denying constitutional rights of court access and ability to seek redress against government actions. This arbitrary revocation violates established Supreme Court precedent protecting indigent litigants' fundamental rights to meaningful court access regardless of financial status.*

## EVENTS

None

*Fundamental Rights Violated:*
*First Amendment right to petition the government for redress of grievances*
*Fifth Amendment right to due process*

## LOWER COURT C

*Fourteenth Amendment equal protection under the law*
*Access to courts as a fundamental constitutional right*

| Count | Case Number |
|---|---|
| - | PO-2021-3843 |

*Key Supreme Court Precedents:*
*Griffin v. Illinois (1956): The Supreme Court held that denying court access based on inability to pay fees violates equal protection*
*Burns v. Ohio (1959): States cannot block court access simply because of inability to pay court costs*

## DOCKET

*Boddie v. Connecticut (1971): Access to courts cannot be denied solely because of inability to pay fees*

| Date | Code | Descri | *M.L.B. v. S.L.J. (1996): Reaffirmed that court access is a fundamental right that cannot be denied based on poverty* |
|---|---|---|---|

**02-12-2025  [ PAUP ]**

PAUPER AFFIDAVIT FOR STEPHENS, LINH TRAN

---

**02-12-2025  [ PAY ]**

RECEIPT # 90975 ON 02/13/2025.
PAYOR: LINH TRAN STEPHENS TOTAL AMOUNT PAID: $ 0.00.
LINE ITEMS:
$0.00 ON [WRIT OF] MANDAMUS INITIAL FILING.

---

**02-12-2025  [ AAJP ]**

MOTION FOR WRIT OF MANDAMUS FILED BY STEPHENS-PETR PRO SE

---

**02-12-2025  [ TEXT ]**

ENTRY OF APPEARANCE BY LINH TRAN STEPHENS PRO SE

---

**02-12-2025  [ TEXT ]**

NOTICE OF ORIGINAL JURISDICTION SUPREME COURT PROCEEDING

---

**02-13-2025  [ CASE ]**

[WRIT OF] MANDAMUS INITIAL FILING

---

**02-13-2025  [ TEXT ]**

JE: PETR TO FILE AN AMENDED PET FOR WRIT OF MANDAMUS AND APPENDIX, ALL SECURELY BOUND AND W/APPENDIX PROPERLY INDEXED AS REQUIRED ETC. IF REQUIRED DOCS ARE NOT FILED ON OR BEFORE 2-25-25, TH/ORIG PROCEEDING MAY BE SUBJECT TO DSML. C/ATTYS

---

**02-13-2025  [ TEXT ]**

JE: PETR'S PAUPER STATUS W/REVOKED BY ORDER OF TH/CT ON 9-30-24, IN PROCEEDING 122445. IN ORDER TO COMMENCE A NEW PROCEEDING, PETR IS REQUIRED TO SUBMIT REQUIRED COST DEPOSIT IN COMPLIANCE W/OKLA SUP CT RULES. IF REQ COST DEPOSTI IN TH/ORIG PROCEEDING IS NOT SUBMITTED BY 2-8-25, TH/MATTER MAY BE SUBJECT TO DSML. C/ATTYS

20:51

## oscn.net

PRIVATE ARRAIGNMENT OF LINH TRAN STEPHENS HELD ON THE RECORDER. COURT ENTERS A PLEA OF NOT GUILTY AND THE PETITIONER REQUESTS A JURY TRIAL. PRETRIAL CONFERENCE SET FOR MAY 2, 2025 AT 9:00 AM BEFORE JUDGE LORETTA RADFORD IN COURTROOM 605. PETITIONER RECOGNIZED BACK.

**Special judge practicing law from bench as my attorney without my consent and overruling my repeated objections—witnessed by room fulls of lawyers**

JURY TRIAL FEE'S MUST BE PAID PRIOR TO PRETRIAL CONFERENCE OR THE COURT MAY PROCEED WITH AN NON JURY TRIAL ON THAT DATE. **Judge ignored pauper affidavit financially indigency**

**03-17-2025**

**prosecutor OKDHS CSS filed motion in limine for them being the prosecutor to BLOCK OUT exculpatory EVIDENCE. That motion is for me the Defendant of Contempt proceedings to block out Prejudicial evidence and they using it to block out exculpatory evidence (truthful evidence that sets me Defendant free CORRUPT MUCH?**

MOTION TO DISMISS/RESPONSE TO PETITIONER'S "NOTICE OF REMOVAL FROM STATE COURT TO FEDERAL COURT RE: STATE OF OKLAHOMA VS. LINH TRAN STEPEHNES FOR CONTEMPT OF COURT FOR FRAUDULENTLY-ALLEGED-AND-UNVALIDATED DEBT, AND ALL CASES RELATED TO LINH INCLUDING FD-2015-2228 AND JD-2021-270, ETC"

Document Available (#1061157102) TIFF PDF

**03-24-2025**

DEPARTMENT OF HUMAN SERVICES' MOTION IN LIMINE

Document Available (#1061157899) TIFF PDF

**01-29-2025  [ NO ]**

NOTICE OF JUDGEMENT LIEN JANUARY 2025
Document Available (#1060932468) 🗎TIFF    🅰PDF

---

**01-30-2025  [ CTFREE ]**

CHESBRO, TODD: MOTION TO SET PAYMENT PLAN ON ATTORNEY FEE AWARD DENIED.

PAPERWORK IN OUTBOX UNDER GILBERT PILKINGTON.

---

**02-03-2025  [ TEXT ]**

ATTEMPTED ADDRESS NOT DELIVERED AS ADDRESSED-RETURN TO SENDER
Document Available (#1060931350) 🗎TIFF    🅰PDF

---

**02-13-2025  [ MO ]**

MOTION TO CONTINUE HEARING ON ATTORNEY FEES FOR JRUY TRIAL
Document Available (#1060924259) 🗎TIFF    🅰PDF

---

**02-24-2025  [ CTFREE ]**

LUDI LEITCH, DEBORRAH:
JUDGE SIGNED ORDER CONTINUING HEARING ON ATTORNEY FEES FOR JURY TRIAL.
HEARING ON ATTORNEY FEES TO BE RESET UPON APPLICATION AFTER THE APPELLATE CASE IS RESOLVED.

---

**02-25-2025  [ TEXT ]**

SIGNED ORDER CONTINUING HEARING ON ATTORNEY FEES FOR JURY TRIAL SENT TO THE FAMILY
DEPARTMENT VIA INTER-DEPARTMENT ENVELOPE.

---

**02-25-2025  [ O ]**

ORDER CONTINUING HEARING ON ATTORNEY FEES AND JURY TRIAL
Document Available (#1060919927) 🗎TIFF    🅰PDF

---

**02-28-2025  [ AFDP ]**

THIRD PARTY AFFIDAVIT OF MAILING
Document Available (#1060501160) 🗎TIFF    🅰PDF

---

**03-04-2025  [ NO ]**

NOTICE - WRIT OF MANDAMUS MA-122859 WITH ATTACHMENTS
Document Available (#1060921397) 🗎TIFF    🅰PDF

---

**03-06-2025  [ NO ]**

NOTICE OF REMOVAL FROM STATE COURT TO FEDERAL COURT
Document Available (#1061154206) 🗎TIFF    🅰PDF

---

**03-07-2025  [ TEXT ]**

VIOLATION WARNING
DENIAL OF RIGHTS UNDER COLOR OF LAW
Document Available (#1061154817) 🗎TIFF    🅰PDF

**03-07-2025  [ CTFREE ]**

JUDGE LORETTA RADFORD: (CHILD SUPPORT ENFORCEMENT DOCKET): PETITIONER PRESENT, PRO SE. RESPONDENT NOT PRESENT, REPRESENTED BY GILBERT PILKINGTON, PRESENT VIA TEAMS. EMMALENE STRINGER PRESENT FOR THE DEPARTMENT OF HUMAN SERVICES.

PRIVATE ARRAIGNMENT OF LINH TRAN STEPHENS HELD ON THE RECORDER. COURT ENTERS A PLEA OF NOT GUILTY AND THE PETITIONER REQUESTS A JURY TRIAL. PRETRIAL CONFERENCE SET FOR MAY 2, 2025 AT 9:00 AM BEFORE JUDGE LORETTA RADFORD IN COURTROOM 605. PETITIONER RECOGNIZED BACK.

JURY TRIAL FEE'S MUST BE PAID PRIOR TO PRETRIAL CONFERENCE OR THE COURT MAY PROCEED WITH AN NON JURY TRIAL ON THAT DATE.

**03-17-2025  [ MOD ]**

MOTION TO DISMISS/RESPONSE TO PETITIONER'S "NOTICE OF REMOVAL FROM STATE COURT TO FEDERAL COURT RE: STATE OF OKLAHOMA VS. LINH TRAN STETPEHNES FOR CONTEMPT OF COURT FOR FRAUDULENTLY-ALLEGED-AND-UNVALIDATED DEBT, AND ALL CASES RELATED TO LINH INCLUDING FD-2015-2228 AND JD-2021-270, ETC"
Document Available (#1061157102) 🗋TIFF    🅰PDF

**03-24-2025  [ MOLIM ]**

DEPARTMENT OF HUMAN SERVICES' MOTION IN LIMINE
Document Available (#1061157899) 🗋TIFF    🅰PDF

**03-31-2025  [ TEXT ]**

AMENDED PETITION FOR WRIT OF CERTIORARI
Document Available (#1061160781) 🗋TIFF    🅰PDF

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 08th day of April, 2025, a true, correct, and exact copy of the above and foregoing instrument was electronically transmitted to the Clerk of the Court via ProSeFilingsOKND@oknd.uscourts.gov for filing because efiling and In Forma Pauperis (IFP) were approved:

1. Defendant #1: CHILD SUPPORT SERVICES OF OKLAHOMA DEPARTMENT OF HUMAN SERVICES (CSS of OKDHS), P.O. Box 27068, Tulsa OK 74149, or Oklahoma Centralized Support Registry, P.O. Box 268849, Oklahoma City, OK 73126; Tel: 405-522-2273; email: OCSS.contact.TulsaEast@okdhs.org
2. Defendant #2: CHARLES SCHWAB AND CO., INC., 3000 Schwab Way, Westlake, TX 76262; Tel: 1800-435-4000; email: TPLPLevy@schwab.com
3. Defendant #3: Cierra Freeman, an individual in her personal capacity, and in official capacity as court-appointed attorney for child support enforcement, Boeheim Freeman Law, 616 S Boston Ave, Suite 307, Tulsa OK 74119; Tel: 918-884-7791; email: cfreeman@boeheimfreeman.com
4. Defendant #4: Mary Johnmeyer, an individual in her personal capacity, and in official capacity as legal counsel of Charles Schwab and Co., Inc.; 3000 Schwab Way, Westlake, TX 76262; Tel: 800-435-4000; email: TPLPLevy@schwab.com
5. Defendant #5: Renee Banks, an individual in her personal capacity, and in official capacity as CSS Director, PO Box 248822, Oklahoma City, OK 73124; Tel: 918-295-3500; email: renee.banks@okdhs.org
6. Defendant #6: Jason Hoenshell, an individual in his personal capacity, and in official capacity as Oklahoma FIDM Coordinator, PO Box 248822, Oklahoma City, OK 73124; Tel: 405-982-1530; email: jason.hoenshell@okdhs.org
7. Defendant #7: Emmalene Stringer, an individual in her personal capacity, and in official capacity as State's Attorney for CSS, 3666 N Peoria Ave, Tulsa, OK 74106, or PO BOX 27068, Tulsa, OK 74149; Tel: 918-295-3500, Fax: 918-430-2364, email: emmalene.stringer@okdhs.org and OCSS.contact.TulsaEast@okdhs.org

*without prejudice*
*linh-tran: stephens/Agent*

WITHOUT RECOURSE

By: Linh-Tran: of the family Stephens/Agent