**SPECIAL ENTRY OF SPECIAL APPEARANCE: ADDITIONAL CHALLENGE TO JURISDICTION INVOLVING INTERNATIONAL MATTER WITH VIET NAM & INDIAN LANDS**

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA
(cc: federal court U.S. District Court for the Northern District of Oklahoma 24-CV-216-JDR-CDL)

**URGENT NOTICE: McGIRT v. OKLAHOMA JURISDICTIONAL CHALLENGE**

**Case No.:** FD-2015-2228 (Docket F and Docket C) **Related Cases:** JD-2021-270, OAH No.: 23-00313-73, OK IV-D FGN: 000948641001

**SPECIAL APPEARANCE FOR THE SOLE PURPOSE OF CHALLENGING JURISDICTION**

i, Linh Tran Stephens, a natural living Woman, sui juris, appear specially and not generally, for the sole and limited purpose of challenging this Court's jurisdiction. i respectfully move this allegedly Honorable Court to vacate all judgments and dismiss all proceedings for lack of subject matter and personal jurisdiction as they relate to FD-2015-2228 (Docket F), JD-2021-270, OAH No.: 23-00313-73, and OK IV-D FGN: 000948641001. In addition to this civilian public record, there have been records filed and served on Tulsa District Courts:

e.g. 04-15-2025 "VERIFIED MOTION FOR EMERGENCY INJUNCTIVE RELIEF AND REMOVAL FROM STATE COURT PROCEEDINGS, PERMANENT RESTRAINING ORDER, SUPPLEMENTAL CLAIMS, TERMINATION OF STATE'S CHILD SUPPORT ORDERS, UNDUE HARDSHIP EXEMPTION, AND STOP ALL GARNISHMENTS, LEVYING, LIQUIDATION" (file-stamped in Federal Court U.S. District Court for the Northern District of Oklahoma case No. 24-CV-216-JDR-CDL) (Document #1061164984); 04-11-2025 ADMINISTRATIVE NOTICE AND AFFIDAVIT CHALLENGING JURISDICTION FOR STATE OF OKLAHOMA V. LINH TRAN STEPHENS FOR CONTEMPT OF ALLEGED CHILD SUPPORT (Document #1061164644); 03-06-2025 NOTICE OF REMOVAL FROM STATE COURT TO FEDERAL COURT (Document #1061154206); 04-05-2024 MOTION OBJECTING TO ALL SPECIAL JUDGES, REQUESTING DISTRICT JUDGES Document Available (#1058279523); 04-04-2024 NOTICE TO CHILD PROTECTIVE SERVICES AND CHILD SUPPORT SERVICES OF LACK OF JURISDICTION AND ATTACKS THROUGH ADMINISTRATIVE TRIBUNALS (Document #1058290480); 02-10-2023 INJUNCTION; MOTION TO DISMISS WITH PREJUDICE; CHALLENGE SUBJECT MATTER JURISDICTION (Document #1054165260)

| TABLE OF CONTENTS: | Page # |

**SPECIAL ENTRY OF SPECIAL APPEARANCE: ADDITIONAL CHALLENGE TO JURISDICTION INVOLVING INTERNATIONAL MATTER WITH VIET NAM & INDIAN LANDS**................................1
   I. FACTUAL BACKGROUND..............................................................................................2
   II. LEGAL ARGUMENTS................................................................................................... 5
      A. Lack of Subject Matter Jurisdiction - McGirt v. Oklahoma Controls...............................5
      B. Criminal Conspiracy to Deprive Rights..........................................................................7
      C. Lack of Personal Jurisdiction..........................................................................................8
      D. Oklahoma Statutes Explicitly Limit Special Judge Authority...........................................9
      F. Previous Jurisdictional Challenges Filed and Pending.................................................. 10
   IV. RELIEF SOUGHT......................................................................................................... 11
   EXPLANATION FOR THE COURT: JURISDICTIONAL ISSUES SIMPLIFIED..................... 12
   ADDITIONAL NOTICE: A copy of this jurisdictional challenge is also being submitted to:...... 17

## I. FACTUAL BACKGROUND

1. i am Linh Tran Stephens, a Woman and citizen of Vietnam, being unlawfully subjected to child support obligations in case FD-2015-2228 (Docket F) within a jurisdiction where this Court has no lawful authority.

2. On or about December 3, 2021, my biological property was unlawfully taken from the location of 4849 S Mingo Rd, Tulsa, Oklahoma [74146] without probable cause, without any first-hand witness testimony, and without a lawful warrant, as documented in case JD-2021-270. This address is located within the boundaries of Indian Country as defined by federal law and confirmed by the McGirt v. Oklahoma Supreme Court decision.

3. My addresses, both in care of 11063 S Memorial Dr Ste D #235, Tulsa, Oklahoma [74133-7366] and in care of 8214 E 111th PL S Unit 100, Bixby, Oklahoma [74008-2452], are located within Indian Country, specifically within the boundaries of the Muscogee (Creek)

Nation or Cherokee Nation reservation as recognized by the McGirt decision, placing them outside the jurisdiction of Oklahoma state courts.

4. Bridget O'Brien (a/k/a Bridget Menser), portraying herself as an agent of the State for Tulsa County, unlawfully interfered with my familial unit's right of Intimate Association through the removal of my biological property from my care/possession/sole protective custody, in violation of rights secured by the Constitution for the united States of America and incorporated by the United States Supreme Court in Roberts v. United States.

5. Multiple judicial officers including Martha Rupp Carter, Theresa Dreiling, Julie Doss, Rodney Sparkman, and April Seibert, conspired to deprive me of my constitutional rights by failing to return my biological property to the care of my familial unit.

6. On or about November 23, 2023, and again on December 6, 2024, Emmalene Stringer, Adam Sylvester Stephens, and Gilbert J. Pilkington Jr., portraying themselves as Prosecuting Attorneys for Tulsa County, did deprive me of my rights by charging for an infamous or capital crime by INFORMATION, and not by indictment from a Grand Jury, as required by Clause 1 of Amendment 5 to the Constitution.

7. On or about February 7, 2024, and again on December 6, 2024, Deborrah Ludi Leitch followed by Loretta Radford, portraying themselves as judicial officers, conspired with prosecutors to deprive me of my constitutional rights.

8. The alleged contempt proceedings in OAH No.: 23-00313-73 and related case OK IV-D FGN: 000948641001 were conducted in Oklahoma state court rather than federal court or tribal court, which would have proper jurisdiction over matters in Indian Country and international matters.

9. Special judges were assigned to these cases over my express objection.

10. These proceedings have occurred without my consent to the jurisdiction of this Court and in direct violation of the McGirt v. Oklahoma ruling regarding jurisdiction in eastern Oklahoma.

11. Despite my numerous filings challenging jurisdiction and numerous notices to cease and desist, including list of filings below, you the Tulsa County Courts continue to schedule hearings and have refused to cancel the hearings for **Friday, May 2, 2025, at 9:02 AM** PRIV PRETRIAL CONFERENCE ON JURY TRIAL ISSUES...PET PRO SE...RESP GIL PILKINGTON...EMMALENE STRINGER DHS, FD Docket F; and **Friday, May 16, 2025 at 9:00 AM** RESP'S REQUEST FOR ATTORNEY FEES AND CSOTS...PET PRO SE...RESP GILBERT PILKINGTON...EMMALENE STRINGER DHS, Deborrah Ludi Leitch:

- 04-15-2025 "VERIFIED MOTION FOR EMERGENCY INJUNCTIVE RELIEF AND REMOVAL FROM STATE COURT PROCEEDINGS, PERMANENT RESTRAINING ORDER, SUPPLEMENTAL CLAIMS, TERMINATION OF STATE'S CHILD SUPPORT ORDERS, UNDUE HARDSHIP EXEMPTION, AND STOP ALL GARNISHMENTS, LEVYING, LIQUIDATION" (file-stamped in Federal Court U.S. District Court for the Northern District of Oklahoma case No. 24-CV-216-JDR-CDL) (Document #1061164984)
- 04-11-2025 ADMINISTRATIVE NOTICE AND AFFIDAVIT CHALLENGING JURISDICTION FOR STATE OF OKLAHOMA V. LINH TRAN STEPHENS FOR CONTEMPT OF ALLEGED CHILD SUPPORT (Document #1061164644)
- 03-06-2025 NOTICE OF REMOVAL FROM STATE COURT TO FEDERAL COURT (Document #1061154206)
- 04-05-2024 MOTION OBJECTING TO ALL SPECIAL JUDGES, REQUESTING DISTRICT JUDGES Document Available (#1058279523);
- 04-04-2024 NOTICE TO CHILD PROTECTIVE SERVICES AND CHILD SUPPORT SERVICES OF LACK OF JURISDICTION AND ATTACKS THROUGH ADMINISTRATIVE TRIBUNALS (Document #1058290480)
- 02-10-2023 INJUNCTION; MOTION TO DISMISS WITH PREJUDICE; CHALLENGE SUBJECT MATTER JURISDICTION (Document #1054165260)

## II. LEGAL ARGUMENTS

### A. Lack of Subject Matter Jurisdiction - McGirt v. Oklahoma Controls

1. **McGirt v. Oklahoma Jurisdictional Barrier**: The U.S. Supreme Court in McGirt v. Oklahoma, 591 U.S. ___ (2020), established that large portions of eastern Oklahoma, including Tulsa County, remain within the borders of the historic tribal reservations that were never disestablished. Justice Gorsuch, writing for the majority, clearly stated: "On the far end of the Trail of Tears was a promise. Forced to leave their ancestral lands in Georgia and Alabama, the Creek Nation received assurances that their new lands in the West would be secure forever." The specific location where the relevant events occurred at school (4849 S Mingo Rd, Tulsa, Oklahoma [74146]) and my residences at c/o 11063 S Memorial Dr Ste D #235, Tulsa, Oklahoma [74133] and c/o 8214 E 111th PL S Unit 100, Bixby, Oklahoma [74008] fall within the boundaries of the Muscogee (Creek) Nation or Cherokee Nation reservation as recognized by this landmark decision.

2. **Expansion of McGirt to All Five Tribes**: Following McGirt, the Oklahoma Court of Criminal Appeals applied the McGirt rationale to rule that nine other Indigenous nations had not been disestablished. As a result, almost the entirety of the eastern half of what is now the State of Oklahoma remains Indian Country, and these boundaries are now officially recognized on Google Maps and other official mapping services. According to a 2023 analysis, approximately 43% of Oklahoma's territory is now officially recognized as Indian Country.

3. **Tenth Circuit Reinforcement of McGirt**: In August 2023, the Supreme Court declined to hear Oklahoma's appeal of a Tenth Circuit decision which ruled in favor of a tribal member who was ticketed for speeding by Tulsa police within the portion of Tulsa that was within Muscogee territory. The Tenth Circuit's decision, which the Supreme Court let stand, further

confirms that state authorities lack jurisdiction over matters occurring within these tribal boundaries.

4. **Subject Matter Jurisdiction Vested in Federal/Tribal Courts Only**: The McGirt decision explicitly held that for matters occurring within tribal reservation boundaries, jurisdiction properly vests only within Tribal judicial systems and federal district courts. <u>Oklahoma state courts have no authority to hear such matters regardless of the citizenship status of the parties involved</u>. This jurisdictional limitation applies to both criminal and civil matters occurring within these recognized boundaries.

5. **Castro-Huerta's Limited Exception Not Applicable**: While the Supreme Court in Oklahoma v. Castro-Huerta, 597 U.S. ___ (2022), created a narrow exception allowing state prosecution of non-Indians who commit crimes against Indians in Indian Country, this exception does not apply to my case which involves civil matters and contempt proceedings regarding a foreign citizen (me) within Indian Country. Justice Gorsuch's dissent in Castro-Huerta emphasized that normally "States possess no authority to regulate tribal affairs or condition tribal authority" in Indian Country.

6. **Oklahoma Courts Lack Jurisdiction over 43% of State**: Following the McGirt decision and subsequent court rulings extending it to the Five Tribes (Muscogee/Creek, Cherokee, Chickasaw, Choctaw, and Seminole Nations), approximately 43% of Oklahoma's land is now recognized as Indian Country. This includes most of Tulsa, where the events in my case occurred, placing it outside the jurisdictional reach of Oklahoma state courts.

7. **Improper Forum for International Matter**: Additionally, as this case involves me, <u>a citizen of Vietnam, it raises international jurisdictional questions that should properly be heard in</u>

federal court, not state court. Under 28 U.S.C. § 1330, federal courts have original jurisdiction in certain civil actions against foreign states, which would include matters concerning foreign citizens and their rights.

8. **Nebraska v. Parker Reinforces Tribal Sovereignty**: The Supreme Court's decision in Nebraska v. Parker, 577 U.S. 481 (2016), which was cited in McGirt, established that "only Congress can divest a reservation of its land and diminish its boundaries," and that diminishment "will not be lightly inferred."

**B. Criminal Conspiracy to Deprive Rights**

1. **Deprivation of Rights Under Color of Law (18 U.S.C. § 242)**: Multiple officials, including Emmalene Stringer, Adam Sylvester Stephens, Gilbert J. Pilkington Jr., Deborrah Ludi Leitch, and Loretta Radford, acting under color of law, willfully deprived me of rights secured by the Constitution, specifically by charging for an infamous or capital crime by INFORMATION rather than by grand jury indictment.

2. **Conspiracy to Deprive of Rights (18 U.S.C. § 241)**: Multiple officials conspired to interfere with my constitutional rights, as evidenced by their coordinated actions across multiple proceedings.

3. **Kidnapping (18 U.S.C. § 1201)**: The taking of my biological property on December 3, 2021, by Bridget O'Brien constitutes kidnapping under federal law, as it occurred without legal authority, without probable cause, without first-hand witness testimony, and without a lawful warrant, and within Indian Country where state officials have no jurisdiction.

4. **Violation of Right to Intimate Association**: As established in Roberts v. United States, the officials interfered with my family unit's right to intimate association protected by the Constitution.

5. **Assignment of Special Judges Over Objection**: The assignment of special judges over my express objection violates my right to due process under the Fourteenth Amendment and constitutes further evidence of the conspiracy to deprive me of my rights.

**C. Lack of Personal Jurisdiction**

1. **Absence of Consent**: i have not consented to the jurisdiction of this Court, and the Court has not established personal jurisdiction through other lawful means. As a natural living Woman standing on my inherent rights, i do not consent to these fraudulent proceedings.

2. **Improper Service**: Service of process was insufficient as it did not properly establish jurisdiction given my status and the location of the alleged events within Indian Country.

3. **International Domicile**: As this matter involves me, a citizen of Vietnam, specialized rules regarding jurisdiction over international parties apply, including potential protections under international treaties and conventions.

**D. Oklahoma Statutes Explicitly Limit Special Judge Authority**

1. **Specific Limitations on Special Judges in 20 O.S. § 123**: Oklahoma law specifically limits the authority of special judges. According to 20 O.S. § 123(A)(11), special judges may only hear "Other actions and proceedings, regardless of court rules, where the parties agree in writing, at any time before trial, to the action being heard by a special judge." i

   never provided such written agreement, making the assignment of special judges in this matter unlawful.

2. **Requirement for Party Consent**: The statutory framework in Oklahoma clearly establishes that assignment of special judges requires consent of the parties. This consent was not only absent but i expressly objected to such assignment, rendering all proceedings before these special judges void ab initio.

3. **Special Judges Lack Authority in Matters Involving International Parties**: Oklahoma statutes do not grant special judges authority to hear matters involving international jurisdictional questions. As this case involves me, a citizen of Vietnam, the assigned special judges lacked statutory authority to preside over these proceedings.

4. **McGirt Further Restricts Special Judge Authority**: Under the McGirt decision, state courts (including those presided over by special judges) lack jurisdiction over matters occurring in Indian Country. Special judges cannot acquire jurisdiction that the state court itself does not possess.

5. **Continuing Jurisdiction Principle Violated**: 20 O.S. § 95.7 provides that "a judge to whom a case has been assigned has continuing authority over it... until such case is removed from his jurisdiction by the appointing authority." The arbitrary reassignment to special judges violated this principle without proper legal basis.

**F. Previous Jurisdictional Challenges Filed and Pending**

1. **Multiple Challenges to Jurisdiction Already Filed**: i have consistently and repeatedly challenged this Court's jurisdiction through multiple formal filings, including:

- 04-11-2025 ADMINISTRATIVE NOTICE AND AFFIDAVIT CHALLENGING JURISDICTION FOR STATE OF OKLAHOMA V. LINH TRAN STEPHENS FOR CONTEMPT OF ALLEGED CHILD SUPPORT (Document #1061164644)

- 04-05-2024 MOTION OBJECTING TO ALL SPECIAL JUDGES, REQUESTING DISTRICT JUDGES Document Available (#1058279523);

- 04-04-2024 NOTICE TO CHILD PROTECTIVE SERVICES AND CHILD SUPPORT SERVICES OF LACK OF JURISDICTION AND ATTACKS THROUGH ADMINISTRATIVE TRIBUNALS (Document #1058290480)

- 02-10-2023 INJUNCTION; MOTION TO DISMISS WITH PREJUDICE; CHALLENGE SUBJECT MATTER JURISDICTION (Document #1054165260)

2. **Federal Court Action Pending**: i have properly removed this matter to federal court as evidenced by:

    - 04-15-2025 "VERIFIED MOTION FOR EMERGENCY INJUNCTIVE RELIEF AND REMOVAL FROM STATE COURT PROCEEDINGS, PERMANENT RESTRAINING ORDER, SUPPLEMENTAL CLAIMS, TERMINATION OF STATE'S CHILD SUPPORT ORDERS, UNDUE HARDSHIP EXEMPTION, AND STOP ALL GARNISHMENTS, LEVYING, LIQUIDATION" (filed in Federal Court U.S. District Court for the Northern District of Oklahoma case No. 24-CV-216-JDR-CDL, Document #1061164984)

    - 03-06-2025 NOTICE OF REMOVAL FROM STATE COURT TO FEDERAL COURT (Document #1061154206)

3. **Continuing State Court Actions Violate Federal Removal Statute**: Under 28 U.S.C. § 1446(d), once a notice of removal is filed, "**the State court shall proceed no further**

<u>**unless and until the case is remanded**</u>." The fact that this Court has continued to take actions in this case despite proper removal to federal court constitutes a further violation of federal law and my due process rights.

4. **Parallel Proceedings Now Improper**: The Oklahoma Supreme Court has recognized in *Multiple Injury Trust Fund v. Coburn*, 386 P.3d 628 (Okla. 2016) that "the general rule is that the court first acquiring jurisdiction of the controversy should be allowed to proceed without interference from a coordinate court."

## IV. RELIEF SOUGHT

i, Linh Tran Stephens, appearing specially and not generally, respectfully request that this Honorable Court:

1. ACKNOWLEDGE that under *McGirt v. Oklahoma*, this Court has no jurisdiction over matters occurring within Indian Country, which includes the location where these events took place: 4849 S Mingo Rd, Tulsa, Oklahoma [74146] and c/o 11063 S Memorial Dr Ste D #235, Tulsa, Oklahoma [74133] and c/o 8214 E 111th PL S Unit 100, Bixby, Oklahoma [74008];

2. DECLARE all orders, judgments, and proceedings in FD-2015-2228 (Docket F & Docket C), JD-2021-270, OAH No.: 23-00313-73, and OK IV-D FGN: 000948641001 VOID AB INITIO for lack of subject matter jurisdiction, personal jurisdiction, and territorial jurisdiction.

3. VACATE all orders and judgments previously entered in these cases;

4. DISMISS these cases in their entirety for lack of subject matter, personal, and territorial jurisdiction;

5. ORDER the immediate return of my biological property to my care and custody;

6. TRANSFER any legitimate claims to the appropriate federal court or tribal court having proper jurisdiction;

7. REFER the criminal allegations of violations of 18 U.S.C. § 241, 18 U.S.C. § 242, and 18 U.S.C. § 1201 to the appropriate federal authorities for investigation and prosecution;

8. AWARD any other relief this Court deems just and proper in restoring my rights and remedying the harms caused by these unauthorized proceedings.

**EXPLANATION FOR THE COURT: JURISDICTIONAL ISSUES SIMPLIFIED**

For the benefit of clear understanding, i summarize the jurisdictional barriers in plain language:

1. **McGirt v. Oklahoma Controls**: The Supreme Court ruled that most of eastern Oklahoma, including Tulsa, remains Indian Country. This means state courts (including Tulsa County courts) lack authority over cases occurring on this land.

2. **Location Within Indian Country**: The addresses mentioned falls within these recognized tribal boundaries. Only federal courts or tribal courts possess jurisdiction over matters at this location - NOT Oklahoma state courts.

3. **Special Judges' Limited Authority**: Oklahoma law (20 O.S. § 123) explicitly states that special judges may only hear cases with written party consent. i never provided such consent and actively objected to these special judge assignments, nullifying their authority.

4. **International Considerations**: As a citizen of Vietnam, federal courts have exclusive jurisdiction over my case under 28 U.S.C. § 1330, not state courts. Oklahoma courts lack jurisdiction over international matters involving foreign citizens.

5. **Jurisdictional Void**: Since the court lacked subject matter jurisdiction from the beginning, every order, judgment, and action taken by Oklahoma state courts in this matter is completely void ab initio.

6. **Conclusion**: These proceedings represent an attempt by Oklahoma state courts to exercise authority beyond their lawful reach, over land they do not control, involving a person they have no jurisdiction over, using special judges without proper authority, in violation of federal law, Supreme Court precedent, and Oklahoma statutes.

This affidavit is sworn to be true and correct and has full force of law.

### Avouchment / Verification

i hereby declare, verify, certify and affirm, pursuant to the penalties of perjury under the laws of the united states of America, and by the provision of **28 U.S. Code § 1746** that i am of sound mind and competent to make this verification, and that all of the above and foregoing representations are true and correct to the best of my knowledge, information, belief. Executed in Tulsa County, republic land of Oklahoma on this 17th day of April in the Year of Our Lord Two Thousand and Twenty Five.

*Nemo me impune lacessit pursuant to Psalm 105:15 + Isaiah 54:17*
PRIVATE; THIS IS NOT A PUBLIC COMMUNICATION
Notice to Agent is Notice to Principal, Notice to Principal is Notice to Agent, Notice applies to all successors and assigns; Affidavit is a Form of Evidence; Unrebutted Affidavit Stands as Truth in Commerce;
**Silence is Tacit Acquiescence/Agreement/Dishonor;**
*This communication is in no way forming a contract nor requesting any contracting; it is simply a notice regarding the matters at hand. This communication is not intended to nor does it create nor confirm any professional-client relationship or any type of relationship between us;*

Private sector autograph;
**WITHOUT RECOURSE**

*without prejudice*
*linh-tran: stephens/Agent*

By one–and–only beneficiary:
All Rights Reserved None Waived, **Without Prejudice UCC 1-308 & 1-103, Non-Assumpsit,** one-and-only Grantor & Authorized Agent & Beneficiary for LINH TRAN STEPHENS©® ens legis and all its derivatives thereof including Cestui Que Trust a.k.a. "Fide Commissary Trust", sui juris, Ambassador of Messiah Yahusha, Heir of the Creator, my heir/offspring is G.L.Stephens, A natural living woman breathing with a living soul and the Holy Spirit of Creator YAHUAH,

natural people with hands legs, Alive-on-the-land, Plenary mind body soul/spirit, unlimited, non-incorporated, non-sole-proprietor, **stateless** "**freeman of the Union**" per Honorable Mr. Justice MILLER on April 14th, 1983, in the Slaughter-House cases, 83 US 36 (a SCOTUS case specifically mentioned in 8 FAM 102.3), full capacity and competency with postgraduate level of education past medical school, living on the land of the republic, with God-given rights pursuant to the Bills of Rights, NOT a "pro se"/"person"/"pauper"/"indigent"/"slave"/"public servant"/"government employee"/"ward of State"/"U.S. citizen"/"minor" in your dictionary; i reject your 12 legal presumptions, other presumptions/assumptions/double-speaking/implied or undisclosed contracts; Article IV Section 2 Citizens of each State shall be entitled to all Privileges & Immunities of Citizens in several States; **Rural Free Delivery, Non-Domestic 00000,** in care of 11063 S Memorial Dr Ste D #235, Tulsa, Oklahoma [zip exempt, near 74133] without USDC, Email: LinhStephens7@gmail.com
Phone (on DoNotCallList.gov): 817-631-3223

**Notary as JURAT CERTIFICATE**

STATE OF <u>MINNESOTA</u>        )
                                 ) ss
COUNTY OF <u>SHERBURNE</u>       )

On this <u>17th</u> day of <u>April</u>, 20<u>25</u> before me, <u>Melissa K. Vagle</u>, a Notary Public, personally appeared a living woman <u>Linh Tran Stephens</u> ( the Authorized Representative and Beneficiary for Legal Fiction LINH TRAN STEPHENS©® ), who electronically (remotely) proved to me on the basis satisfactory evidence to be the woman whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her authorized capacity, and that by her autograph(s) on the instrument the woman executed, the instrument.

i certify under PENALTY OF PERJURY under the lawful laws of Minnesota State and that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

*Melissa K. Vagle*

Signature of Notary/Jurat

MELISSA K VAGLE
Notary Public
State of Minnesota
My Commission Expires
January 31, 2028

Notary Public's Commission Expires: 01/31/2028

## CERTIFICATE OF SERVICE

i hereby certify that on the 17<u>th</u> day of <u>April</u>, 2025, a true, correct, and exact copy of above and foregoing instrument will be certified mail w/ tracking return e-receipt and email as is proper to:

ATTN: Steve Kunzweiler
**Tulsa County District Attorney Office** (case STATE OF OKLAHOMA vs Linh Tran Stephens for alleged contempt of court)
500 S Denver Ave, Suite 900, Tulsa, OK 74103

ATTN: Sheriff Vic Regalado,
**Tulsa County Sheriff's Office** in Tulsa County Courthouse
500 S Denver Ave, Tulsa, OK 74103 918-596-5701

**Tulsa County District Court**,
500 S Denver Ave, Tulsa, OK 74103 (case No. FD-2015-2228 docket F alleged contempt of court) special judges Deborrah Ludi-Leitch, April Seibert, Todd Chesbro, Loretta Radford, Dawn Moody, Don Newberry County Clerk deborrah.ludiLeitch@oscn.net, april.seibert@oscn.net, todd.chesbro@oscn.net, loretta.radford@oscn.net, dawn.moody@oscn.net, tulsa.courtclerk@oscn.net, Don.Newberry@oscn.net

Tulsa County Court Clerk, **Tulsa County Juvenile Bureau** (case No. JD-2021-270)
500 W. Archer Street, Tulsa, Oklahoma 74103
CWS.appeals@okdhs.org, Larisa.Grecu-Radu@okdhs.org, ronald.baze@okdhs.org,

ATTN: C.F.O. for OKDHS, CSS DIVISION
P.O. BOX 248822
Oklahoma City, OK 73124-8822

Emmalene Stringer, OBA # 31690, emmalene.stringer@okdhs.org
*OKDHS, CSS* (Child Support Services, Tulsa East Office)
PO. Box 27068, Tulsa, OK 74149
**State's Attorney, OKDHS CSS**

Gilbert J. Pilkington, Jr., OBA # 21998, PILKINGTON LAW FIRM, PLLC, gil@pilkingtonlawfirm.com
P.O. Box 52614, Tulsa, OK 74152-0614; Tel: 918-298-4403, Fax: 918-960-5017,
**Attorney for long-divorced exhusband Adam Sylvester Stephens finalized 01/2016 in Oregon**

efiled to Federal Court U.S. District Court for the Northern District of Oklahoma by electronically transmitted to the Clerk of the Court via ProSeFilingsOKND@oknd.uscourts.gov

*Notice to Principal is Notice to Agent, Notice to Agent is Notice to Principal, Notice applies to all successors and assigns, Affidavit is a Form of Evidence, Unrebutted Affidavit Stands as Truth in Commerce; and Silence is Acquiescence and Acceptance:*

1. Emmalene Stringer, Tulsa County District Attorney's Office
2. Adam Sylvester Stephens, Tulsa County District Attorney's Office
3. Gilbert J. Pilkington Jr., Tulsa County District Attorney's Office
4. Deborrah Ludi Leitch, Tulsa County District Court
5. Loretta Radford, Tulsa County District Court
6. Martha Rupp Carter, Tulsa County District Court
7. Theresa Dreiling, Tulsa County District Court
8. Julie Doss, Tulsa County District Court
9. Rodney Sparkman, Tulsa County District Court
10. April Seibert, Tulsa County District Court
11. Bridget O'Brien (a/k/a Bridget Menser), State Agent for Tulsa County

*This communication is in no way forming a contract nor requesting any contracting; it is simply a notice regarding the matters at hand. This communication is not intended to nor does it create nor confirm any professional-client relationship or any type of relationship between us;*

**ADDITIONAL NOTICE**
A copy of this jurisdictional challenge is also being submitted to:

1. United States Department of Justice, Civil Rights Division
   950 Pennsylvania Avenue, N.W. Washington, D.C. 20530 (202) 514-3847

2. United States Attorney's Office for the Northern District of Oklahoma
   110 W. 7th Street, Suite 300 Tulsa, OK 74119 (918) 382-2700

3. Office of the Inspector General, U.S. Department of Justice
   950 Pennsylvania Avenue, NW Washington, DC 20530-0001

without prejudice
linh-tran: stephens/Agent
WITHOUT RECOURSE
By: Linh-Tran: of the family Stephens/Agent