# 𝔘nited 𝔖tates 𝔇istrict 𝔠ourt
## for the 𝔑orthern 𝔇istrict of 𝔒klahoma

---

Case No. 24-cv-216-JDR-CDL

---

Linh Tran Stephens,

*Plaintiff,*

*versus*

Child Support Services of Oklahoma Department of Human Services; Charles Schwab and Co., Inc.; Cierra Freeman, *individually and in her official capacity as court-appointed attorney for child-support enforcement*; Mary Johnmeyer, *individually and in her official capacity as legal counsel of Charles Schwab and Co., Inc.*; Renee Banks, *individually and in her official capacity as Director of Child Support Services of Oklahoma Department of Human Services*; Jason Hoenshell, *individually and in his official capacity as Oklahoma FDIM Coordinator*; Emmalene Stringer, *individually and in her official capacity as attorney for Child Support Services of Oklahoma Department of Human Services*; John Does 1-10, *employees of Child Support Services of Oklahoma Department of Human Services*; John Does 11-20, *employees of Charles Schwab and Co., Inc.*,

*Defendants.*

---

## OPINION AND ORDER

---

In February 2024, the District Court in and for Tulsa County ordered Plaintiff Linh Tran Stephens to pay $61,794.52 in past-due support to her ex-husband, the primary custodian of their minor child. Attempting to collect the arrearage, Defendant Oklahoma Child Support Services levied Ms. Stephens's account with Defendant Charles Schwab and Co., Inc. Ms. Stephens sued CSS, Charles Schwab, and their respective employees for violating the Fair Debt Collection Practices Act, committing fraud, participating in a

Case No. 24-cv-216

conspiracy to violate Ms. Stephens's rights, violating and depriving Ms. Stephens of her civil rights under color of state law, fraudulently obtaining confidential financial records, abusing the legal process, engaging in malicious prosecution and harassment, intentionally inflicting emotional distress on Ms. Stephens, misappropriating state funds, participating in extortion and abusive debt-collection practices, and defamation. Dkt. 2. Charles Schwab, CSS, and the individual defendants have filed motions to dismiss Ms. Stephens's complaint. The Court grants the parties' motions.

## I[1]

Plaintiff Linh Tran Stephens is a Vietnamese citizen who resided in Tulsa, Oklahoma and has been engaged in a long custody dispute with her ex-husband, Adam Stephens. Ms. Stephens filed a petition for divorce in Tulsa County District Court in August 2015. While that action was pending, Mr. Stephens filed a petition for divorce in Columbia County, Oregon, which Ms. Stephens had executed. In January 2016, the Oregon court entered an order dissolving the marriage and requiring Ms. Stephens to pay child support for their then-two-year-old child and assume certain marital debts.[2]

In May 2017, Ms. Stephens asked the Tulsa court to set aside the Oregon order, arguing that the Oregon court lacked jurisdiction over the parties, child, and subject matter, and that the order did not represent the parties' intentions as to custody and visitation. By July 11, 2017, however, Mr. and Mrs. Stephens agreed to register the Oregon order with the Tulsa court, which confirmed the Oregon order.

---

[1] The following information was obtained by reference to the publicly filed documents in *Stephens v. Stephens*, Case No. FD-2015-2228 and Appeal No. DF-122022. The Court may, in its discretion, take judicial notice of the publicly filed records in those proceedings insofar as they bear on the disposition of this matter. *United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007).

[2] The minor child was born in July 2013.

Case No. 24-cv-216

Since July 2017, the Tulsa court has overseen proceedings pertaining to the care and custody of Mr. and Ms. Stephens's minor child. *See Stephens v. Stephens*, Case No. FD-2015-2228. During those proceedings, Ms. Stephens affirmatively requested relief from the Tulsa court, seeking, among other things: an interim custody order (July 2017); appointment of a guardian ad litem (March 2018); appointment of a parenting coordinator (September 2018); appointment of a custody evaluator (January 2019); disclosure of safety records (June 2020); an order holding Mr. Stephens in contempt (July 2020); and an order requiring reenrollment in school (May 2022).

The Tulsa court awarded emergency physical custody of the minor child to Mr. Stephens in June 2022 and adjusted Ms. Stephens's child support obligations in October of that same year. In February 2024, the Tulsa court again modified Ms. Stephens's obligations, ordering her to (1) make monthly child-support payments of $1,180.12, (2) pay a percentage of various costs and expenses associated with the child's care, and (3) pay $61,794.52 in past-due support. *Id.*[3]

After the Court entered its order, CSS began collection efforts with respect to the $61,794.52 arrearage and levied Ms. Stephens's retirement account with Charles Schwab. Charles Schwab notified Ms. Stephens of the levy, and informed Ms. Stephens that it was obligated to comply with CSS's demands unless it received a release. When it did not receive a release, it sold securities held in Ms. Stephens's account to satisfy the levy.

Ms. Stephens has engaged in a multi-pronged attack on the Tulsa court's order and the levy that was issued in response to it. In addition to directly appealing the Tulsa court's order, Ms. Stephens: sent an email insisting that the original, unmodified Oregon order remains binding, and

---

[3] The order was affirmed on appeal. Ms. Stephens has filed a petition for certiorari, which is currently pending before the Oklahoma Supreme Court.

Case No. 24-cv-216

threatening to sue those who participated in the Tulsa proceedings; sought the recusal of Judge Ludi-Leitch and Judge April Seibert and demanded review of the CSS levy and the award of child support; and filed a civil action in Tulsa County District Court challenging the Tulsa court's order and the levy issued by CSS.[4] In addition, she sued CSS, Charles Schwab, CSS employees Cierra Freeman, Renee Banks, Jason Hoenshell, Emmalene Stringer, and Charles Schwab employee Mary Johnmeyer in this Court for violations of various federal laws. *See* Dkt. 2.

Each of the named and served Defendants have moved to dismiss this action. Ms. Freeman argues that Ms. Stephens has failed to state a claim against her and seeks dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 15. Defendants Charles Schwab and Mary Johnmeyer argue that the Court should abstain from exercising jurisdiction over this case under *Younger v. Harris*, 401 U.S. 37 (1971) and, in the alternative, seek dismissal for failure to state a claim for relief under Rule 12(b)(6). Dkt. 20. The remaining defendants argue that Ms. Stephens's claims against them should be dismissed on sovereign immunity grounds; that the Court should decline to hear Ms. Stephens's claims under the *Rooker-Feldman* doctrine and *Younger v. Harris*; and that Ms. Stephens has failed to state a claim against them. Dkts. 24, 25, 35, 37. These motions are fully briefed and ripe for review.[5]

---

[4] The allegations in that case, *Stephens v. Oklahoma*, No. CV-2024-01311, are similar but not identical to the allegations in Ms. Stephens's federal-court complaint.

[5] Ms. Stephens has filed multiple documents that are not expressly permitted under this Court's local rules, including a response to two reply briefs [Dkt. 44] and a notice of criminal complaint [Dkt. 50]. Although some of the defendants have asked the Court to strike these documents [Dkts. 45, 46, 52], the Court, in its discretion and in view of Ms. Stephens's pro se status, will consider them for purposes of this order. The motions to strike are denied.

Case No. 24-cv-216

## II

Defendant CSS and its employees Emmalene Stringer, Renee Banks, and Jason Hoenshell[6] argue that this Court lacks subject matter jurisdiction over Ms. Stephens's claims against them because (a) CSS, a branch of the State of Oklahoma, is immune from suit under the Eleventh Amendment, and (b) this immunity extends to Ms. Stephens's claims against the State's employees, at least to the extent that Ms. Stephens is seeking monetary relief from them in their official capacities.[7] When reviewing this jurisdictional challenge under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the Court has broad discretion to consider records, affidavits, and other documents necessary to resolve disputed jurisdictional facts. *See Wheeler v. Hurdman*, 825 F.2d 257, 259 n.5 (10th Cir. 1987). In this case, however, the question of the state defendants' immunity can be resolved from the pleadings alone.

The Court begins with Ms. Stephens's claims against CSS, a branch of the Oklahoma Department of Human Services. The Eleventh Amendment

---

[6] Although Ms. Freeman is sued "individually and in her official capacity as court-appointed attorney for child-support enforcement," she does not join the state employees in asserting a sovereign immunity defense. Dkt. 15. This failure does not necessarily preclude the Court from finding that Eleventh Amendment immunity applies. *See V-1 Oil Co. v. Utah State Dep't of Pub. Safety*, 131 F.3d 1415, 1421-22 (10th Cir. 1997) (concluding that Utah had not waived its sovereign immunity even though the defendants had "appeared throughout [the] action without invoking Eleventh Amendment immunity"). At this point, however, the Court lacks sufficient information regarding the nature of Ms. Freeman's position and the claims against her to determine whether immunity applies.

[7] To the extent Ms. Stephens is asserting claims against Ms. Stringer, Ms. Banks, and Mr. Hoenshell individually, those claims are not barred by the Eleventh Amendment. *Cornforth v. Univ. of Oklahoma Bd. of Regents*, 263 F.3d 1129, 1132 (10th Cir. 2001). And Ms. Stephens's claims seeking injunctive relief against state employees in their official capacities will survive an Eleventh Amendment challenge. *See Elephant Butte Irrigation Dist. of N.M. v. Dep't of the Interior*, 160 F.3d 602, 607–08 (10th Cir. 1998) (recognizing that the *Ex parte Young* doctrine permits plaintiffs to bring actions for injunctive relief against state officials under certain circumstances). Only the claims seeking damages from Ms. Stringer, Ms. Banks, and Mr. Hoenshell in their official capacities are resolved on immunity grounds.

Case No. 24-cv-216

precludes this Court from adjudicating suits brought against sovereign states or branches of the state. U.S. Const. Amend. XI. *See Pettigrew v. Oklahoma*, 722 F.3d 1209, 1212 (10th Cir. 2013) (holding that the Oklahoma Department of Public Safety was an "an arm of the State of Oklahoma and therefore . . . treated as the state for purposes of sovereign immunity and the Eleventh Amendment"). That jurisdictional bar, which applies to suits brought by foreign citizens such as Ms. Stephens, can be overcome only in two circumstances. *See Port Auth. Trans-Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990). First, a state may waive its sovereign immunity by, for example, consenting to suit; second, Congress may expressly abrogate the immunity afforded by the Eleventh Amendment. *See id.*; *Ellis v. Univ. of Kansas Med. Ctr.*, 163 F.3d 1186, 1195 (10th Cir. 1998).

There is nothing to support or suggest that Oklahoma waived or consented to jurisdiction in this case. CSS specifically invoked its sovereign immunity defense [Dkt. 24], and there is no evidence or allegation that CSS engaged in conduct unequivocally demonstrating an intent to waive that immunity and consent to being sued in federal court. *See Feeney*, 495 U.S. at 305-06 (recognizing that courts will only give effect to a state's waiver when the state demonstrates its intent to subject itself to suit in federal court (citations omitted)). *Cf. Sutton v. Utah State Sch. for Deaf & Blind*, 173 F.3d 1226, 1233 (10th Cir. 1999) (noting that states may waive immunity in their constitution or statutes, as well as by participating in certain federal programs). To the contrary, federal courts have routinely held that Oklahoma and its agencies—including the Oklahoma Department of Human Services—are generally entitled to invoke Eleventh Amendment immunity, as CSS did here. *See Just. v. Oklahoma Dep't of Hum. Servs. Child Welfare*, 122 F. App'x 938, 940 (10th Cir. 2004) (holding that the lawsuit against OKDHS was "clearly precluded" because Congress had not abrogated, and Oklahoma had not waived, Oklahoma's right to sovereign immunity); *Richter v. Nelson*, No. 4:20-cv-00167-CRK-CDL, 2022 WL 3104974, at *2 (N.D. Okla. Aug. 4, 2022) (collecting

Case No. 24-cv-216

cases supporting the proposition that OKDHS "is protected from suit" unless it expressly waives immunity).

There has also been no showing that Congress abrogated the states' Eleventh Amendment immunity with respect to any of the claims asserted in this case. Neither the FDCPA (claim 2) nor RICO (claim 4) contains express limitations on state sovereign immunity. *See Allen v. U.S. Dep't of Educ.*, 755 F. Supp. 2d 122, 124 (D.D.C. 2010) (concluding that "Congress did not waive sovereign immunity by enacting the FDCPA"); *see also Turlington v. Connor*, No. 21-cv-0142-CVE-CDL, 2021 WL 6051067, at *4 (N.D. Okla. Dec. 21, 2021), *aff'd*, No. 22-5001, 2022 WL 4857025 (10th Cir. Oct. 4, 2022). And the Supreme Court has held that § 1983 (claims 5 & 6) does not abrogate the States' Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 340-41 (1979). With respect to the claims for violations of Title 18 of the United States Code (claims 3, 6, 8, 9 & 10), there has been no showing that Congress has authorized suits to proceed against states for violations of those criminal provisions.[8] And Ms. Stephens has not pointed to any authority demonstrating an express abrogation of sovereign immunity with respect to any of Ms. Stephens's remaining claims (claims 1, 7, 8 & 11). Because there is no evidence of either waiver or express abrogation of the Eleventh Amendment's protections, the Court must conclude that the Eleventh Amendment bars Ms. Stephens's claims against CSS. Those claims are dismissed with prejudice.

A subset of Ms. Stephens's official-capacity claims for damages against Emmalene Stringer, Renee Banks, and Jason Hoenshell are barred for the same reasons. Suits against state employees in their official capacities

---

[8] Indeed, Ms. Stephens has not provided any support for the proposition that *any* defendant may be sued for alleged violations of those provisions. *See Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (affirming dismissal of claims concerning "criminal statutes that do not provide for a private right of action and are thus not enforceable through a civil action"); *see also* 18 U.S.C. §§ 242, 641, 643-44, 648-53, 912, 1201 & 2340.

Case No. 24-cv-216

operate as suits against the state itself. *Whitney v. State of N.M.*, 113 F.3d 1170, 1173 (10th Cir. 1997) (recognizing that "a suit against an individual in his official capacity is, in reality, a suit against the agency which the individual represents"). Thus, the Eleventh Amendment bar "remains in effect when State officials are sued for damages in their official capacity." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Because Ms. Stephens cannot proceed against CSS on any of her claims, her official-capacity claims for damages against Ms. Banks, Mr. Hoenshell, and Ms. Stringer are likewise barred by the Eleventh Amendment. *Id.* Those claims are dismissed with prejudice.

III

The Court next considers whether Ms. Stephens's remaining claims—her claims against Emmalene Stringer, Renee Banks, and Jason Hoenshell in their individual capacities, her claims seeking equitable relief against those same individuals in their official capacities, and her claims against Charles Schwab, Ms. Freeman, and Ms. Johnmeyer—are barred by the *Younger* abstention doctrine,[9] which recognizes that principles of equity and comity require federal courts to refrain from exercising federal jurisdiction over certain cases when doing so would cause undue interference in ongoing state-court proceedings. *See Younger v. Harris*, 401 U.S. 37, 41 (1971). *See Morrow v. Winslow*, 94 F.3d 1386, 1392 (10th Cir. 1996) (discussing *Younger* and its application in civil proceedings).

Although this abstention doctrine is mandatory, its applicability is circumscribed. "[T]he possibility of *Younger* abstention is triggered *only when* the state proceeding falls into one of the following categories: '(1) state

---

[9] Although Ms. Freeman did not invoke *Younger* abstention as a basis for dismissal, the Court may raise the abstention issue sua sponte. *See Morrow v. Winslow*, 94 F.3d 1386, 1391 (10th Cir. 1996) (recognizing federal courts' power to refrain from resolving disputes in a manner that would interfere with state-court proceedings). It would make little sense to consider the propriety of addressing Ms. Stephens's claims against all defendants save one. Accordingly, the Court will evaluate whether it should abstain from resolving the claims against Ms. Freeman together with the remaining claims.

Case No. 24-cv-216

criminal prosecutions, (2) civil enforcement proceedings [that take on a quasi-criminal shape], and (3) civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial function.'" *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*, 98 F.4th 1307, 1317 (10th Cir. 2024) (alteration in original) (quoting *Graff v. Aberdeen Enterprizes, II, Inc.*, 65 F.4th 500, 522 (10th Cir. 2023)). *See also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 79 (2013). A court may evaluate the propriety of abstaining if—and only if—a case falls within one of these three enumerated categories. *Travelers Cas. Ins.*, 98 F.4th at 1317.

This case passes threshold inquiry of *Travelers Casualty* because it involves "orders that are uniquely in furtherance of the [Oklahoma] courts' ability to perform their judicial function." *Id.* (citation and quotation marks omitted). Although Ms. Stephens does not directly challenge any state-court orders pertaining to divorce in her motion, she does contest the seizure of funds to pay a child-support award and she disputes the power and authority of those involved in the state-court proceedings. And in her recent filings, Ms. Stephens makes clear that she is asking this Court to directly intervene in state-court proceedings. *See* Dkts. 58, 60 (asking the Court to dismiss the state-court actions and stay enforcement of state child-support orders). Because these claims arise out of, relate to, and exist only as a result of the state-court proceedings, the Court finds that they involve orders that are "uniquely in furtherance" of the Oklahoma state courts' ability to perform the important, state-specific function of addressing family and custody disputes. *Travelers Cas. Ins.*, 98 F.4th at 1317 (citation and quotation marks omitted). *See Gibson v. Lopez*, No. 21-cv-02610-WJM-NYW, 2022 WL 2158986, at *5, *6 (D. Colo. June 15, 2022) (concluding that the plaintiff's challenge to the "state's efforts to collect child support payments from him" fell within the third category of exceptional cases). It is therefore appropriate for this Court to consider whether it must abstain from exercising jurisdiction under *Younger*.

Case No. 24-cv-216

Courts utilize a three-part inquiry when evaluating the propriety of abstaining under the *Younger* abstention doctrine: A court "must abstain from exercising jurisdiction when: (1) there is an ongoing state . . . proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies." *Chapman v. Barcus*, 372 F. App'x 899, 901 (10th Cir. 2010) (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)). If these factors weigh in favor of abstention, the federal court must dismiss any claims for injunctive and declaratory relief without prejudice, while staying claims for monetary damages. *Id.* at 902.[10]

The three requirements for *Younger* abstention are satisfied in this case. First, there can be no dispute that Ms. Stephens seeks relief from an active, ongoing state action. Ms. Stephens has pending appeals in the divorce proceeding in which the child-support award was issued, and the Tulsa court will continue to exercise jurisdiction over the domestic relationships in that case during the years to come. *Gibson*, 2022 WL 2158986, at *5, *6 (holding that the plaintiff's efforts to challenge child-support collections were borne out of an ongoing domestic-relations dispute).[11]

---

[10] In *Chapman*, the Tenth Circuit indicated that district courts abstaining from the exercise of jurisdiction under *Younger* should dismiss without prejudice any claims for injunctive or declaratory relief while staying any claims for damages. *Chapman*, 372 F. App'x at 902 (remanding with instructions to stay proceedings on the claims for damages while dismissing the remaining claims). *See also D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004) (recognizing that the "rationale for *Younger* abstention can be satisfied . . . by just staying proceedings on the federal damages claim until the state proceeding is final").

[11] *See also Wiland v. Stitt*, No. 24-cv-00443-GKF, 2024 WL 4271570, at *2–*3 (N.D. Okla. Sept. 23, 2024) (dismissing challenge to child-custody award where the state-court case concerning the minor children remained open).

Case No. 24-cv-216

The second requirement—the adequacy of the state forum—is likewise satisfied. "American jurisprudence is unwavering in holding that domestic matters are the purview of state courts, and federal courts do not attend matters of domestic relations outside of extraordinary circumstances." *Wiland*, 2024 WL 4271570, at *2. Claims concerning child custody, such as Ms. Stephens's, are "best left to their traditional forum where there is the infrastructure to handle them: state court." *Id.*; *see Gibson*, 2022 WL 2158986, at *6 (concluding that the second factor was met because the challenge regarding child-support collections implicated important state interests).

Third, and finally, the Tulsa court is an adequate, appropriate forum where claims concerning the propriety and collectability of child-support awards can, and should, be addressed—a finding corroborated by Ms. Stephens's ongoing attempts to have her concerns addressed there. *Gibson*, 2022 WL 2158986, at *6 (concluding the state-court forum was adequate based, in part, on the plaintiff's decision to raise issues related to his support obligations in that forum); *Wiland*, 2024 WL 4271570, at *2 (concluding that the second and third *Younger* factors are congruent, and that the third factor clearly favored abstention because legal proceedings involving child custody are "textbook issues for state courts").

The Court concludes that all of the *Younger* factors weigh in favor of abstention. As a result, abstention is mandatory, and the Court dismisses Ms. Stephens's claims for equitable and declaratory relief against the individual defendants and Charles Schwab without prejudice.[12]

---

[12] Some of the defendants argue, in the alternative, that abstention is proper under the *Rooker-Feldman* doctrine. But that doctrine applies only to cases brought after state-court proceedings have ended. *See Guttman v. Khalsa*, 446 F.3d 1027, 1032 (10th Cir. 2006). Ms. Stephens has appealed the child-support award, and that appeal remains pending. Thus, *Rooker-Feldman* abstention is not appropriate in this case.

Case No. 24-cv-216

IV

Ordinarily, the Court would stay the only remaining claims—Ms. Stephens's claims for damages against Charles Schwab and the individual defendants—under *Younger*. But every defendant has argued that Ms. Stephens's complaint fails to state a claim for relief and should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court agrees and dismisses the remaining claims.

To survive a motion to dismiss, a plaintiff must allege sufficient factual matter to state a facially plausible claim for relief and "nudge[] their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Ms. Stephens appears pro se, the Court construes her pleadings liberally; if the Court can reasonably read her complaint to state a valid claim, it should do so. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But it is not this Court's role to act as Ms. Stephens's advocate. *Id.* The burden of setting forth sufficient facts to state a claim against each defendant and providing the defendants with notice of the theories under which those claims are made remains, at all times, with Ms. Stephens. *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008).

The Court concludes that Ms. Stephens has failed to state a claim for relief against Charles Schwab and the individual defendants. As a preliminary matter, Ms. Stephens's complaint lacks details concerning the actions (or inactions) of each specific defendant. The complaint contains few allegations describing what each defendant did—or did not do. *See* Dkt. 2 at ¶ 39 (indicating that Ms. Banks, Mr. Hoenshell, Ms. Stringer, and Ms. Johnmeyer ignored notices); *id.* at ¶ 21, (identifying Ms. Freeman without setting forth any conduct attributable to her). The complaint provides some specifics with respect to Mr. Hoenshell (who issued a liquidation request without notifying Ms. Stephens) and Ms. Stringer (who failed to return a form and inform Ms. Stephens of a decision), but it fails to link these actions to any of the twelve

Case No. 24-cv-216

claims asserted by Ms. Stephens. *Id.* at ¶¶ 33, 37, 39, 49. With respect to Charles Schwab, the complaint alleges only that it notified Ms. Stephens of the levy, responded to her inquiries, and advised of its obligation to comply with the levy request. *Id.* at ¶¶ 27-31, 34, 39. The complaint fails to provide specific factual allegations of misconduct, fails to link the actions of each defendant to Ms. Stephens's claims, fails to establish which claims are being asserted against which defendants, and fails to show how any defendant participated in any of the alleged violations of either Ms. Stephens's rights or federal law. Based on these failures, dismissal is warranted. *See Reinhardt v. City of Krebs, Oklahoma*, No. 15-cv-330-JHP, 2016 WL 4916801, at *4-*5 (E.D. Okla. Sept. 14, 2016) (granting motion to dismiss where the pro se plaintiff's complaint was vague, conclusory, and unsupported by factual allegations concerning who did what to whom).

The Court's dismissal of Ms. Stephens's claims under Rule 12(b)(6) would ordinarily be without prejudice. In this case, however, a subset of Ms. Stephens's claims are legally barred: There has been no showing that Congress has authorized civil suits for violations of any of the federal criminal laws identified in the complaint. *See Andrews*, 483 F.3d at 1076 (affirming dismissal of claims concerning "criminal statutes that do not provide for a private right of action and are thus not enforceable through a civil action"). And it does not appear that those criminal laws expressly authorize the relief Ms. Stephens is seeking here. *See* 18 U.S.C. §§ 242, 641, 643-44, 648-53, 912, 1201 & 2340. Absent any indication that Congress intended to create civil causes of action for violations of these federal laws, dismissal with prejudice is warranted. To the extent Ms. Stephens is attempting to bring a civil action for violation of those statutes, her claims are dismissed with prejudice.

Case No. 24-cv-216

V

In conclusion, the Court holds as follows:

(1) The motions to strike Ms. Stephens's supplemental documents [Dkts. 45, 46, 52] are denied;

(2) Ms. Freeman's motion to dismiss [Dkt. 15] is granted. Ms. Stephens's claims seeking equitable and declaratory relief against Ms. Freeman are dismissed without prejudice under *Younger*. Her claims for violations of 18 U.S.C. §§ 242, 641, 643-44, 648-53, 912, 1201 & 2340 are dismissed with prejudice. All remaining claims are dismissed without prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

(3) The motion to dismiss filed by Charles Schwab and Ms. Johnmeyer [Dkt. 20] is granted. Ms. Stephens's claims seeking equitable and declaratory relief against these defendants are dismissed without prejudice under *Younger*. Her claims for violations of 18 U.S.C. §§ 242, 641, 643-44, 648-53, 912, 1201 & 2340 are dismissed with prejudice. All remaining claims are dismissed without prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

(4) CSS's motion to dismiss [Dkt. 24] is granted. CSS is immune from suit under the Eleventh Amendment, and Ms. Stephens's claims against CSS are dismissed with prejudice.

(5) The motions to dismiss filed by Ms. Stringer [Dkt. 25], Ms. Banks [Dkt. 35] and Mr. Hoenshell [Dkt. 37] are granted. To the extent Ms. Stephens seeks damages against these individuals in their official capacities or asserts claims for violating 18 U.S.C. §§ 242, 641, 643-44, 648-53, 912, 1201 & 2340, those claims are dismissed with prejudice. Ms. Stephens's claims seeking equitable and declaratory relief against these defendants are dismissed without prejudice under *Younger*. All remaining claims are dismissed without prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

14

Case No. 24-cv-216

(6) All remaining pending motions [Dkts. 54, 56, 58, 60] are denied as
    moot.


DATED this 24th day of April 2025.


JOHN D. RUSSELL
*United States District Judge*